Richard M. Pachulski (CA Bar No. 90073)
Ira D. Kharasch (CA Bar No. 109084)
Robert M. Saunders (CA Bar No. 226172)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:  rpachulski@pszjlaw.com
        ikharasch@pszjlaw.com
        rsaunders@pszjlaw.com

[Proposed] Attorneys for Eagan Avenatti LLP,
Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| In re:<br><br>EAGAN AVENATTI LLP,<br><br>                    Debtor. | Case No.: 8:17-bk-11961-CB<br><br>Chapter 11<br><br>**APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS GENERAL BANKRUPTCY COUNSEL EFFECTIVE AS OF MAY 12, 2017**<br><br>[Declaration of Robert M. Saunders filed concurrently herewith]<br><br>[NO HEARING REQUIRED UNLESS REQUESTED PER L.B.R. 2014-1(b)] |
|---|---|

DOCS_LA:305908.6 20328/001

**TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER PARTIES IN INTEREST:**

Eagan Avenatti LLP, debtor and debtor in possession herein (the "Debtor"), hereby files this application (the "Application") to employ Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm"), whose business offices are located at 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067, as Debtor's general bankruptcy counsel, effective as of May 12, 2017. This Application is brought pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rule 2014 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 2014-1. In support of the Application, the Debtor respectfully represents as follows:

## I.

## INTRODUCTION

The Debtor is a law firm that represents plaintiffs in complex class action and contingency fee litigation. It had been represented by a Baker Hostetler's Orlando office in this transferred involuntary case, which was previously pending in the Middle District of Florida. The Firm has helped the Debtor at a critical time in its transition to this Court, with no duplication of the work of Florida counsel; it, therefore, requests that this Court approve this application as of May 12, 2017.

## II.

## STATEMENT OF JURISDICTION AND VENUE

The case began on March 1, 2017 with the filing of an involuntary chapter 11 petition (the "Involuntary Petition") by a single creditor in the United States Bankruptcy Court for the Middle District of Florida (the "Florida Bankruptcy Court"). As stated above, in the involuntary case, the Debtor was represented by BakerHostetler's Orlando office.

The Debtor consented to entry of an order for relief, which the Florida Bankruptcy Court entered on March 10, 2017. On April 13, 2017, the Office of United States Trustee ("US Trustee") in Orlando filed its motion to transfer this case to this Court or dismiss it. By its *Order Transferring Case to the Central District of California, Santa Ana Division*, entered on April 21, 2017, the Florida

2

DOCS_LA:305908.6 20328/001

Bankruptcy Court transferred this case to this Court.

The case was then in limbo for nearly three weeks, when the Clerk of this Court opened case no. 8:17-bk-11878-CB on May 10; however, the Clerk's office then closed the case the next day (May 11) as a "duplicate case opened in error." The case then returned to limbo for almost another week, not resurfacing until May 16, 2017, when the Clerk of this Court issued a Notice of Transfer of Case (Inter/Intra District Transfer), and assigned new case number 8:17-bk-1191-CB.

As stated above, on May 24, 2017, the Debtor filed a *Substitution of Attorney* [Docket No. 80], substituting PSZJ in place of the Debtor's Florida counsel Baker & Hostetler as general bankruptcy counsel for the Debtor in the Case.

The Debtor continues to operate its business and manage its affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed in this Case. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.

## **STATEMENT OF FACTS**

### A. **Background**

1.  The Debtor is an Orange County, California-based law firm that focuses on the litigation of complex, often high-profile class action and contingency fee lawsuits nationally. By their nature, these lawsuits do not pay out until litigation is concluded or settled, which often takes several years during which the Debtor routinely invests substantial dollars in investigating claims, conducting discovery, hiring experts and preparing for trial. Therefore, the Debtor typically has outstanding obligations to trade and other creditors who have assisted the Debtor in preparing cases for trial. The Debtor plans to resolves all claims against it by direct negotiations, in its claims reconciliation and objection process or in a chapter 11 plan.

3

DOCS_LA:305908.6 20328/001

## IV.

## THE COURT SHOULD AUTHORIZE THE DEBTOR

## TO EMPLOY THE FIRM AS ITS GENERAL BANKRUPTCY COUNSEL

### A. The Qualifications of the Firm

The Debtor seeks Court approval to retain the Firm, effective as of May 12, 2017, at the expense of the Debtor's bankruptcy estate (the "Estate"), to provide legal services that will be required to prosecute this chapter 11 case (the "Case").  The Debtor desires to retain the Firm because of its particular expertise in the areas of insolvency, business reorganization, and other debtor/creditor matters.  The Firm has served as general bankruptcy counsel to debtors in numerous chapter 11 cases within this District and throughout the United States.  In addition, the Firm has served as counsel to unsecured creditors' committees in numerous chapter 11 cases.  The Firm also has extensive experience in representing trustees, individual creditors, special interest committees, asset purchasers, and investors in both in- and out-of-court restructurings.

