Richard M. Pachulski (CA Bar No. 90073)
Ira D. Kharasch (CA Bar No. 109084)
Robert M. Saunders (CA Bar No. 226172)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:  rpachulski@pszjlaw.com
              ikharasch@pszjlaw.com
              rsaunders@pszjlaw.com

Attorneys for Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>EAGAN AVENATTI, LLP<br><br>Debtor. | Case No.:  8:17-bk-11961-CB<br><br>Chapter 11<br><br>**SUBMISSION OF EXHIBITS C AND D TO SETTLEMENT AGREEMENT AND RELEASES ANNEXED TO THE DECLARATION OF MICHAEL J. AVENATTI ATTACHED TO THE DEBTOR'S NOTICE OF MOTION AND MOTION FOR ORDER APPROVING SETTLEMENT AND DISMISSING CASE**<br><br>**[Relates to Docket No. 343]**<br><br>**Hearing:**<br>Date:       February 28, 2018<br>Time:       10:00 a.m.<br>Place:      Courtroom 5D<br>              411 West Fourth Street<br>              Santa Ana, CA  92701-4593<br><br>Judge:      Hon. Catherine E. Bauer |

**TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE COMMITTEE OF UNSECURED CREDITORS, ALL KNOWN CREDITORS, AND ALL PARTIES REQUESTING SPECIAL NOTICE:**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Eagan Avenatti, LLP, the above-captioned debtor and debtor in possession, through its undersigned counsel, hereby submits Exhibits C and D to the Settlement Agreement and Releases annexed to the Declaration of Michael J. Avenatti attached to the *Debtor's Notice of Motion and Motion for Order Approving Settlement and Dismissing Case* [Docket No. 343].

Dated:    February 5, 2018          PACHULSKI STANG ZIEHL & JONES LLP

                                    By    */s/ Robert M. Saunders*
                                    ─────────────────────────────
                                          Robert M. Saunders
                                          Attorneys for Debtor and Debtor in
                                          Possession

DOCS_LA:312056.1 20328/001

# EXHIBIT C

GUARANTY

THIS GUARANTY ("Guaranty"), dated as of the 12th day of December, 2017, is made by the undersigned Michael J. Avenatti ("Guarantor"), an individual resident in California, in favor of Jason Frank Law, PLC, a California professional law corporation ("JFL").

JFL and Eagan Avenatti LLP ("EA") (among others) are parties to a certain Settlement Agreement and Releases, dated as of the 12th day of December 2017 (as may be amended, restated, modified, renewed or extended from time to time, the "Agreement"). To induce JFL to enter into the Agreement and comply with its terms, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Guarantor has agreed to guaranty EA's obligation to timely pay $4,850,000.00 to JFL under Section 3.2 of the Agreement (the "Settlement Payments"). Guarantor acknowledges that he will derive substantial direct and indirect benefits from JFL's execution and compliance with the Agreement and from the compromises contained in the Agreement.

To induce JFL to enter into and agree to the payment and other terms set forth in the Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Guarantor hereby agrees as follows:

1.    *Guaranty.* (a) Guarantor hereby unconditionally and irrevocably guarantees to JFL, its successors, assigns, endorsees and transferees, the full and prompt payment when due of the Settlement Payments provided for in Section 3.2 of the Agreement in the total amount of $4,850,000.00. Guarantor further agrees that if EA shall fail to pay one or both of the Settlement Payments when they are due under Section 3.2 of the Agreement, Guarantor shall promptly pay such unpaid portion of the Settlement Payments, without demand or notice.

(b) Guarantor represents and warrants to JFL as follows:

(i)    Guarantor is a natural person residing in California.

(ii)    Guarantor has the capacity to execute, deliver, and perform under this Guaranty and the Agreement.

(iii)    This Guaranty is the legally valid and binding obligation of Guarantor, enforceable against Guarantor in accordance with its terms except as such enforcement may be delayed or restricted after the commencement by or against EA of any action, case or proceeding involving insolvency, bankruptcy, reorganization, receivership, arrangement, adjustment, composition, assignment for the benefit of creditors, liquidation, winding up or dissolution under any applicable laws with respect thereto (an "Insolvency Proceeding") or laws and principles of equity affecting the rights and remedies of creditors generally.

(iv)    The execution and delivery of this Guaranty and the Agreement, and the performance of the requirements evidenced by this Guaranty and the Agreement, will not violate any law applicable to Guarantor or constitute a default or breach of any contract to which Guarantor is a party or by which its properties are bound.

(v)    Guarantor is not insolvent and is not the subject of any Insolvency Proceedings.

2.    *Liability of Guarantor.* The liability of Guarantor under this Guaranty shall be irrevocable, absolute, independent and unconditional, and shall not be affected by any circumstance which might constitute a discharge of a surety or guarantor other than the indefeasible payment and performance in full of its commitments hereunder. In furtherance of the foregoing and without limiting the generality thereof, Guarantor agrees as follows: (i) Guarantor's liability hereunder shall be the immediate, direct, and primary obligation of Guarantor and shall not be contingent upon JFL's exercise or enforcement of any remedy it may have against EA or any other person or entity ("Person"); (ii) this Guaranty is a guaranty of payment when due and not of collectability; (iii) JFL may enforce this Guaranty upon the occurrence of a default notwithstanding any dispute between JFL and EA with respect to the existence of such default, without limiting any defenses that Guarantor otherwise has; (iv) payment of a portion, but not all, of the Settlement Payments shall in no way limit, affect, modify or abridge Guarantor's liability for any portion of the Settlement Payments remaining unsatisfied; and (v) Guarantor's liability with respect to the Settlement Payments shall remain in full force and effect without regard to, and shall not be impaired or affected by, nor shall Guarantor be exonerated or discharged by, (A) any Insolvency Proceeding with respect to EA, Guarantor, any other guarantor or any other Person; (B) any limitation, discharge, or cessation of the liability of EA, any other guarantor or any other Person for the payment of the Settlement Payments due to any statute, regulation or rule of law, or any invalidity or unenforceability in whole or in part; (C) any merger, acquisition, consolidation or change in structure of EA, Guarantor or any other Person, or any sale, lease, transfer or other disposition of any or all of the assets or shares of EA, Guarantor, any other guarantor or other Person; (D) any assignment or other transfer, in whole or in part, of JFL's interests in and rights under this Guaranty, including, without limitation, JFL's right to receive payment of the Settlement Payments; (E) any claim, defense, counterclaim or setoff, other than that of prior performance, that EA, Guarantor, any other guarantor or other Person may have or assert, including, without limitation, any defense of incapacity or lack of corporate or other authority to execute or deliver this Guaranty, the Agreement or any other document related thereto; (F) any direction of application of payment to EA, Guarantor, any other guarantor or other Person; (G) any modification, agreement or stipulation between EA and JFL or any other parties to the Agreement, or their respective successors, assigns, transferees, endorsees, heirs, executors, personal representatives and legatees, with respect to the Agreement or the requirements therein or herein; and (H) JFL's vote, claim, distribution, election, acceptance, action or inaction in any Insolvency Proceeding. Guarantor's liability hereunder is absolute and unconditional irrespective of the value, genuineness, validity or enforceability of the Agreement or any other related agreement.

