Sara L. Chenetz, State Bar No. 206936
SChenetz@perkinscoie.com
Amir Gamliel, State Bar No. 268121
AGamliel@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Attorneys for Jason Frank Law, PLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>EAGAN AVENATTI, LLP,<br><br>            Debtor. | CASE NO. 8:17-bk-11961-CB<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION FOR ENTRY OF JUDGMENT AGAINST EAGAN AVENATTI, LLP AND IN FAVOR OF JASON FRANK LAW, PLC; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JASON M. FRANK IN SUPPORT THEREOF**<br><br>[Motion for Order Shortening Time Concurrently Filed Herewith]<br><br>Honorable Catherine E. Bauer |

139912945.3

-1-

**TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND DEBTOR:**

**PLEASE TAKE NOTICE** that creditor Jason Frank Law, PLC ("JFL") hereby moves this Court for entry of a final, non-appealable judgment in the amount of TEN MILLION DOLLARS ($10,000,000) ("Final Judgment") in favor of JFL and against Eagan Avenatti, LLP ("EA"), as agreed to under the terms of the JFL Settlement and approved by this Court's March 15, 2018 Dismissal Order (both as defined below). EA and its affiliates expressly agreed as part of the JFL Settlement that they would not oppose entry by this Court of the Final Judgment in the amount of $10,000,00, in the event EA defaulted on the JFL Settlement's payment terms and failed to cure such default within three business days, which has occurred.

**PLEASE TAKE FURTHER NOTICE** that this Motion is supported by the attached Declaration of Jason Frank ("Frank Decl.") and is based on the accompanying Memorandum of Points and Authorities, judicially noticeable facts, all other admissible evidence before this Court, and any arguments of counsel presented.

**PLEASE TAKE FURTHER NOTICE** that JFL has requested that this Motion be heard on shortened notice pursuant to Local Bankruptcy Rule 9075-1(b).

**WHEREFORE,** JFL respectfully requests this Court enter the Final Judgment.

DATED: May 18, 2018                         **PERKINS COIE LLP**

By: /s/ Sara L. Chenetz
    Sara L. Chenetz

Attorneys for Jason Frank Law, PLC

## I. INTRODUCTION

On March 15, 2018, this Court entered its *Order Granting Motion Approving Settlement and Dismissing Case and Related Relief* (the "Dismissal Order"). [Doc. No. 412.] In the Dismissal Order, the Court approved the terms of the December 12, 2017 Settlement Agreement between EA and JFL, among other parties, as a condition to dismissing the case (the "JFL Settlement" or "Settlement"). [*Id.*, ¶ 1]. Specifically, EA agreed to the following remedy upon a payment default under the Settlement:

> If the Settlement Payments are not made within three (3) business days of the applicable Settlement Payment date due, then all of the EA Parties agree that **they will not oppose the entry by the Bankruptcy Court of a final, non-appealable judgment against EA in favor of JFL in the amount of TEN MILLION DOLLARS minus any amounts previously paid to JFL pursuant to this Agreement (the "Final Judgment"), and will not oppose the reopening of the Bankruptcy Case for the limited and sole purpose only of entering this Final Judgment. JFL and the EA Parties expressly consent to the exclusive jurisdiction of the Bankruptcy Court to enter this Final Judgment against EA.**

[*See* Doc. No. 343, Ex. "A," § 3.6 (emphasis added).][1]

As the terms of Section 3.6 of the JFL Settlement reflect, the entry of the Final Judgment was intended to be a ministerial act. If a payment default occurs, then this case is to be reopened and the Final Judgment is to be entered by this Court.

Under the terms of the JFL Settlement, EA was required to pay JFL the first Settlement Payment of $2,000,000 within sixty (60) calendar days after entry of the Dismissal Order on March 15, 2018. [Doc. No. 343, Ex. "A," § 3.2.1.] Accordingly, the first Settlement Payment was due on Monday, May 14, 2018. [*Id.*] Unfortunately, EA did not make the first payment, in whole or in part, and has failed to cure the default within three (3) business days thereafter. [Frank Decl. ¶ 14.]

