Sara L. Chenetz, State Bar No. 206936
SChenetz@perkinscoie.com
Amir Gamliel, State Bar No. 268121
AGamliel@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Attorneys for Jason Frank Law, PLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

In re

EAGAN AVENATTI, LLP,

            Debtor.

CASE NO. 8:17-bk-11961-CB

Chapter 11

**DECLARATION OF JASON M. FRANK IN SUPPORT OF:**

**(I) MOTION FOR ENTRY OF JUDGMENT AGAINST EAGAN AVENATTI, LLP AND IN FAVOR OF JASON FRANK LAW, PLC; AND**

**(II) APPLICATION FOR ORDER SETTING HEARING ON MOTION ON SHORTENED NOTICE**

[Motion for Order Shortening Time Concurrently Filed Herewith]

Honorable Catherine E. Bauer

139917798.1

-1-

## **DECLARATION OF JASON M. FRANK**

I, Jason M. Frank, declare as follows:

1. I am an attorney at law duly licensed to practice before all the courts of the State of California. I am further admitted to practice law before all federal district courts in California and the United States Court of Appeal for the Ninth Circuit, among other courts. I have personal knowledge of the facts set forth below, unless stated on information and belief, and if called as a witness, I could and would testify competently thereto.

2. I have been a member in good standing of the State Bar of California since 1997. I received my J.D. degree from the University of Michigan in 1997, and my B.A. degree from the University of Michigan in 1994. I was formerly a litigation partner at Paul Hastings Janosfky & Walker LLP. From February 2009 through May 20, 2016, I was an attorney at Eagan Avenatti, LLP ("EA"), either as an employee or through a contract between EA and Jason Frank Law, PLC ("JFL"). I am currently a partner and founder of Frank Sims & Stolper LLP. I am also the owner and president of creditor JFL.

3. On or about March 1, 2017, a purported creditor of EA filed an involuntary chapter 11 petition against EA in the United States Bankruptcy Court for the Middle District of Florida ("Florida Bankruptcy Court"). EA consented to entry of an order for relief, which the Florida Bankruptcy Court entered on March 10, 2017. On April 21, 2017, the Florida Bankruptcy Court transferred this case to this Court and various proceedings followed. The above is reflected on the Court's docket.

4. On or about December 12, 2017, EA, Avenatti & Associates, APC, Michael Avenatti, and Michael Eagan (collectively defined in the Settlement as the "EA Parties"), on the one hand, and JFL, Jason Frank, Scott Sims, Andrew Stolper, and Frank Sims & Stolper LLP (collectively defined in the Settlement as the "JFL Parties"), on the other hand (collectively, the "Parties"), entered into a Settlement Agreement and Releases (the "JFL Settlement" or "Settlement"). Pursuant to Section 1.1 of the agreement, the effectiveness of the JFL Settlement was contingent upon this Court's approval of the Settlement's terms and dismissal of EA's bankruptcy case. A true and correct copy of the JFL Settlement is attached as Exhibit A.

139917798.1

-2-

5. On March 15, 2018, this Court entered its *Order Granting Motion Approving Settlement and Dismissing Case and Related Relief* (the "Dismissal Order"). Notice of the order was provided on March 15, 2018. The Dismissal Order was never appealed, stayed, overturned or vacated. A true and correct copy of the Dismissal Order is attached as Exhibit B.

6. Pursuant to Section 3.1 of the Settlement, and as reflected in Paragraph 5 of the Dismissal Order, the Parties agreed that upon this Court's approval of the Settlement, JFL would have an allowed claim against EA in the amount of $10,000,000 (the "JFL Allowed Claim"). The Parties further agreed that the liability of EA on this allowed claim "will survive the dismissal of the Bankruptcy and will not be subject to any further defenses, offsets, counterclaims, oppositions, answers, objections, contests, disputes or other challenges by any EA Party or any other party," unless the Dismissal Order was not entered, or it was stayed, overturned, vacated or remanded on appeal. As noted in the previous paragraph, the Dismissal Order was entered on March 15, 2018 and it was never appealed, stayed, overturned or vacated as reflected on the Court's docket.

7. Pursuant to Sections 3.2 and 3.5 of the Settlement, JFL agreed that it would waive and forgo its right to collect the entire allowed claim of $10,000,000, if EA timely paid the following Settlement Payments according to the following schedule:

   a. Within sixty (60) calendar days after entry of the Dismissal Order, EA will wire JFL the sum of TWO MILLION DOLLARS ($2,000,000.00), in immediately available funds, pursuant to written wire instructions to be provided by JFL.

   b. Within one hundred and twenty (120) calendar days after entry of the Dismissal Order, EA will wire JFL the sum of TWO MILLION EIGHT HUNDRED AND FIFTY THOUSAND DOLLARS ($2,850,000.00), in immediately available funds, pursuant to written wire instructions to be provided by JFL.

The total of amount of these Settlement Payments was $4,850,000.

8. Pursuant to Section 3.3 of the Settlement, Michael Avenatti, in his individual capacity, agreed to personally guarantee the Settlement Payments in the event of default and entered into a Guaranty Agreement to that effect. A true and correct copy of the Guaranty Agreement is attached as Exhibit C.

9. The first Settlement Payment of $2,000,000 was due on May 14, 2018, which was sixty (60) calendar days after the Court's entry of the Dismissal Order on March 15, 2017.

