1  Sara L. Chenetz, State Bar No. 206936
   SChenetz@perkinscoie.com
2  Amir Gamliel, State Bar No. 268121
   AGamliel@perkinscoie.com
3  PERKINS COIE LLP
   1888 Century Park East, Suite 1700
4  Los Angeles, CA  90067-1721
   Telephone:  310.788.9900
5  Facsimile:  310.788.3399

6  Attorneys for Jason Frank Law, PLC

7             UNITED STATES BANKRUPTCY COURT

8             CENTRAL DISTRICT OF CALIFORNIA

9                  SANTA ANA DIVISION

10

11                                          Case No.  8:17-bk-11961-CB
   In re
12                                          **NOTICE OF MOTION AND MOTION FOR
   EAGAN AVENATTI, LLP,                     ENTRY OF ASSIGNMENT ORDER;
13                                          MEMORANDUM OF POINTS AND
              Debtor.                       AUTHORITIES IN SUPPORT THEREOF**
14
                                            Hearing Date:  TO BE SCHEDULED
15                                          Time:  TO BE SCHEDULED
                                            Place:  Courtroom 5D
16                                                 411 West Fourth Street
                                                 Santa Ana, CA 92701-4593
17
                                            [MOTION FOR ORDER SHORTENING TIME
18                                          CONCURRENTLY FILED HEREWITH]
19                                          JUDGE:  HON. CATHERINE E. BAUER
20

21        **PLEASE TAKE NOTICE** that judgment creditor, Jason Frank Law, PLC (the

22  "Judgment Creditor") hereby moves this Court for entry of an assignment order (the "Assignment

23  Order"): (1) instructing the judgment debtor, Eagan Avenatti, LLP (the "Judgment Debtor"), to

24  assign to Judgment Creditor all of Judgment Debtor's interests in any and all proceeds, attorney's

25  fees, costs and accounts receivable the Judgment Debtor is or may be entitled to receive from the

26  lawsuits listed on Exhibit A to the accompanying Declaration of Jason M. Frank, as well as any

27  rent payments from the Judgment Debtor's tenants, to the extent necessary to pay the Judgment

28

140225303.3                          -1-

1  Creditor's judgment in full, including accrued interest and reasonable attorneys' fees and costs

2  through the date(s) of payment(s), and (2) restraining the Judgment Debtor and any servant,

3  agent, employee, representative, attorney or other professionals for the Judgment Debtor and any

4  person(s) in active concert and participating with any of them from encumbering, assigning,

5  disposing or spending any and all Receivables.

6  **PLEASE TAKE FURTHER NOTICE** that this motion is made on the grounds that this

7  Court issued a Judgment in the amount of $10,000,000.00, plus interested thereon, reasonable

8  attorneys' fees and costs, on behalf of the Judgment Creditor and against the Judgment Debtor, on

9  May 21, 2018 (Docket No. 455), the balance due on which, including accrued interest to the date

10 of this notice is at least $10,011,287.67, and that the Judgment Debtor has an assignable right to

11 the Receivables and there is a need to restrain the Judgment Debtor from disposing or otherwise

12 diverting the Receivables.

13 This motion is based on this notice of motion and motion, the accompanying declaration

14 of Jason Frank, the memorandum of points and authorities set forth below, and the prior

15 proceedings in this case.

16 **PLEASE TAKE FURTHER NOTICE** that JFL has requested that this Motion be heard

17 on shortened notice pursuant to Local Bankruptcy Rule 9075-1.

18 **WHEREFORE**, JFL respectfully requests that this Court issue the Assignment Order and

19 grant such other relief as is just and proper.

20 Dated:  June 11, 2018                              PERKIN COIE LLP

21

22                                                    By: /s/ Sara L. Chenetz
                                                     Sara L. Chenetz
23
                                                     Attorneys for Judgment Creditor
24                                                   Jason Frank Law, PLC

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    THE COURT SHOULD ISSUE AN ASSIGNMENT ORDER

3        On May 22, 2018, this Court entered a judgment in favor of Jason Frank Law, PLC

4   ("Judgment Creditor") and against Eagan Avenatti, LLP ("Judgment Debtor") in the amount of

5   $10,000,000.00, plus interest and reasonable attorneys' fees and costs incurred in collecting the

6   judgment ("Judgment").  [Declaration of Jason M. Frank ("Frank Decl."), Exh. D.]  On June 6,

7   2018, a writ of execution was issued by the Clerk of this Court against Judgment Debtor in the

8   amount of $10,008,465.75, including $8,465.75 in accrued post-judgment interest ("Writ of

9   Execution").  [*Id.*, Exh. E.]

10        By this motion, Judgment Creditor is seeking an order requiring Judgment Debtor, a law

11   firm, to assign its interest in any and all proceeds, attorney's fees, costs, rights to payments and

12   accounts receivable it is or may be entitled to receive from the lawsuits listed on Exhibit A to the

13   accompanying Frank Decl. (collectively the "Lawsuit Receivables"), as well as any rent payments

14   from the Judgment Debtor's tenants (together with the Lawsuit Receivables, the "Receivables").