Copies of the resumes of the Firm's attorneys expected to provide services in this matter are attached to the *Declaration of Robert M. Saunders* (the "Saunders Declaration") filed concurrently herewith.  The Firm's depth of experience in bankruptcy matters makes it particularly qualified to represent the Debtor.  Therefore, the Debtor believes that the Firm's retention is in the best interest of the Estate.  More information about the Firm generally and its experience as counsel to chapter 11 debtors is available on its website at www.pszjlaw.com.

### B. The Legal Services to be Provided by the Firm for the Debtor

The Firm's services for the Debtor are necessary to enable the Debtor to execute its duties as debtor in possession.  Subject to further order of this Court, and without being exclusive, the Firm proposes to render the following types of legal services to the Debtor:

- Advise the Debtor regarding the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules, and the requirements of the U.S. Trustee pertaining to the administration of the Debtor's Estate;

- Advise and represent the Debtor concerning the rights and remedies of the Estate in regards to the assets of the Estate;

- Prepare, among other things, motions, applications, answers, orders, memoranda, reports, and papers in connection with the administration of the Estate;

DOCS_LA:305908.6 20328/001

- Protect and preserve the Estate by prosecuting and defending actions commenced by or against the Debtor;

- Analyze, and prepare necessary objections to proofs of claim filed against the Estate;

- Conduct examinations of witnesses, claimants, or adverse parties;

- Represent the Debtor in any proceeding or hearing in the Bankruptcy Court;

- Advise and represent the Debtor in the negotiation, formulation, and drafting of any plan of reorganization and disclosure statement;

- Advise and represent the Debtor in connection with investigation of potential causes of action against persons or entities, including, but not limited to, avoidance actions, and the litigation thereof, if warranted; and

- Render such other advice and services as the Debtor may require in connection with the Case.

### C. Compensation of the Firm by the Debtor and Other Disclosures

The Firm has received no payments from the Debtor during the year prior to the Petition Date. There are no arrangements between the Firm and any other entity for the sharing of compensation received or to be received in connection with the Case, except insofar as such compensation may be shared among the partners, counsel, and associates of the Firm. The Firm reserves the right to seek compensation in accordance with applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

The Firm understands that the Debtor may retain additional professionals during the term of the engagement. The Firm may have worked with such professionals in the past and agrees to work cooperatively with such professionals on this Case to integrate any respective work conducted by the professionals on behalf of the Debtor. The Firm has assured the Debtor that it will work closely with each of these firms to take care not to duplicate efforts in this Case.

### D. Disinterestedness of the Firm

To the best of the Debtor's knowledge and based upon the Saunders Declaration, neither the Firm nor any of its partners, of counsel, or associates has any connection with the Debtor, any creditors of the Estate, any party in interest, their respective attorneys or accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except to the

5

DOCS_LA:305908.6 20328/001

extent set forth in the Saunders Declaration.

To the best of the Debtor's knowledge and based upon the Saunders Declaration, neither the Firm nor any of its partners, of counsel, or associates is a creditor, equity security holder, or an "insider" of the Debtor as that term is defined in section 101(31) of the Bankruptcy Code.

To the best of the Debtor's knowledge and based upon the Saunders Declaration, neither the Firm nor any of its partners, of counsel, or associates is or was, within two years before the date of the entry of the Order for Relief, a director, officer, or employee of the Debtor.

To the best of the Debtor's knowledge, the Firm is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and the Firm does not hold any interest adverse to the Estate. The Firm has conducted an extensive conflicts check relating to its proposed retention as counsel for the Debtor, including the Debtor and its lenders, professionals and over 45 of its creditors and current or former creditors. As stated in the Saunders Declaration, given the Firm's extensive experience representing various parties in interest in bankruptcy proceedings throughout the United States, the Firm may have represented creditors' committees in other cases in which the members of such committees or their constituencies have included creditors and current or former creditors of the Debtor.