3.    *Consents.* Guarantor hereby consents and agrees that, without notice to or further assent from Guarantor: (i) JFL may request and accept other guaranties of payment of the Settlement Payments and may, from time to time, in whole or in part, surrender, release, subordinate, modify, waive, rescind, compromise or extend any such guaranty and may permit or consent to any such action or the result of any such action and JFL shall not be liable to Guarantor for any failure to collect or enforce against any other party liable for the Settlement Payments; and (ii) JFL may exercise, or waive or otherwise refrain from exercising, any other right, remedy, power or privilege granted by the Agreement or any document related thereto, or otherwise available to JFL, with respect to the timely and complete payment of the Settlement Payments, even if the exercise of such right, remedy, power or privilege affects or eliminates any

right of subrogation or any other right of Guarantor against EA; all as JFL may deem advisable, and all without impairing, abridging, releasing or affecting this Guaranty.

4. *Waivers.* (a) Guarantor waives and agrees not to assert: (i) any right to require JFL to proceed against EA, any other guarantor or any other Person; (ii) the defense of a statute of limitations in any action hereunder or for the collection or performance of the payment of the Settlement Payments; (iii) any defense arising by reason of any lack of corporate or other authority or any other defense of EA, Guarantor or any other Person; (iv) any defense based upon JFL's errors or omissions in the administration of its obligations under the Agreement and/or this Guaranty; (v) any rights to set-offs and counterclaims; (vi) without limiting the generality of the foregoing, to the fullest extent permitted by law, any other defenses or benefits that may be derived from or afforded by applicable law limiting the liability of or exonerating guarantors or sureties, or which may conflict with the terms of this Guaranty; (vi) any and all rights and defenses arising out of an election of remedies by the creditor, even though that election of remedies, such as a nonjudicial foreclosure with respect to security for payment of the Settlement Payments, has destroyed the Guarantor's rights of subrogation and reimbursement against the principal by the operation of Section 580(d) of the California Code of Civil Procedure or otherwise; and (vii) without limiting the generality of the foregoing, to the fullest extent permitted by law, any other defenses or benefits that may be derived from or afforded by applicable law limiting the liability of or exonerating guarantors or sureties, or which may conflict with the terms of this Guaranty, including, without limitation, any and all benefits that otherwise might be available to Guarantor under California Civil Code §§1432, 2809, 2810, 2815, 2819, 2839, 2845, 2848, 2849, 2850, 2899 and 3433 and California Code of Civil Procedure §§580a, 580b, 580d and 726. (b) Guarantor waives any and all notice of the acceptance of this Guaranty, and any and all notice of the creation, renewal, modification, extension or accrual of the payment of the Settlement Payments, or the reliance by JFL upon this Guaranty, or the exercise of any right, power or privilege hereunder. The obligations created under this Guaranty (the "Obligations") shall conclusively be deemed to have been created, contracted, incurred and permitted to exist in reliance upon this Guaranty. Guarantor waives promptness, diligence, presentment, protest, demand for payment, notice of default, dishonor or nonpayment and all other notices whatsoever to or upon EA, Guarantor or any other Person with respect to the Obligations created hereunder. (c) The Obligations of Guarantor hereunder are independent of and separate from the requirements and obligations of EA under the Agreement and any other guarantor and upon the occurrence and during the continuance of any default, a separate action or actions may be brought against Guarantor, whether or not EA or any such other guarantor is joined therein or a separate action or actions are brought against EA or any such other guarantor. (d) Guarantor shall not have any right to require JFL to obtain or disclose any information with respect to (i) the financial condition or character of EA or the ability of EA to pay and perform under the Agreement; (ii) the Obligations under this Guaranty; (iii) any collateral or other security for any or all of the Settlement Payments; (iv) the existence or nonexistence of any other guarantees for any or all of the Settlement Payments; (v) any action or inaction on the part of JFL or any other Person; or (vi) any other matter, fact or occurrence whatsoever.

5. *Subrogation.* Until the Obligations shall be satisfied in full, Guarantor shall not have, and shall not directly or indirectly exercise, (i) any rights that it may acquire by way of subrogation under this Guaranty, by any payment hereunder or otherwise, (ii) any rights of

contribution, indemnification, reimbursement or similar suretyship claims arising out of this Guaranty, or (iii) any other right which it might otherwise have or acquire (in any way whatsoever) which could entitle it at any time to share or participate in any right, remedy or security of JFL as against EA or other guarantors, whether in connection with this Guaranty or otherwise.

6. *Continuing Guaranty.* Guarantor agrees that this Guaranty is a continuing guaranty relating to the Settlement Payments, and Guarantor expressly acknowledges that this Guaranty shall remain in full force and effect notwithstanding that there may be periods in which no Settlement Payments are owed. This Guaranty shall continue to be effective or shall be reinstated and revived, as the case may be, if, for any reason, any payment of the Settlement Payments by or on behalf of EA shall be rescinded, avoided, or must otherwise be restored by JFL, whether as a result of any Insolvency Proceeding or otherwise. To the extent any Settlement Payment is rescinded, recovered, avoided or restored, the Obligations shall be revived in full force and effect without reduction or discharge for such payment.

7. *Payments.* Guarantor hereby agrees, in furtherance of the foregoing provisions of this Guaranty and not in limitation of any other right which JFL or any other Person may have against Guarantor by virtue hereof, upon the failure of EA to pay the Settlement Payments when and as the same shall become due, Guarantor shall forthwith pay, or cause to be paid, in cash, to JFL an amount equal to the amount of the Settlement Payments then due (including interest which, but for the filing of a petition in any Insolvency Proceeding with respect to EA, would have accrued on such Settlement Payments, whether or not a claim is allowed against EA for such interest in any such Insolvency Proceeding). Guarantor shall make each payment hereunder, without deduction (whether for taxes or otherwise), set-off or counterclaim, on the day when due in immediately available funds, and in U.S. dollars.