---

[1] For the Court's convenience, a copy of the JFL Settlement and the Dismissal Order are attached to the Frank Decl. as Exhibits A and B. All capitalized terms in this Motion unless otherwise defined shall have the same meaning as those in the JFL Settlement.

Therefore, pursuant to the remedy provision set forth in Section 3.6 of the JFL Settlement and the terms of this Court's Dismissal Order, JFL hereby seeks entry of the Final Judgment in favor of JFL and against EA in the amount of $10,000,000.

## II.    STATEMENT OF FACTS

On or about March 1, 2017, a purported creditor of EA filed an involuntary chapter 11 petition against EA in the United States Bankruptcy Court for the Middle District of Florida ("Florida Bankruptcy Court"). [Frank Decl. ¶ 3.] EA consented to entry of an order for relief, which the Florida Bankruptcy Court entered on March 10, 2017. [*Id.*] On April 21, 2017, the Florida Bankruptcy Court transferred this case to this Court and various proceedings followed, as reflected on the Court's docket. [*Id.*]

On or about December 12, 2017, EA, Avenatti & Associates, APC, Michael Avenatti, and Michael Eagan (collectively defined in the Settlement as the "EA Parties"), on the one hand, and JFL, Jason Frank, Scott Sims, Andrew Stolper, and Frank Sims & Stolper LLP (collectively defined in the Settlement as the "JFL Parties"), on the other hand (collectively, the "Parties"), entered into the JFL Settlement, subject to the approval of this Court. The effectiveness of the JFL Settlement was contingent upon this Court's approval of the Settlement's terms and dismissal of EA's bankruptcy case. [Frank Decl. ¶ 4; Doc. 343, Ex. "A", § 1.1.]

Pursuant to Section 3.1 of the Settlement, and as reflected in Paragraph 5 of the Dismissal Order, the Parties agreed that upon this Court's approval of the Settlement, JFL would have an allowed claim against EA in the amount of $10,000,000 (the "JFL Allowed Claim"), and the Dismissal Order allows the JFL claim in the amount of $10,000,000. [Doc. No. 412, ¶ 5.] The Parties further agreed that the liability of EA on the JFL Allowed Claim "will survive the dismissal of the Bankruptcy and will not be subject to any further defenses, offsets, counterclaims, oppositions, answers, objections, contests, disputes or other challenges by any EA Party or any other party," unless the Dismissal Order was not entered, or it was overturned, vacated or remanded on appeal. [Doc. No. 343, Ex. "A," § 3.1.] The Dismissal Order was entered on March 15, 2018 and it was never appealed, stayed, overturned or vacated. [Frank Decl. ¶ 5.]

Notwithstanding the allowance of JFL's claim in the amount of $10,000,000, JFL agreed it would waive and forgo its right to collect the entire amount of the JFL Allowed Claim of $10,000,000, if, and only if, EA timely paid the following Settlement Payments according to the following schedule:

    a.    Within sixty (60) calendar days after entry of the Dismissal Order, EA will wire JFL the sum of TWO MILLION DOLLARS ($2,000,000.00), in immediately available funds, pursuant to written wire instructions to be provided by JFL.

    b.    Within one hundred and twenty (120) calendar days after entry of the Dismissal Order, EA will wire JFL the sum of TWO MILLION EIGHT HUNDRED AND FIFTY THOUSAND DOLLARS ($2,850,000.00), in immediately available funds, pursuant to written wire instructions to be provided by JFL.

[Frank Decl. ¶ 6; Doc. No. 343, Ex. "A," §§ 3.2.1-3.2.2, 3.5.]

The first Settlement Payment of $2,000,000 was due on May 14, 2018, which was sixty (60) calendar days after the Court's entry of the Dismissal Order on March 15, 2017. [Frank Decl. ¶ 7.] On May 7, 2018, JFL sent EA and Mr. Avenatti written wire instructions for the first Settlement Payment. [Id. ¶ 8.] Unfortunately, EA did not wire or otherwise pay the first Settlement Payment when it was due on May 14, 2018. [Id. ¶ 9.]