10. On May 7, 2018, on behalf of JFL, I sent written wire instructions for the first Settlement Payment to EA and Michael Avenatti via electronic mail. I also copied EA and Michael Avenatti's counsels of record in the Bankruptcy Case, including Ira Kharasch of Pachulski Stang Ziehl & Jones LLP and Mark Horoupian of Sulmeyer Kupetz LLP. A true and correct copy of that email is attached as Exhibit D, with my bank account and wire information redacted for privacy.

11. EA did not wire or otherwise pay the first Settlement Payment when it was due on May 14, 2018.

12. Although not required by the JFL Settlement or otherwise, on May 15, 2018, I sent via U.S. Mail and electronic mail a written notice of default to EA, Michael Avenatti and Michael Eagan, as well as their counsels of record in this bankruptcy case, seeking the immediate payment of the $2,000,000. A true and correct copy of this letter is attached as Exhibit E.

13. I also sent U.S. Mail and electronic mail a written demand to Michael Avenatti to pay this amount pursuant to the terms of the Guaranty Agreement. A true and correct copy of this letter is attached as Exhibit F.

14. EA failed to cure its default within three (3) business days, and as of the date of this motion, neither EA nor Michael Avenatti has paid the first Settlement Payment of $2,000,000.00, in whole or in part.

15. Accordingly, pursuant to Section 3.6 of the Settlement, I am hereby seeking entry of a final, non-appealable judgment for $10,000,000 in favor of JFL and against EA (the "Final Judgment"). The EA Parties expressly agreed they will not oppose entry of the Final Judgment by this Court.

**Information Justifying Setting Hearing on Shortened Notice**

**pursuant to L.B.R. 9075-1(b)(2)(B):**

16. EA agreed that if the Settlement Payments (as defined in the JFL Settlement) were not made within three (3) business days of the applicable Settlement Payment date due, then the

1  EA Parties would not oppose entry of a final, non-appealable judgment against EA and in favor of
2  JFL in the amount of $10,000,000, minus any amounts previously paid to JFL pursuant to the JFL
3  Settlement, and that they will not oppose reopening the bankruptcy case for the limited and sole
4  purpose of entering the Final Judgment. The EA Parties consented to the exclusive jurisdiction of
5  the bankruptcy court to enter the Final Judgment.  Entry of the Final Judgment was intended to be
6  a ministerial act.  If a payment default occurs, then the case is to be reopened and the Final
7  Judgment is to be entered by this Court.  Given that the only defense available to EA would be to
8  prove that the payment was actually made as required by the JFL Settlement, *which did not*
9  *happen,* this motion can and should be resolved on shortened time.

11  I declare under penalty of perjury under the laws of the United States of America that the
12  foregoing this true and correct. Executed this 18th day of May 2018, in California.

                                                        _____
                                                        JASON M. FRANK

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1888 Century Park East, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document(s) described as

**DECLARATION OF JASON M. FRANK IN SUPPORT OF: (I) MOTION FOR ENTRY OF JUDGMENT AGAINST EAGAN AVENATTI, LLP AND IN FAVOR OF JASON FRANK LAW, PLC; AND (II) APPLICATION FOR ORDER SETTING HEARING ON MOTION ON SHORTENED NOTICE**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On May 18, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒    Service information continued on attached page

II. **SERVED BY U.S. MAIL AND FEDERAL EXPRESS** (indicate method for each person or entity served)**:** On May 18, 2018, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒    Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 18, 2018 | Sharon Jones | /s/ Sharon Jones |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

125830-0001/136495809.1

**ATTACHED SERVICE LIST**

<u>VIA ECF</u>

- 
- Sara Chenetz    schenetz@perkinscoie.com, dlax@perkinscoie.com
- Michael J Hauser    michael.hauser@usdoj.gov
- ppenn@sulmeyerlaw.com;
- Mark S Horoupian mhouroupian@sulmeyerlaw.com
- Robert M Saunders    rsaunders@pszjlaw.com, rsaunders@pszjlaw.com
- Najah J Shariff    najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

**Via Federal Express**

**Debtor:**
Eagan Avenatti LLP
520 Newport Center Drive, #1400
Newport Beach, CA  92660
(via Federal Express only)

Richard M. Pachulski, Esq.
Ira D. Kharasch, Esq.
Robert M. Saunders, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910 / Fax:  (310)  201-0760
Email  rpachulski@pszjlaw.com
             ikharasch@pszjlaw.com
             rsaunders@pszjlaw.com
Attorneys for Debtor and Debtor in Possession

Mark S. Horoupian, Esq.
SulmeyerKupetz
333 S. Hope Street, 35th Floor
Los Angeles, CA  90071
Tel:  (213) 626-2311 / Fax: (213) 629-4520
Email:  mhoroupian@sulmeyerlaw.com
Attorneys for Michael Avenatti

U.S. Trustee
United States Trustee (SA)
411 W. Fourth Street, Suite 7160
Santa Ana, CA  92701
(714) 338-3400

Michael J. Hauser
United States Trustee (SA)
411 W. Fourth Street, Suite 7160
Santa Ana, CA  92701
(714) 338-3421
Email:  michael.hauser@usdoj.gov

-2-

1

2   Honorable Catherine E. Bauer
    United States Bankruptcy Court
3   Central District of California
    Ronald Reagan Federal Building and Courthouse
4   411 West Fourth Street, Suite 5165 / Courtroom 5D
    Santa Ana, CA 92701-4593

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-