15   The lawsuits listed in Exhibit A are cases in which Judgment Debtor is or will potentially be

16   entitled to receive attorneys' fees and costs for its legal services.  [Frank Decl., ¶ 3.]  Judgment

17   Debtor previously sublet part of its premises and collected rents from its subtenants.  [Frank

18   Decl., ¶ 11.]

19        Pursuant to Federal Rule of Civil Procedure Rule 69(a) and Local Bankruptcy Rule 7069-

20   1, once a writ of execution is issued, a money judgment may be enforced in accord with the

21   procedures of the state where the court is located.  California Code of Civil Procedure Section

22   708.510(a) authorizes the issuance of an order directing a judgment debtor to assign to a

23   judgment creditor "all or part of a right to payment due or to become due, whether or not the right

24   is conditioned on future developments."  This includes but is not limited to assignments of the

25   following types of payments: rents, commissions, royalties, payments due from a patent or

26   copyright, insurance policy loan value, accounts receivable, general intangibles, judgments and

27   instruments.  Cal. Code Civ. Proc. § 708.510(a).  This California assignment procedure may be

28   applied to enforce a money judgment in a federal court located in this state.  *See*, *e.g.*, *Greenbaum*

1    *v. Islamic Republic of Iran*, 782 F.Supp.2d 893, 896-97 (C.D. Cal. 2008); *In re Cooper,* No. 12-

2    51833, 2015 WL 1228831 (Bankr. N.D. Cal., Mar. 10, 2015) (proceeding to enforce or execute

3    on a judgment continues until the judgment is satisfied, citing *McCowan v Fraley (In re*

4    *McCowan)*, 296 B.R. 1 (9th Cir. B.A.P. 2003) ("proceedings to aid in execution of a judgment are

5    considered a continuation and of and part of original proceedings." *Id*. at 5.); Fed. R. Bankr. Pro.

6    7069, 9014(c); L.B.R. 7069-2.

7          Although the Court may take into consideration all relevant factors when determining

8    whether to grant an assignment order, the sole constraints placed on the Court are that the right to

9    payment be assigned only to the extent necessary to satisfy the creditor's money judgment and

10   that, where part of the payments are exempt (which is not applicable here), the amount of the

11   payments assigned should not exceed the difference between the gross amount of the payments

12   and the exempt amount.  Cal. Code Civ. Proc. § 708.510 (c), (d), (e), (f).

13   **A.     THE ASSIGNMENT ORDER SHOULD DIRECT THE JUDGMENT**

14        **DEBTOR TO ASSIGN THE RECEIVABLES TO JUDGMENT CREDITOR**

15         As shown in the accompanying Frank Decl., the current balance due on the Judgment is at

16   least $10,011,287.67, including accrued interest, but excluding attorneys' fees and costs.  [Frank

17   Decl., ¶ 9.]  Since the judgment was entered less than 10 years ago and no order exists staying

18   enforcement of the judgment [*Id.*, ¶ 10], this Court is authorized to issue an assignment order for

19   the Judgment Creditor.   *Greenbaum*, 782 F.Supp.2d at 896-97.  Accordingly, Judgment Debtor

20   respectfully requests this Court order an assignment of Judgment Creditor's rights to receive and

21   collect the Receivables, in the amount necessary to pay off the Judgment in full, including

22   accrued interest and reasonable attorneys' fees and costs.

23   **B.     THE COURT SHOULD RESTRAIN JUDGMENT DEBTOR FROM**

24        **ASSIGNING, DISPOSING OR OTHERWISE DIVERTING ITS RIGHTS**

25        **TO PAYMENTS**

26         Upon a showing of need, California Code of Civil Procedure Section 708.520 authorizes

27   the Court to restrain a judgment debtor from assigning or otherwise disposing of any rights to

28   payments sought to be assigned.  Pursuant to this authority, applicable in this Court as set forth

1   above, Judgment Creditor seeks a restraining order preventing Judgment Debtor and any servant,

2   agent, employee, representative, attorney or other professional for Judgment Debtor and any

3   person(s) in active concert and participating with them from encumbering, assigning, disposing or

4   spending any and all Receivables.  The Frank Decl. demonstrates the need for such a restraining

5   order, highlighted by the following two examples.