Out of an abundance of caution, the Firm discloses the following. In early March 2017, Jeremy V. Richards, a partner in the Firm, was approached by attorney Eric George of the law firm Browne George Ross LLP, who referred Jason Frank to Mr. Richards as a potential client of the Firm. At that time, no bankruptcy had been filed against the Debtor and Mr. Richards advised that it was likely premature for the Firm to get involved. Subsequently, the involuntary proceeding was filed in Florida and Mr. Frank then directly approached Mr. Richards about the Firm representing him. Instead, Mr. Richards referred Mr. Frank to the Berger Singerman law firm in Florida, which subsequently represented Mr. Frank in the Florida matter. In around mid-April, Ilyse Homer of Berger Singerman advised Mr. Richards that the involuntary proceeding (in which an order for relief had now been entered) was likely to be transferred to California. On April 17, 2017 Mr. Richards promptly advised Ms. Homer that the Firm had been approached by another potential client for representation regarding the Debtor's chapter 11 case, and that he did not have approval from the

6

DOCS_LA:305908.6 20328/001

Firm's Management Committee to represent Frank. Mr. Richards also told Frank's counsel that he would not speak with Frank in order to avoid receiving any confidential information. Mr. Richards made a similar statement directly to Frank after Frank emailed him on April 21. After Mr. Richards's reply to Frank, Mr. Richards sent an email to Homer making a similar statement, repeating to her that he did not have the Firm's Management Committee's approval to represent Frank and that he had told Frank not to share any confidential information with him. Later that day (April 21), Frank emailed Mr. Richards again asking to schedule a call. Mr. Richards declined, stating that before he would have a call with Frank he needed to obtain direction from the Firm's Management Committee. Frank replied "No problem. I will wait to hear from you." On April 25, Mr. Richards told Frank that the Management Committee did not want the Firm to represent Mr. Frank, and offered to make a referral to other counsel. At Mr. Frank's urging, Mr. Richards did have a call with Mr. Frank but only to discuss other possible law firms to represent him. At no time did Mr. Richards or the Firm represent Frank or his firm, nor, to the best of his knowledge, did Mr. Richards receive any confidential information from Frank or his counsel.

Notwithstanding the foregoing, the Debtor does not believe that any of the relationships described herein will in any way impair the Firm's independence or ability to objectively perform services for the Debtor. The Debtor is informed and believes that the Firm has conducted an extensive conflict check within the Firm's database and, thus far, the Firm has not encountered any creditors of the Debtor in which an actual conflict exists between the Firm and such creditors. If, at any subsequent time during the course of this proceeding, the Firm learns of any other representation which may give rise to a conflict, the Firm will promptly file with the Court and the Office of the United States Trustee an amended declaration identifying and specifying such involvement.

**E.    Proposed Hourly Rates and Expenses**

Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the United States Trustee Guidelines, and this Court's rules, the Debtor proposes to pay the Firm its customary hourly rates in effect from time to time and to reimburse the Firm according to its customary reimbursement policies. The attorneys currently expected to be principally responsible for the Case, and their respective hourly rates effective as of January 1,

7

DOCS_LA:305908.6 20328/001

2017, are as follows: Richard M. Pachulski - $1,195, Ira D. Kharasch - $1,025 and Robert M. Saunders - $725. The hourly rate for the paralegal assigned to the Case, Beth Dassa, is $350. The hourly rates of all of the Firm's attorneys and paraprofessionals are available upon request.

It is contemplated that the Firm will seek interim compensation during the Case as permitted by sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016. The Firm understands that its compensation in the Case is subject to the prior approval of this Court. No compensation will be paid except upon application to and approval by this Court after notice and a hearing in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

**F.     Notice**

Pursuant to Local Bankruptcy Rule 2014-1(b), a hearing is not required in connection with the Application unless requested by the United States Trustee, a party in interest, or otherwise ordered by the Court. Pursuant to Local Bankruptcy Rule 2014-1(b)(3), any response to the Application and request for hearing must be in the form prescribed by Local Bankruptcy Rule 9013-1(f) and must be filed with the Court and served upon the Debtor, its proposed counsel, and the United States Trustee no later than fourteen (14) days from the date of service of notice of the filing of this Application.

Notice of the filing of this Application was provided, in the form attached hereto as **Exhibit "A,"** to the creditors holding the twenty largest unsecured claims, the Office of the United States Trustee, and any party who filed and served a request for special notice as of the date of service of the Notice.

**WHEREFORE**, the Debtor requests that this Court approve the employment of the Firm as general bankruptcy counsel, as of May 12, 2017, to render services as described above, with compensation to be paid by the Estate as an administrative expense in such amounts as this Court may hereafter determine and allow.