8. *Notices.* All notices and other communications provided for hereunder shall, unless otherwise stated herein, be in writing (including by email) and shall be mailed, sent or delivered (i) if to JFL, at Frank Sims & Stolper LLP, 19800 McArthur Blvd., Suite 855, Irvine, California 92612,, (ii) if to Guarantor, at or to its address or, or email address, set forth below its name on the signature page below, or at or to such other address or email address, as such party shall have designated in a written notice to the other party. All such notices and communications shall be effective upon delivery, if sent by email, and effective upon receipt, if sent by another method.

9. *No Waiver.* No failure on the part of JFL to exercise, and no delay in exercising, any right, remedy, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of any such right, remedy, power or privilege preclude any other or further exercise thereof or the exercise of any other right, remedy, power or privilege. The rights and remedies under this Guaranty are cumulative and not exclusive of any rights, remedies, powers and privileges that may otherwise be available to JFL.

10. *Costs and Expenses.* The Parties agree that should any relief be brought by any Party to enforce any provision or right under this Guaranty, the prevailing party shall be entitled to recover, in addition to any other relief, reasonable attorneys' fees and costs incurred therein.

11.    *Binding Effect; Entire Agreement; Amendments.*  This Guaranty shall be binding upon Guarantor and his successors, assigns, personal representatives, executors, heirs and legatees, and inure to the benefit of and be enforceable by JFL and its successors, endorsees, transferees and assigns; provided that Guarantor shall not have the right to assign or transfer its rights or Obligations hereunder, in whole or part, without the prior written consent of JFL.  This Guaranty constitutes the entire agreement of Guarantor with respect to the matters set forth herein and supersedes any prior agreements, commitments, discussions and understandings, oral or written, with respect thereto, except as set forth in the Agreement.  Other than as stated in Paragraph 17 hereof, there are no conditions to the full effectiveness of this Guaranty.  This Guaranty may not be amended except by a writing signed by Guarantor and JFL.  No waiver of any rights of JFL or Guarantor under any provision of this Guaranty or consent to any departure by Guarantor therefrom shall be effective unless in writing and signed by JFL and Guarantor.  Any such amendment, waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

12.    *No Discharge in the Event of Guarantor or EA Bankruptcy.*  It is the intention of JFL and Guarantor that Guarantor's payment obligations under this Guaranty shall be non-dischargeable, under 11 U.S.C. Section 523(b), in the event Guarantor becomes a debtor in a bankruptcy case while the Settlement Payments remain outstanding and thereafter to the extent any party in (1) Guarantor's bankruptcy case, or (2) a subsequent bankruptcy case or similar proceeding in which EA is the debtor or has a similar role seeks to recover all or any portion of the Settlement Payments.

13.    *Knowing and Explicit Waivers.*  Guarantor and JFL acknowledge that they have either obtained the advice of legal counsel or have had the opportunity to obtain such advice in connection with the terms and provisions of this Guaranty.  Guarantor acknowledges and agrees that each of the waivers and consents set forth herein are made with full knowledge of their significance and consequences.  Additionally, Guarantor acknowledges and agrees that by executing this Guaranty, it is waiving certain rights, benefits, protections and defenses to which it may otherwise be entitled under applicable law, including, without limitation, under the provisions of the California Civil Code and California Code of Civil Procedure referred to in Section 4, and that all such waivers herein are explicit, knowing waivers.  Guarantor further acknowledges and agrees that JFL is relying on such waivers in connection with execution of the Agreement and this Guaranty, and that such waivers are a material part of the consideration which JFL is receiving.

14.    *Severability.*  Whenever possible, each provision of the Guaranty shall be interpreted in such manner as to be effective and valid under all applicable laws and regulations.  If, however, any provision of this Guaranty shall be prohibited by or invalid under any such law or regulation, it shall be deemed modified to conform to the minimum requirements of such law or regulation, or, if for any reason it is not deemed so modified, it shall be ineffective and invalid only to the extent of such prohibition or invalidity without affecting the remaining provisions of this Guaranty.

15.    *Law; Submission to Jurisdiction.*  This Guaranty shall be governed by and construed in accordance with California law.  Guarantor hereby (i) submits to the non-exclusive jurisdiction of the courts of the State of California and the federal courts of the United States

sitting in the State of California for the purpose of any action or proceeding arising out of or relating to this Guaranty, (ii) agrees that all claims in respect of any such action or proceeding may be heard and determined in such courts, (iii) irrevocably waives (to the extent permitted by applicable law) any objection which it now or hereafter may have to the laying of venue of any such action or proceeding brought in any of the foregoing courts, and any objection on the ground that any such action or proceeding in any such court has been brought in an inconvenient forum, and (iv) agrees that a final judgment in any such action or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner permitted by law.

16.    *JURY TRIAL WAIVER.*   TO THE EXTENT PERMITTED UNDER APPLICABLE LAW, JFL AND GUARANTOR HEREBY WAIVE THEIR RESPECTIVE RIGHTS TO A JURY TRIAL OF ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING OUT OF THIS GUARANTY OR ANY DEALINGS BETWEEN THE PARTIES RELATING TO THIS GUARANTY.   JFL AND THE GUARANTOR ACKNOWLEDGE THAT THIS WAIVER IS A MATERIAL INDUCEMENT TO ENTER INTO THIS GUARANTY, THAT EACH HAS ALREADY RELIED ON THE WAIVER IN ENTERING INTO THIS GUARANTY AND THAT EACH WILL CONTINUE TO RELY ON THE WAIVER IN ITS RELATED FUTURE DEALINGS.   JFL AND THE GUARANTOR WARRANT AND REPRESENT THAT EACH KNOWINGLY AND VOLUNTARILY WAIVES ITS JURY TRIAL RIGHTS TO THE EXTENT PERMITTED UNDER APPLICABLE LAW FOLLOWING CONSULTATION WITH LEGAL COUNSEL.

17.    *Contingencies to Effectiveness of Guaranty.*   This Guaranty and its terms and Obligations shall not become effective until each of the conditions set forth in paragraph 1.1 of the Agreement has occurred.

18.    *Married Persons.*   Any married person who signs this Guaranty as the Guarantor hereby expressly agrees that recourse may be had against his or her separate and community property for all his or her obligations under this Guaranty.

IN WITNESS WHEREOF, Guarantor has executed and delivered this Guaranty, as of the date first above written.