Although not required by the JFL Settlement or otherwise, on May 15, 2018, JFL sent a written notice of default to EA, Mr. Avenatti and their counsels of record in this bankruptcy case, seeking immediate payment of the $2,000,000. [Frank Decl. ¶ 10.] JFL also demanded payment of this amount from Mr. Avenatti personally pursuant to the Guaranty Agreement he entered into as part of the JFL Settlement. [Id. ¶ 11; Doc. No. 343, Ex. "A" §§ 3.3.-3.4; Doc. No. 353, Ex. C."[2]] EA failed to cure this default within three (3) business days, and as of the date of this motion, neither EA nor Mr. Avenatti has paid the first Settlement Payment of $2,000,000.00, in whole or in part. [Frank Decl. ¶ 12.]

---

[2] A copy of the Guaranty Agreement is attached to the Frank Decl. as Exhibit C.

The remedy for a payment default is set forth in Section 3.6 of the JFL Settlement. It provides:

> 3.6 <u>Remedy Upon Payment Default</u>. If the Settlement Payments are not made within three (3) business days of the applicable Settlement Payment date due, then all of the EA Parties agree that they ***will not oppose the entry by the Bankruptcy Court of a final, non-appealable judgment against EA in favor of JFL in the amount of TEN MILLION DOLLARS minus any amounts previously paid to JFL pursuant to this Agreement*** (the "Final Judgment"), and will not oppose the reopening of the Bankruptcy Case for the limited and sole purpose only of entering this Final Judgment. JFL and the EA Parties expressly consent to the exclusive jurisdiction of the Bankruptcy Court to enter this Final Judgment against EA . . .

[Frank Decl ¶ 8; Doc. No. 343, Ex. "A," § 3.6 (emphasis added)].

Accordingly, JFL now seeks entry of the Final Judgment by this Court.

### III.    ARGUMENT

EA expressly consented to the relief requested through this motion and consented to this Court's authority to grant this relief, upon a payment default under the terms of Section 3.6 of the JFL Settlement, quoted above. As described above and in the Frank Decl, such a payment default has occurred. Because applicable rules require the filing of separate motions to reopen a case and to grant of the relief sought through the reopening, JFL has filed a separate motion to reopen this case solely for purposes of entry of the Final Judgment and proceedings thereon.

After dismissal of a case, a bankruptcy court retains jurisdiction to interpret and effectuate its own orders. *Tsaforoff v. Taylor (In re Taylor)*, 884 F.2d 479, 481 (9th Cir. 1989) cited in *Aheong v. Mellon Mortgage Co. (In re Aheong)*, 276 B.A.P. 233 (9th Cir. B.A.P. 2002). Further, the Dismissal Order expressly provides this Court "retains post-dismissal jurisdiction pursuant to L.B.R 1017-2(f)." [Doc. No. 412, ¶ 10.] The grant of the requested relief is consistent with the Court's inherent authority to implement and enforce its own orders. *See Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 151 (2009) (finding that "the Bankruptcy Court plainly ha[s] jurisdiction to interpret and enforce its own prior orders"); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511

139912945.3

-6-

U.S. 375, 379–80 (1994) (holding that in order for a court to function successfully it must be able to manage its proceedings, vindicate its authority, and effectuate its decrees). The grant of this motion will effectuate the terms of the JFL Settlement approved through entry of the Dismissal Order. Entry of the Final Judgment is consistent with Fed. R. Bankr. Pro. 9021 and Local Bankruptcy Rule 9021-1.

As set forth in the JFL Settlement, EA's liability on the JFL Allowed Claim survives "dismissal of the Bankruptcy Case, and will not be subject to any further defenses, offsets, counterclaims, oppositions, answers, objections, contests, disputes or other challenges by any EA Party or any other party (except under specified circumstances which have not and now cannot occur). [Doc. No. 343, Ex. "A," § 3.6.] Entry of the Final Judgment will facilitate JFL's enforcement of the JFL Allowed Claim.