6       *First,* Michael Avenatti is the managing partner of Judgment Debtor, and owns a

7   controlling 75% interest in the firm through his personal corporation, Avenatti & Associates,

8   APC.  [Frank Decl., ¶¶ 10-11, Exh. F at 51:17-25; 92:1 – 93:12.]  As a result, Mr. Avenatti has

9   ultimate control over whether Judgment Debtor will assign its rights to attorneys' fees and costs

10  on its cases to third parties or otherwise attempt to hide or transfer them.  [*Id.*]  One of the largest

11  assets of Judgment Debtor is its right to attorneys' fees and costs in the *Bahamas v. Kimberly-*

12  *Clark* class action.  [*Id.*, ¶ 12; Exh. F at 59:2-61:2, 62:6-63:9.]  Assuming the judgment in that

13  class action is affirmed on appeal, Judgment Debtor stands to be awarded millions of dollars in

14  attorneys' fees and costs for its work on the matter.  [*Id.*]  However, on July 14, 2017, while

15  Judgment Debtor was a debtor-in-possession, Mr. Avenatti testified he *may* decide in the future to

16  assign an unspecified portion of the attorneys' fees from the *Bahamas v. Kimberly Clark* class

17  action to himself personally, as opposed to the law firm, but he had not yet decided to do so.  [*Id.*]

18  This, of course, would be to the detriment of Judgment Creditor.  It seems Mr. Avenatti later

19  determined to do so.  On January 30, 2018, Mr. Avenatti signed a declaration stating it was he,

20  "with the assistance of the Debtor," who obtained the *Kimberly Clark* judgment.  *See* Declaration

21  of Michael J. Avenatti filed in support of the Debtor's Notice of Motion and Motion for Order

22  Approving Settlement and Dismissing Case [Frank Decl., Exh. G at Doc. No. 343]. This further

23  demonstrates that Mr. Avenatti may attempt to remove attorneys' fees payable to plaintiff's

24  counsel in the *Kimberly Clark* case from the reach of Judgment Creditor.  Accordingly, a

25  restraining order is necessary to prevent such gamesmanship.

26      *Second*, prior to consenting to bankruptcy, Judgment Debtor purportedly assigned the

27  right to payment of $17 million to the X-Law Group, a law firm controlled by Mr. Avenatti's

28  friend, Fillipo Marchino.  [Frank Decl., ¶¶ 13-14, Exh. F at 68:9-69:21; 70:2-73:18.]  Mr.

1    Avenatti claimed this agreement was in writing, but to the best of JFL's knowledge never

2    provided a copy of the agreement to the U.S. Trustee's office after it was requested to do so.  [*Id.*]

3    Mr. Avenatti listed the X-Law Group as a "secured creditor" for this $17 million amount on the

4    Judgment Debtor's initial bankruptcy schedules.  [*See* Official Form 206D, Schedule D, ¶ 2.1

5    (Doc. No. 48); Frank Decl., Exh. H.]  Judgment Debtor further began paying the X-Law Group's

6    rent and salaries pursuant to a purported "oral agreement" reached between Mr. Avenatti and Mr.

7    Marchino, according to Mr. Avenatti's testimony.  [Frank Decl., Exh. F at 68:9-69:21; 70:2-

8    73:18.]  While Judgment Debtor was a debtor-in-possession it made such payments, as reflected

9    through the most recent monthly operating report filed in this case.  [Frank Dec., Exh. J, Doc. No.

10   316 at 5 and 11.]  For example, Thomas Cassaro was then and is now an employee of X-Law

11   Group and Damian Rogers was then and is now a partner at X-Law Group.  *See*

12   www.thexlawgroup.com.

13          Mr. Avenatti never explained what Judgment Debtor received in return from the X-Law

14   Group that possibly could have been worth assigning the right to $17 million from the Judgment

15   Debtor to X-Law Group *and* paying the X-Law Group's rent and salaries.  [Frank Decl.*,* Exh. F at

16   68:9-69:21; 70:2-73:18.]  X-Law Group offered a vague explanation of why it had a $17 million

17   claim against Eagan Avenatti, LLP in the proof of claim it filed.  [Frank Decl., Exh. I, Claim No.

18   4-1.]

19          Notably, when Judgment Debtor later sought to dismiss the bankruptcy case and agreed to

20   pay off the claims of approved creditors (backed with the security of consent judgments),

21   Judgment Debtor specifically excluded the X-Law Group's claim.  [*See* Frank Decl., Exh. G,

22   Debtor's Motion for Order Approving Settlement and Dismissing Case (Doc. No. 343) at p. 5 n.

23   5.]  Based on these facts, it appears obvious that the purported $17 million sometimes "secured"

24   claim of the X-Law Group was not a legitimate arrangement, but was instead designed to

25   prejudice the rights of Judgment Debtor's actual creditors.  At a minimum, this example

26   demonstrates the need for a restraining order to prevent such future "assignments," or other

27   improper grants or transfers of property.

28

**II.**    **CONCLUSION**

Based on the foregoing, JFL respectfully requests that the Court enter the requested assignment order and grant such other and further relief as is just and proper.

Dated:  June 11, 2018                                        PERKIN COIE LLP


                                                            By: /s/ Sara L. Chenetz
                                                            Sara L. Chenetz

                                                            Attorneys for Judgment Creditor
                                                            Jason Frank Law, PLC