*[Remainder of Page Intentionally Left Blank]*

8

DOCS_LA:305908.6 20328/001

Dated: May 26, 2017

EAGAN AVENATTI LLP

By: _____
Michael Avenatti
Its: Managing Partner

SUBMITTED BY:

PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Robert M. Saunders*
    Robert M. Saunders
[Proposed] Attorneys for Eagan Avenatti LLP,
Debtor and Debtor in Possession

9

# EXHIBIT A

Richard M. Pachulski (CA Bar No. 90073)
Ira D. Kharasch (CA Bar No. 109084)
Robert M. Saunders (CA Bar No. 226172)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:  rpachulski@pszjlaw.com
         ikharasch@pszjlaw.com
         rsaunders@pszjlaw.com

[Proposed] Attorneys for Eagan Avenatti LLP,
Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>EAGAN AVENATTI LLP<br><br>                    Debtor. | Case No.:  8:17-bk-11961-CB<br><br>Chapter 11<br><br>**NOTICE OF FILING OF APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS GENERAL BANKRUPTCY COUNSEL EFFECTIVE AS OF MAY 12, 2017**<br><br>[Relates to Docket No. ___]<br><br>[NO HEARING REQUIRED UNLESS REQUESTED PER L.B.R. 2014-1(b)] |

**TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that Eagan Avenatti LLP, debtor and debtor in possession herein (the "Debtor"), has submitted its application to employ Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm") as its general bankruptcy counsel, effective as of May 12, 2017 [Docket No. ___] (the "Application").

DOCS_LA:305994.2 20328/001                    1

Case 8:17-bk-11961-CB    Doc 85    Filed 05/26/17    Entered 05/26/17 12:25:56    Desc
Main Document    Page 12 of 16

**PLEASE TAKE FURTHER NOTICE** that by the Application, the Debtor seeks Court approval of the proposed employment of the Firm to, among other things, render the following services:

- Advise the Debtor regarding the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules, and the requirements of the U.S. Trustee pertaining to the administration of the Debtor's Estate;

- Advise and represent the Debtor concerning the rights and remedies of the Estate in regards to the assets of the Estate;

- Prepare, among other things, motions, applications, answers, orders, memoranda, reports, and papers in connection with the administration of the Estate;

- Protect and preserve the Estate by prosecuting and defending actions commenced by or against the Debtor;

- Analyze, and prepare necessary objections to proofs of claim filed against the Estate;

- Conduct examinations of witnesses, claimants, or adverse parties;

- Represent the Debtor in any proceeding or hearing in the Bankruptcy Court;

- Advise and represent the Debtor in the negotiation, formulation, and drafting of any plan of reorganization and disclosure statement;

- Advise and represent the Debtor in connection with investigation of potential causes of action against persons or entities, including, but not limited to, avoidance actions, and the litigation thereof, if warranted; and

- Render such other advice and services as the Debtor may require in connection with the Case.

**PLEASE TAKE FURTHER NOTICE** that the Debtor desires to employ PSZJ and to compensate PSZJ reasonable fees to be determined by the Court. No compensation will be paid to the Firm except as ordered by the Bankruptcy Court pursuant to any interim compensation procedures or upon application to, and approval by, the Bankruptcy Court after notice and a hearing. The Firm has received no retainer in this Case. The attorneys currently expected to be principally responsible for the Case, and their respective hourly rates effective as of January 1, 2017, are as follows: Richard M. Pachulski - $1,195, Ira D. Kharasch - $1,025 and Robert M. Saunders - $725. The hourly rate for the paralegal assigned to the Case, Beth Dassa, is $350.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Application may be obtained by contacting Beth Dassa, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067, (310) 277-6910, Facsimile (310) 201-0760, email: bdassa@pszjlaw.com.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 2014-1(b), a hearing is not required in connection with the Application unless requested by the United States Trustee, a party in interest, or otherwise ordered by the Court.  Pursuant to Local Bankruptcy Rule 2014-1(b)(3), any response to the Application and request for hearing must be in the form prescribed by Local Bankruptcy Rule 9013-1(f)(1) and must be filed with the Court and served upon the Firm, at the address in the upper left-hand corner of the first page of this Notice, and the United States Trustee no later than 14 days from the date of service of this notice.