MICHAEL J. AVENATTI, Guarantor

Address: *520 Newport Center Drive, Suite 1400*
*Newport Beach, CA 92660*

Email:  mavenatti@eaganavenatti.com

# EXHIBIT D

## AEP FEE SHARING AGREEMENT, SETTLEMENT AND MUTUAL RELEASE

This Fee Sharing Agreement, Settlement and Mutual Release ("Agreement") is entered into this __ day of December 2017 by and between Eagan Avenatti LLP ("EA"), a limited liability partnership organized in California, on the one hand, and Authentic Entertainment Properties, LLC, a limited liability corporation organized in Nevada ("AEP") and Authentic Entertainment Properties Development, LLC, a limited liability corporation organized in Nevada ("AEPD") (AEP and AEPD are collectively referred to as the "AEP Parties"), on the other hand. EA and the AEP Parties are collectively referred to as the "Parties."

WHEREAS, on or about May 26, 2015, the AEP Parties retained EA to represent them in connection with the matter entitled Authentic Entertainment Properties, LLC et al. v. Royal Center Associates, LLC et al., Case No. A-15-724305-B filed in the District Court of Clark County, Nevada (the "Royal Resort matter") pursuant to a contingency agreement;

WHEREAS, on or about July 5, 2016, the AEP Parties terminated the contingency agreement with EA and retained the law firm of Frank Sims & Stolper LLP ("FSS") to represent them in the Royal Resort matter;

WHEREAS, on or about July 15, 2016, EA filed a Notice of Attorney's Lien in the Royal Resort matter seeking compensation for its legal services and unreimbursed costs;

WHEREAS, in February 2017, the AEP Parties reached a settlement in the Royal Resort matter pursuant to which the AEP Parties obtained the right to enter into a long-term ground lease of certain property owned by the defendants in the Royal Resort matter if the AEP Parties exercised certain options by various deadlines, or else the AEP Parties would otherwise receive nothing under the settlement (the "Royal Resort Settlement");

WHEREAS, on or about February 8, 2017, the AEP Parties filed a Demand for Arbitration against EA seeking declaratory relief and damages relating to EA's former representation of AEP in the Royal Resort matter (the "AEP/EA Arbitration");

WHEREAS, on or about February 15, 2017, the Royal Resort matter was dismissed with prejudice pursuant to the terms of the Royal Resort Settlement;

WHEREAS, on or about February 28, 2017, EA filed a motion to adjudicate its attorney's lien against AEP in the Royal Resort matter;

WHEREAS, on or about March 1, 2017, an Involuntary Bankruptcy Petition against EA, seeking that EA be a debtor in a Chapter 11 case was filed in the Middle District of Florida, Case No. 6:17-bk-01329-KSJ (the "Bankruptcy Case");

WHEREAS, on or about March 10, 2017, EA consented to entry of Order for Relief in the Bankruptcy Case;

WHEREAS, on or about May 16, 2017, the Bankruptcy Case was transferred to the Central District of California, Santa Ana Division, before the Honorable Catherine E. Bauer (the "Bankruptcy Court"), and assigned a new case number 8:17-bk-1191-CB;

WHEREAS, on or about April 12, 2017, EA's motion to adjudicate its attorney's lien against the AEP Parties was denied by the District Court Judge in the Royal Resort matter, and EA subsequently appealed this decision;

WHEREAS, in May 2017, the AEP Parties asserted they had an unsecured claim against EA in the Bankruptcy Case;

WHEREAS, on or about September 12, 2017, the AEP Parties failed to timely exercise their option to proceed with the ground lease provided under the Royal Resort Settlement, and the defendants in the Royal Resort matter terminated the ground lease and the AEP Parties will receive nothing under the Royal Resort Settlement;

WHEREAS, on or about September 13, 2017, EA's appeal in the Royal Resort matter was dismissed based on EA's voluntary withdrawal of its appeal;

WHEREAS, on or about September 18, 2017, the AEP Parties dismissed the AEP/EA Arbitration without prejudice;

WHEREAS, in December 2017, EA entered into a Settlement Agreement with various parties, including FSS, pursuant to which, among other things, EA and FSS agreed that EA would receive fifty percent (50%) of any and all legal fees which would otherwise be paid to FSS or its partner Jason Frank Law, PLC ("JFL") or Jason Frank (collectively, the "FSS Parties") in the future in connection with the Royal Resort matter (the "EA Bankruptcy Settlement");

WHEREAS, pursuant to the terms of the EA Bankruptcy Settlement, EA will be releasing any and all claims it has against the AEP Parties;

WHEREAS, the EA Bankruptcy Settlement is contingent upon the Bankruptcy Court entering orders approving the Settlement (the "Settlement Order") and dismissing the Bankruptcy Case (the "Dismissal Order") and certain other conditions set forth in Paragraph 1.1 of the EA Bankruptcy Settlement; and

WHEREAS, the Parties desire to resolve any and all disputes between them on the terms set forth in the EA Bankruptcy Settlement and herein;

NOW THEREFORE, for and in consideration of the mutual covenants contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.    **Effective Date of this Agreement**

1.1.    The effectiveness of the terms and obligations of this Agreement are contingent upon (a) EA filing a motion ("Settlement and Dismissal Motion") with the Bankruptcy Court seeking entry of orders (the "Orders") approving the EA Bankruptcy Settlement and authorizing and directing the Debtor to fully comply with all terms of the EA Bankruptcy Settlement pursuant to Fed. R. Bankr. Pro. 9019 ("Settlement Order"), and Dismissing the Bankruptcy Case, pursuant to Bankruptcy Code Section 1112(b) ("Dismissal Order"), (b) the Bankruptcy Case being dismissed within sixteen (16) calendar days after entry of the Dismissal Order, and (c) if a stay of the Settlement Order or Dismissal Order has been entered pursuant to Rule 8007 of the Federal Rules of Bankruptcy Procedure, a Termination Notice, as defined in Paragraph 1.5 of the EA Bankruptcy Settlement, has not be provided.

1.2.    In the event this Agreement does not become effective pursuant to the terms of Paragraph 1.1 above, the Parties shall be returned to the *status quo ante* prior to their execution of this Agreement, and the Agreement shall be deemed null and void, and neither this Agreement, its execution nor any statements contained therein may be used in any subsequent proceedings in any court or arbitration.

2.    **Fee Sharing Agreement.**

2.1.    In the event that the AEP Parties pay or provide, directly or indirectly, any compensation of any kind, including, *inter alia* legal fees, property interests, or any other business arrangements, to one or more of the FSS Parties in connection with the Royal Resort matter and/or the Royal Resort Settlement, then EA will be entitled to receive fifty percent (50%) of that compensation directly from the AEP Parties, or their successors. The AEP Parties are required to provide such compensation to the FSS Parties and EA at the same time to the extent reasonably possible.