As the prior proceedings in this case indicate, the terms of the JFL Settlement were the subject of multiple mediation sessions and months of additional negotiations. The JFL Settlement also was the cornerstone of the structured dismissal of this case sought by EA and approved by this Court. Despite all this, EA blatantly failed to make the initial payment due to JFL under the JFL Settlement on a timely basis. As described, this payment was due on Monday May 14, 2018. [Frank Decl. 9.] EA further failed to cure this default within three (3) business days. [*Id.*] Upon this payment default, under the terms of the JFL Settlement, the EA Parties expressly agreed not to oppose entry by this Court of a final, non-appealable judgment against EA and in favor of JFL in the amount of $10,000,000 and expressly consented to the Court's jurisdiction to enter the Final Judgment. [Doc. No. 343, Ex. "A," § 3.6.] Good cause therefore exists for the Court to enter the Final Judgment.

## IV. CONCLUSION

Based on the foregoing, JFL respectfully requests the Court enter the Final Judgment.

DATED: May 18, 2018

**PERKINS COIE LLP**

By: /s/ Sara L. Chenetz
Sara L. Chenetz

Attorneys for Jason Frank Law, PLC

139912945.3

-8-

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1888 Century Park East, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document(s) described as

**NOTICE OF MOTION AND MOTION FOR ENTRY OF JUDGMENT AGAINST EAGAN AVENATTI, LLP AND IN FAVOR OF JASON FRANK LAW, PLC; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JASON M. FRANK IN SUPPORT THEREOF**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On May 18, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒    Service information continued on attached page

II. **SERVED BY U.S. MAIL AND FEDERAL EXPRESS** (indicate method for each person or entity served)**:**
On May 18, 2018, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒    Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 18, 2018 | Sharon Jones | /s/ Sharon Jones |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

125830-0001/136495809.1

# **ATTACHED SERVICE LIST**

<u>VIA ECF</u>

- 
- Sara Chenetz   schenetz@perkinscoie.com, dlax@perkinscoie.com
- Michael J Hauser   michael.hauser@usdoj.gov
- ppenn@sulmeyerlaw.com;
- Mark S Horoupian mhouroupian@sulmeyerlaw.com
- Robert M Saunders   rsaunders@pszjlaw.com, rsaunders@pszjlaw.com
- Najah J Shariff   najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov
- United States Trustee (SA)   ustpregion16.sa.ecf@usdoj.gov

**Via Federal Express**

**Debtor:**
Eagan Avenatti LLP
520 Newport Center Drive, #1400
Newport Beach, CA  92660
(via Federal Express only)

Richard M. Pachulski, Esq.
Ira D. Kharasch, Esq.
Robert M. Saunders, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910 / Fax:  (310)  201-0760
Email  rpachulski@pszjlaw.com
           ikharasch@pszjlaw.com
           rsaunders@pszjlaw.com
Attorneys for Debtor and Debtor in Possession

Mark S. Horoupian, Esq.
SulmeyerKupetz
333 S. Hope Street, 35th Floor
Los Angeles, CA  90071
Tel:  (213) 626-2311 / Fax: (213) 629-4520
Email:  mhoroupian@sulmeyerlaw.com
Attorneys for Michael Avenatti

U.S. Trustee
United States Trustee (SA)
411 W. Fourth Street, Suite 7160
Santa Ana, CA  92701
(714) 338-3400

Michael J. Hauser
United States Trustee (SA)
411 W. Fourth Street, Suite 7160
Santa Ana, CA  92701
(714) 338-3421
Email:  michael.hauser@usdoj.gov

1
2  Honorable Catherine E. Bauer
   United States Bankruptcy Court
   Central District of California
3  Ronald Reagan Federal Building and Courthouse
   411 West Fourth Street, Suite 5165 / Courtroom 5D
4  Santa Ana, CA 92701-4593
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

125830-0001/136495809.1