Dated:    May 26, 2017              PACHULSKI STANG ZIEHL & JONES LLP

By    */s/ Robert M. Saunders*
Richard M. Pachulski
Ira D. Kharasch
Robert M. Saunders

[Proposed] Attorneys for Eagan Avenatti LLP, Debtor and Debtor in Possession

DOCS_LA:305994.2 20328/001                    3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*):  **APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS GENERAL BANKRUPTCY COUNSEL EFFECTIVE AS OF MAY 12, 2017** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **May 26, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **May 26, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **May 26, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA FEDEX**
Honorable Catherine E. Bauer
United States Bankruptcy Court
Central District of California
411 West Fourth Street, Suite 5165
Santa Ana, CA 92701-4593

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 26, 2017 | Myra Kulick | /s/ Myra Kulick |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                      **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:305992.2 20328/001

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

**Mailing Information for Case 8:17-bk-11961-CB**

- *Sara Chenetz    schenetz@perkinscoie.com, dlax@perkinscoie.com*
- *Michael J Hauser    michael.hauser@usdoj.gov*
- *Sheri Kanesaka    sheri.kanesaka@fnf.com, Christine.hipp@fnf.com*
- *Isaac Marcushamer*
- *Robert M Saunders    rsaunders@pszjlaw.com, rsaunders@pszjlaw.com*
- *Najah J Shariff    najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov*
- *David H Stein    dstein@wilentz.com*
- *United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov*

2. **SERVED BY UNITED STATES MAIL**:

**Eagan Avenatti, LLP**
**Chapter 11**
**Case No. 8:17-bk-11961-CB**
**2002 Service List**

| | | |
|---|---|---|
| Debtor<br>Eagan Avenatti LLP<br>520 Newport Center Drive, #1400<br>Newport Beach, CA 92660 | Former Attorneys for Debtor<br>Elizabeth A Green<br>Baker & Hostetler LLP<br>200 S Orange Ave<br>Suntrust Center Ste 2300<br>Orlando, Fl 32801 | Former Attorneys for Debtor<br>Tiffany D Payne<br>Baker Hostetler<br>PO Box 112<br>Orlando, FL 32801 |
| United States Trustee<br>Michael J Hauser<br>411 W Fourth St Suite 7160<br>Santa Ana, CA 92701-4593 | **20 Largest** | Authentic Entertainment Properties Development, LLC<br>c/o Andrew D. Stolper, Esq.<br>Frank Sims Stolper, LLP<br>19800 MacArthur Blvd., Suite 855<br>Irvine, CA 92612-8444 |
| Phillip A. Baker, Esq.<br>Baker, Keener & Nahra LLP<br>633 West Fifth Street, Suite 5400<br>Los Angeles, CA 90071 | California Bank & Trust<br>P.O. Box 30833<br>Salt Lake City, UT 84130-0833 | Competition Economics, LLC<br>2000 Powell Street, Suite 510<br>Emeryville, CA 94608 |
| David W. Stewart, PhD<br>13031 Villosa Pl., #121<br>Playa Vista, CA 90094 | Department of the Treasury<br>Internal Revenue Service<br>Ogden, UT 84201-0039 | Employment Development Department<br>P.O. Box 989061<br>West Sacramento, CA 95798-9061 |
| FedEx<br>P.O. Box 7221<br>Pasadena, CA 91109-7321 | Secured Creditor<br>The X-Law Group, P.C.<br>Attn: Filippo Marchino, CEO and Registered Agent<br>1910 West Sunset Blvd., Suite 450<br>Los Angeles, CA 90026 | Gerald Tobin<br>2014 Edgewater Drive, #169<br>Orlando, FL 32804 |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:305992.2 20328/001

| | | |
|---|---|---|
| Green Street Advisors<br>660 Newport Center Drive<br>Suite 800<br>Newport Beach, CA  92660 | International Personnel Protection, Inc.<br>P.O. Box 92493<br>Austin, TX  78709 | Jason M. Frank<br>Frank Sims Stolper, LLP<br>19800 MacArthur Blvd., Suite 855<br>Irvine, CA  92612 |
| Jams<br>P.O. Box 845402<br>Los Angeles, CA  90084-5402 | Judicate West<br>1851 East First Street<br>Suite 1600<br>Santa Ana, CA  92705 | KNJ Ventures<br>1106-A Broadway<br>Santa Monica, CA  90401 |
| Norell Consulting, Inc.<br>218 Catherine Park<br>Glendora, CA  91741 | Personal Court Reporters, Inc.<br>14520 Sylvan Street<br>Van Nuys, CA  91411 | Scott Sims<br>Frank Sims Stolper, LLP<br>19800 MacArthur Blvd., Suite 855<br>Irvine, CA  92612 |
| The Montage Laguna Beach<br>Finance Department<br>30801 South Coast Highway<br>Laguna Beach, CA  90651 | **Requests for Special Notice** | Innovative Computing Systems<br>3101 Bee Caves Rd Ste 305<br>Austin, TX 78746 |
| David H. Stein, Esq.<br>Wilentz, Goldman & Spitzer, P.A.<br>90 Woodbridge Center Drive<br>Suite 900, Box 10,<br>Woodbridge, New Jersey 07095 | | |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.