3.    **Resolution of EA's Asserted Liens and Right to Attorneys' Fees and Costs in the Matters.**

3.1.    Within sixteen (16) calendar days of entry of the Dismissal Order in the Bankruptcy Case, and provided no stay of the Settlement Order or Dismissal Order having been issued pursuant to Rule 8007 of the Federal Rules of Bankruptcy Procedure, EA will withdraw all purported liens asserted against the AEP Parties and in the Royal Resort matter and will forever waive and forego, with prejudice and finality, any present or future claims for attorneys' fees, costs, expenses, damages, or any other compensation or remedies arising out of or relating to EA's relationship with AEP and the Royal Resort matter.

3

4.    **Releases**.

4.1.    **Release of EA by the AEP Parties**.  Effective upon the latest of (a) entry of Settlement Order, (b) entry of the Dismissal Order, and (c) dismissal of the Bankruptcy Case, and provided no stay of the Settlement Order or Dismissal Order having been issued pursuant to Rule 8007 of the Federal Rules of Bankruptcy Procedure, and in consideration of the terms of this Agreement and other good and valuable consideration, the AEP Parties on their own behalf and on behalf of each and all of their respective legal predecessors, successors, assignees, attorneys, agents, partners, owners, employees, heirs, parents, children, spouses, and related organizations hereby irrevocably and unconditionally release, and fully and forever discharge, absolve, and covenant not to sue EA, and every one of their respective partners, officers, directors, owners, agents, employees, companies, parents, subsidiaries, divisions, affiliates, attorneys, trustees, administrators, insurers, fiduciaries, executors, representatives, predecessors, successors, assigns, related organizations, heirs, parents, children and spouses from and for any and all claims, causes of action, liabilities, damages, legal or administrative relief, of any basis or source, whether known or unknown, that were, have been or could have been asserted now, in the past, or in the future, including, but not limited to, any and all claims raised in the AEP / EA Arbitration, and/or any and all claims arising out of or relating to EA's representation of the AEP Parties, the AEP Parties' termination of EA, and any actions taken by EA that directly or indirectly affected the AEP Parties.

4.2.    **Release of AEP Parties by EA**.  Effective upon the latest of (a) entry of Settlement Order, (b) entry of the Dismissal Order, and (c) dismissal of the Bankruptcy Case, and provided no stay of the Settlement Order or Dismissal Order having been issued pursuant to Rule 8007 of the Federal Rules of Bankruptcy Procedure, and in consideration of the terms of this Agreement and other good and valuable consideration, EA on its own behalf and on behalf of each and all of their respective legal predecessors, successors, assignees, attorneys, agents, partners, owners, employees, heirs, parents, children, spouses, and related organizations hereby irrevocably and unconditionally release, and fully and forever discharge, absolve, and covenant not to sue the AEP Parties, and every one of their respective partners, officers, directors, owners, agents, employees, companies, parents, subsidiaries, divisions, affiliates, attorneys, trustees, administrators, insurers, fiduciaries, executors, representatives, predecessors, successors, assigns, related organizations, heirs, parents, children and spouses from and for any and all claims, causes of action, liabilities, damages, legal or administrative relief, of any basis or source, whether known or unknown, that were, have been or could have been asserted now, in the past, or in the future, including, but not limited to, any and all claims raised in the AEP / EA Arbitration, and/or any and all claims arising out of or relating to EA's representation of the AEP Parties, the AEP Parties' termination of EA, and any actions taken by the AEP Parties that directly or indirectly affected EA.

5.    **Waiver of Civil Code § 1542**.  Each of the Parties has read and understood the following language contained in Section 1542 of the California Civil Code:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OF HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

To the extent that Section 1542 is applicable, each of the Parties hereto expressly waives all rights, if any, that they may have under this statute.

6.    **No Admission of Liability.**    This Agreement is made in settlement of claims and allegations which are denied, disputed, and contested.    Neither this Agreement nor anything contained in this Agreement shall be construed as an admission of any fact, issue, liability, or responsibility by any Party hereto to any other Party hereto, all of which are expressly denied.

7.    **Representations and Warranties.**    The Parties hereto represent and warrant that each has read and understood and has received independent legal advice with respect to the advisability of making this Agreement, and/or has had the opportunity to obtain such legal advice and has knowingly entered into this Agreement without taking advantage of the opportunity to obtain such advice.    Each Party has made such investigation of the facts pertaining to this Agreement and of all other matters pertaining hereto as they deem necessary.    The Parties hereto represent and warrant that each signatory hereto has the full right and authority to enter into this Agreement and bind the Party on whose behalf he, she, or it has executed this Agreement.

8.    **Further Assurances.**    Each Party hereto agrees to cooperate fully and to execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement and which are not inconsistent with its terms and intent.

9.    **Headings.**    The various headings in this Agreement are inserted for convenience only, and shall not be deemed a part of or in any manner affect this Agreement or any provision hereof.

10.    **Governing Law.**    This Agreement shall be governed and construed in accordance with the substantive laws of the State of California and the United States Bankruptcy Code. Respective counsel for each Party hereto has participated in the drafting of, read, and approved the language of this Agreement.    The language of this Agreement shall be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties hereto.

11.    **Conflicts Between This Agreement and the EA Bankruptcy Settlement Agreement.** To the extent there any conflicts between the terms of this Agreement and the EA Bankruptcy Settlement Agreement, the EA Bankruptcy Settlement Agreement will control.

12.    **Dispute Resolution Procedure.**  Any disputes regarding this Agreement, shall be first submitted to the Honorable Louis Meisinger to resolve in mediation.  If the Parties are unable to resolve the dispute, then 10 days after the mediation, they will submit the claim to binding arbitration before ADR Services, Inc. in Los Angeles, California to be resolved employing their rules and procedures for arbitration.

13.    **Waiver/Severability.**  The Parties agree that no waiver by any Party of any particular provision or right under this Agreement shall be deemed to be a waiver of any other provision or right herein.  The Parties further agree that each provision or term of this Agreement is intended to be severable from the others so that if any particular provision or term hereof is or determined to be illegal or invalid for any reason whatsoever, such illegality or invalidity shall not affect the legality or validity of the remaining provisions and terms hereof.

14.    **Attorneys' Fees**.  The Parties agree that should any relief be brought by any Party to enforce any provision or right under this Agreement, the prevailing party shall be entitled to recover, in addition to any other relief, reasonable attorneys' fees and costs incurred therein.

15.    **Entire Agreement.**  This Agreement and the EA Bankruptcy Settlement Agreement constitute the sole and entire agreement and understanding between the Parties concerning the subject matter hereof and supersedes all prior agreements and understandings between the Parties hereto with the exception of (a) the Guaranty Agreement that will be entered into between Michael Avenatti and JFL as further described in the EA Bankruptcy Settlement Agreement.  Each of the Parties hereto acknowledge to each of the other Parties that no other Party or any agent or attorney of any Party has made any promise, representation or warranty whatsoever, express or implied, written or oral, not contained herein concerning the subject matter hereof to induce him, her, or it to execute this Agreement, and each of the Parties hereto acknowledges that he, she, or it has not executed this Agreement in reliance on any promise, representation or warranty not expressly contained herein.  No person has any authority to make any representation or promise on behalf of any Party that is not set forth herein.  This Agreement may be modified only with a written instrument duly executed by each of the Parties hereto.

16.    **Binding Agreement.**  This Agreement shall bind and shall inure to the benefit of successors and assigns of each Party.  With respect to the individual Parties, this Agreement shall also bind and inure to the benefit of his or her heirs and assigns.  With respect to the entity Parties, this Agreement shall also bind and inure to the benefit of any parent, affiliate, predecessor-in-interest, successor-in-interest, or assign.

17.    **Notice Provision**.  Any and all notices required by this Agreement shall be mailed and emailed in writing to the following:

17.1. **To the EA Parties**. To Michael Avenatti & Michael Eagan, Eagan Avenatti, LLP, 520 Newport Center Drive, Ste. 1400, Newport Beach, CA 92660, mavenatti@eaganavenatti.com.

17.2. **To the FSS Parties**. To Jason Frank, Scott Sims, & Andrew Stolper, Frank Sims & Stolper LLP, 19800 McArthur Blvd., Suite 855, Irvine, California 92612, jfrank@lawfss.com

17.3. To the AEP Parties. To Steven T. Graham, Snell & Wilmer, LLP, 600 Anton Blvd. #1400, Costa Mesa, California 92626-7689, sgraham@swlaw.com.

18. **Execution/Counterparts**. This Agreement may be executed in counterparts, and a facsimile or PDF signature shall have the same force and effect as an original signature penned in ink. When each of the Parties hereto has signed and delivered at least one such counterpart to all other Parties or their counsel, each counterpart shall be deemed an original, and when taken together with other signed counterparts, shall constitute one fully executed agreement which shall be binding upon and effective as to all Parties.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the day and year indicated below.

December 14 2017

AUTHENTIC ENTERTAINMENT PROPERTIES, LLC

_____
Robert Coffman
President

December 14 2017

AUTHENTIC ENTERTAINMENT PROPERTIES DEVELOPMENT, LLC

_____
Robert Coffman
President

December 12, 2017

~~EAGAN AVENATTI LLP~~

_____
Michael J. Avenatti
Its Managing Partner

APPROVED AS TO FORM:

February 2, 2018
~~December __, 2017~~

PACHULSKI STANG ZIEHL & JONES LLP

~~Richard M. Pachulski~~ Robert M. Saunders
Counsel to Eagan Avenatti LLP

December __, 2017

PERKINS COIE LLP

Sara L. Chenetz
Counsel to the JFL Parties

December __, 2017

SULMEYER KUPETZ LLP

Marc Haroupian
Counsel to Michael Avenatti and Avenatti &
Associates APC

8

APPROVED AS TO FORM:

December ___, 2017                      PACHULSKI STANG ZIEHL & JONES LLP

_____
                                                Richard M. Pachulski
                                                Counsel to Eagan Avenatti LLP

December ___, 2017                      PERKINS COIE LLP

_____
                                                Sara L. Chenetz
                                                Counsel to the JFL Parties

December ___, 2017                      SULMEYER KUPETZ, LLP APC
January 31, 2018
_____
                                                Marc Haroupian
                                                Counsel to Michael Avenatti and Avenatti &
                                                Associates APC
                                                MARK S. HOROUPIAN

8

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13ᵗʰ Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*):  ***SUBMISSION OF EXHIBITS C AND D TO SETTLEMENT AGREEMENT AND RELEASES ANNEXED TO THE DECLARATION OF MICHAEL J. AVENATTI ATTACHED TO THE DEBTOR'S NOTICE OF MOTION AND MOTION FOR ORDER APPROVING SETTLEMENT AND DISMISSING CASE*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 5, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **February 5, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **February 5, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA OVERNIGHT DELIVERY**
Honorable Catherine E. Bauer
United States Bankruptcy Court
Central District of California
411 West Fourth Street, Suite 5165
Santa Ana, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 5, 2018 | Myra Kulick | /s/ Myra Kulick |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                    **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:305992.6 20328/001

**SERVICE LIST**

**Eagan Avenatti, LLP**
**Chapter 11 Case No. 8:17-bk-11961-CB**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- *Mikel R Bistrow      mikel.bistrow@dinsmore.com, caron.burke@dinsmore.com*
- *Peter W Bowie      peter.bowie@dinsmore.com, caron.burke@dinsmore.com*
- *Christopher Celentino      chris.celentino@dinsmore.com, caron.burke@dinsmore.com*
- *Sara Chenetz      schenetz@perkinscoie.com, dlax@perkinscoie.com;cmallahi@perkinscoie.com*
- *David B Golubchik      dbg@lnbyb.com, dbg@ecf.inforuptcy.com*
- *Michael J Hauser      michael.hauser@usdoj.gov*
- *Mark S Horoupian      mhoroupian@sulmeyerlaw.com,*
  *ppenn@sulmeyerlaw.com;mhoroupian@ecf.inforuptcy.com;dperez@sulmeyerlaw.com;ppenn@ecf.inforuptcy.com*
- *Sheri Kanesaka      sheri.kanesaka@fnf.com, Christine.hipp@fnf.com*
- *Isaac Marcushamer*
- *Malhar S Pagay      mpagay@pszjlaw.com, mpagay@pszjlaw.com*
- *R Gibson Pagter      gibson@ppilawyers.com, ecf@ppilawyers.com;pagterrr51779@notify.bestcase.com*
- *Misty A Perry Isaacson      misty@ppilawyers.com, ecf@ppilawyers.com;perryisaacsonmr51779@notify.bestcase.com*
- *Thomas J Polis      tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com*
- *Robert M Saunders      rsaunders@pszjlaw.com, rsaunders@pszjlaw.com*
- *Najah J Shariff      najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov*
- *David H Stein      dstein@wilentz.com*
- *Michael K Symons      mike@symonsmarkwith.com, mike@symonsmarkwith.com*
- *United States Trustee (SA)      ustpregion16.sa.ecf@usdoj.gov*

**2. SERVED BY UNITED STATES MAIL**:

Ratna D. Butani
Bankruptcy Collection Officer
County of Orange
PO Box 4515
Santa Ana, CA 92702

Donald L. McKinney, Insolvency
Specialist
Bankruptcy Unit
Employment Development Dept.
10659 Trade Center Drive, Suite 203
Sacramento, CA 95670

Attn: Andrew Dao
Franchise Tax Board
9646 Butterfield Way
Sacramento, CA 95827

***See attached service list***

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                          **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:305992.6 20328/001

Label Matrix for local noticing
0973-8
Case 8:17-bk-11961-CB
Central District of California
Santa Ana
Fri Feb  2 18:42:54 PST 2018

Dogan Avanatti LLP
520 Newport Center Dr #1400
Newport Beach, CA 92660-7020

Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Franchise Tax Board
Bankruptcy Section MS: A-340
P.O. Box 2952
Sacramento, CA 95812-2952

Innovative Computing Systems
3101 Bee Caves Rd Ste 305
Austin, TX 78746-5574

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Jason Frank Law PLC, Jason M. Frank, Esq., S
Perkins Coie LLP
Sara L. Chenetz
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721

Jason Frank Law, PLC
c/o Isaac M Marcushamer, Esq.
Berger Singerman LLP
1450 Brickell Ave
Miami, FL 33131-5319

Jason Frank Law, PLC and Scott Sims
Perkins Coie LLP
Sara L. Chenetz
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721

Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003

Securities & Exchange Commission
444 South Flower St., Suite 900
Los Angeles, CA 90071-2934

Stoll, Nussbaum & Polakov, APC
c/o Thomas J. Polis, Esq.
POLIS & ASSOCIATES
19800 MacArthur Blvd.
Suite 1000
Irvine, CA 92612-2433

The Irvine Company
c/o R. Gibson Pagter, Jr.
PAGTER AND PERRY ISAACSON
525 N. Cabrillo Park Drive, Suite 104
Santa Ana, CA 92701-5017

United States of America on Behalf of Intern
Attn: Najah Shariff
300 N. Los Angeles Street
Room 7211
Los Angeles, CA 90012-3342

Wilentz, Goldman & Spitzer, P.A.
90 Woodbridge Center Dr
Ste 900 Box 10
Attn: David H Stein, Esq
Woodbridge, NJ 07095-1146

Santa Ana Division
411 West Fourth Street, Suite 2030,
Santa Ana, CA 92701-4500

AT&T Teleconference Services
PO Box 5002
Carol Stream, IL 60197-5002

Ace Parking Management Inc.
610 Newport Center Dr Ste. 50
Newport Beach, CA 92660-6416

Aderant Holdings Lockbox
PO Box 931177
Atlanta, GA 31193-1177

Andrew Stolper
Sara L Chenetz/Perkins Coie LLP
1888 Century Park East Ste 1700
Los Angeles, CA 90067-1721

Andrew Stolper
c/o Frank Sims & Stolper LLP
19800 MacArthur Blvd., Suite 855
Irvine, CA 92612-8444

Audrey M Aleskovsky
Office of the United States Trustee
George C. Young Federal Building
400 West Washington St, Suite 1100
Orlando, FL 32801-2210

Authentic Entertainment
Properties Development, LLC
c/o Andrew D. Stolper, Esq.
19800 MacArthur Blvd., #855
Irvine, CA 92612-8444

Authentic Entertainment
Properties, LLC
c/o Andrew D. Stolper, Esq.
19800 MacArthur Blvd., #855
Irvine, CA 92612-8444

Aventatti & Associates APC
520 Newport Center Drive Suite 1400
Newport Beach CA 92660-7020

Baker, Keener & Nahra LLP
633 West Fifth Street Suite 5400
Los Angeles, CA 90071-2060

Barkley Court Reporters
10350 Santa Monica Blvd., Ste. 200
Los Angeles, CA 90025-6923

CA Department of Revenue
CA Franchise Tax Board
PO Box 1468
Sacramento, CA 95812-1468

CCROLA
205 Broadway Suite 200
Los Angeles, CA 90012-3607

California Bank & Trust
Attn: David Blackford
11622 EI Camino Real, Ste. 200
San Diego, CA 92130-2051

California Bank & Trust
PO Box 30833
Salt Lake City, UT 84130-0833

Central Communications
11830 Pierce Street
Suite 100
Riverside, CA 92505-5175

Competition Economics LLC
2000 Powell Street Suite 510
Emeryville CA 94608-1886


County of Orange
Attn: Treasurer-Tax Collector
PO Box 1438
Santa Ana, CA 92702-1438

County of Orange
PO Box 4515
Santa Ana CA 92702-4515

David Golubnik, Esq.
Levene, Neale, Bender, Yoo & Brill
10250 Constellation Blvd., Ste. 1700
Los Angeles, CA 90067-6253


David H Stein
Wilentz, Goldman & Spitzer, P.A.
90 Woodbridge Center Drive, Box 10
Woodbridge, NJ 07095-1163

David W. Stewart, PhD
13031 Villosa Place
#121
Playa Vista, CA 90094-6500

Department of The Treasury
Internal Revenue Service
PO Box 7346
Philadelphia PA 19101-7346


(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Developing Opportunities
& Solutions LLC
611 South Main St., Ste. 400
Grapevine, TX 76051-5477

EMPLOYERS PREFERRED INS. CO.
10375 PROFESSIONAL CIRCLE
RENO, NV 89521-4802


Elizabeth A Green
Baker & Hostetler LLP
200 S Orange Ave
Suntrust Center, Suite 2300
Orlando, FL 32801-3432

Elizabeth Green, Esq.
Tiffany Payne Geyer, Esq.
Baker & Hostetler LLP
Suntrust Center, Ste. 2300
Orlando, FL 32801

Employers Preferred Insurance Co.
PO Box 53089
Phoenix, AZ 85072-3089


Employment Development Department
Bankruptcy Group MIC 92E, PO BOX 826880
Sacramento, CA 95814

Employment Development Department
Lien Group, MIC 92G
PO Box 826880
Sacramento, CA 94280-0001

Employment Development Dept.
PO Box 989061
West Sacramento, CA 95798-9061


Eric George, Esq.
Benjamin D. Scheibe, Esq.
Browne George Ross LLP
2121 Avenue of the Stars, Ste. 2400
Los Angeles, CA 90067-5048

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

FedEx
PO Box 7221
Pasadena, CA 91109-7321


FedEx Corporate Services, Inc.
FedEx Corp Services as Assignee of
FedEx Express/Ground/Freight/Office
3965 Airways Blvd., Mod G, 3rd FL
Memphis, TN 38116-5017

Filippo Marchino
1910 West Sunset Blvd. Suite 450
Los Angeles, CA 90026-7118

First Insurance Funding Corp
PO Box 66468
Chicago, IL 60666-0468


Gerald Tobin
2014 Edgewater drive #169
Orlando FL 32804-5312

Green Street Advisors
660 Newport Center Drive Suite 800
Newport Beach, CA 92660-6409

Innovative Computing Systems
2780 Skypark Dr
Suite 125
Torrance, CA 90505-7528


Internal Revenue Service
Centralized Insolvency Ops
PO Box 7346
Philadelphia, PA 19101-7346

International Church of the Foursquare
100 Bayview Circle
Suite 2600, Dept 8
Newport Beach, CA 92660-8924

International Personnel
Protection, Inc.
PO Box 92493
Austin, TX 78709-2493

Isaac Marcushamer
Berger Singerman, PA
1450 Brickell Avenue, 19th Floor
Miami, FL 33131-3444

Jack Cross & Associates, Inc.
9070 Irvine Center Dr., Ste. 220
Irvine, CA 92618-4687

Janis
PO Box 845402
Los Angeles, CA 90084-5402

Jason Frank Law PLC
Sara L Chenetz/Perkins Coie LLP
1888 Century Park East Ste 1700
Los Angeles, CA 90067-1721

Jason Frank Law PLC
c/o Isaac Marcushamer Esq
Berger Singerman LLP
1450 Brickell Avenue Ste 1900
Miami Fl 33131-5319

Jason Frank Law, PLC
c/o Frank Sims & Stolper
19800 MacArthur Blvd., Suite 855
Irvine, CA 92612-8444

Jason M. Frank
Frank Sims Stolper, LLP
19800 MacArthur Blvd.
Suite 855
Irvine, CA 92612-8444

Jill E Kelso
Office of the United States Trustee
400 W. Washington Street Suite 1100
Orlando, FL 32801-2440

Judicate West
1851 East First Street Suite 1600
Santa Ana, CA 92705-4058

KNJ Ventures
1106 A Broadway
Santa Monica CA 90401

Lewis Roca Rothgerber
3993 Howard Hughes Parkway
Ste 600
Las Vegas NV 89169-5996

Mark S. Horoupian, Esq.
Sulmeyer Kupetz
2424 SE Bristol St., Ste. 300
Newport Beach, CA 92660-0764

Michael Q. Eagan
520 Newport Center Drive Suite 1400
Newport Beach CA 92660-7020

Najah J. Shariff, Esq.
United States Attorney's Office
Federal Building
300 North Los Angeles Street
Los Angeles, CA 90012-3336

Norell Consulting, Inc.
218 Catherine Park
Glendora, CA 91741-3017

Orange County Tax Collector
12 Civic Center Plaza
Santa Ana, CA 92701-4087

Personal Court Reporters Inc
14520 Sylvan Street
Van Nuys, CA 91411-2324

Pitney Bowes Global Fin Services LLC
PO Box 371887
Pittsburgh, PA 15250-7887

Rest Your Case Evidence Storage
6364 Irwindale Road
Irwindale, CA 91702-3210

Ricoh
PO Box 31001-0850
Pasadena, CA 91110-0001

Scott Sims
Frank Sims Stolper, LLP
19800 MacArthur Blvd.
Suite 855
Irvine, CA 92612-8444

SoCal Subpoena
115 Pine Avenue Suite 320
Long Beach, CA 90802-4479

Staples Advantage
Dept. LA
P.O. Box 83869
Chicago, IL 60696-0001

Stoll Nussbaum & Polakov APC
Polis & Associates APLC
19800 MacArthur Blvd Ste 1000
Irvine, CA 92612-2433

The Irvine Company
PO Box 844987
Los Angeles, CA 90084-4987

The Irvine Company LLC
620 Newport Center Dr., Ste. 150
Newport Beach, CA 92660-8022

The Montage Laguna Beach
Finance Dept.
30801 South Coast Highway
Laguna Beach, CA 92651-4221

The Montlake Group, LLC
16639 Sunset Boulevard
Pacific Palisades, CA 90272-3202

The Peoples Bank
c/o Nathan L. Prescott
Page Mannino Peresich & McDermott
759 Vieux Marche Mall
Biloxi, MS 39530-4305

The X Law Group
Attn: Filippo Marchino
1910 West Sunset Blvd. Ste 450
Los Angeles, CA 90026-7118

The X-Law Group, P.C.
c/o David B. Golubchik, Esq.
Levene, Neale, Bender, Yoo & Brill L.L.P
10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067-6253

Thomson West
West Payment Center
P.O. Box 6292
Carol Stream, IL 60197-6292

Tiffany D Payne
Baker Hostetler
PO Box 112
Orlando, FL 32802-0112

United States Department of Justice
Ben Franklin Station
PO Box 683
Washington, DC 20044-0683

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

United States Trustee - ORL
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 11
Orlando, FL 32801-2217

Veritext
P.O. Box 71303
Chicago, IL 60694-1303

Wilentz Goldman & Spitzer P A
Attn: David H. Stein, Esq.
90 Woodbridge Ctr Dr Box 10
Woodbridge NJ 07095-1146

Malhar S Pagay
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd 13th Flr
Los Angeles, CA 90067-4003

Robert M Saunders
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd 13th Fl
Los Angeles, CA 90067-4003

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Dept of Treasury
Internal Revenue Service
Attn: Maria R. Galvan
1919 Smith Street M/S 5024 HOU
Houston, TX 77002

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF

(u)Dinsmore & Shohl, LLP

(u)Official Committee of Creditors Holding Un

(u)The X Law Group

(d)Competition Economics, LLC
2000 Powell Street
Suite 510
Emeryville, CA 94608-1886

(d)Eagan Avenatti LLP
520 Newport Center Drive #1400
Newport Beach CA 92660-7020

(d)Employment Development Department
Bankruptcy Group MIC 92E
PO BOX 826880
Sacramento, CA 94280-0001

(d)Green Street Advisors LLC
660 Newport Center Drive, Suite 800
Newport Beach, CA 92660-6409

(d)Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia PA 19101-7346

(d)Internal Revenue Service
Post Office Box 7346
Philadelphia PA 19101-7346

(u)Mirentz, Goldman & Spitzer, P.A.
Attorneys Pro Se
90 Woodbridge Center Drive Ste 900Box 10
Attn: David H. Stein, Esq.

(d)Gerald Tobin
2014 Edgewater Dr #169
Orlando, FL 32804-5312

(d)Tiffany D Payne
Baker Hostetler
PO Box 112
Orlando, FL 32802-0112

End of Label Matrix
Mailable recipients    99
Bypassed recipients    13
Total                 112