Case 8:17-bk-11961-CB    Doc 489    Filed 07/03/18    Entered 07/03/18 13:09:22    Desc
Main Document    Page 1 of 15

NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
NAJAH J. SHARIFF (Cal. Bar No. 201216)
Assistant United States Attorney
      Federal Building, Suite 7211
      300 North Los Angeles Street
      Los Angeles, California 90012
      Telephone: (213) 894-2534
      Facsimile:  (213) 894-0115
      E-mail: najah.shariff@usdoj.gov

Attorneys for the United States of America

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>EAGAN AVENATI LLP,<br><br>      Debtor. | Case No. 8:17-bk-11961-CB<br><br>Chapter 11<br><br>THE UNITED STATES' MOTION TO ENFORCE ORDER AND FIND DEBTOR IN CONTEMPT; OR, IN THE ALTERNATIVE, TO VACATE DISMISSAL ORDER AND REINSTATE THE CHAPTER 11 CASE; AND DECLARATION OF NAJAH J. SHARIFF IN SUPPORT THEREOF<br><br>Hearing Date:  July 25, 2018<br>Hearing Time:  10:00 AM<br>Location:       Courtroom 5D<br>                  U.S. Bankruptcy Court<br>                  411 West Fourth Street<br>                  Santa Ana, CA 92701 |

      PLEASE TAKE NOTICE that at the above-stated date and time, the UNITED STATES OF AMERICA (hereinafter "United States") on behalf of its agency, the INTERNAL REVENUE SERVICE (hereinafter "IRS") will move to request this Court to enforce its own "Order Approving Stipulation Among Debtor, Michael Avenatti, and the United States of America on Behalf of the Internal Revenue Service Regarding the Terms of Payment of Taxes in the Event of Dismissal of Bankruptcy Case" entered on March 15, 2018 filed at Docket No. 413, and find the Debtor in Contempt requiring immediate payment to the IRS in the amount of $440,291.45, plus accrued interest of $11,709.07; or, in the alternative, to vacate the dismissal

order entered by the Court on March 15, 2018 filed at docket no. 413 and reinstate the Chapter 11 case.

The grounds for this motion are set out more fully in the attached Memorandum of Points and Authorities; the Declaration of Najah J. Shariff; the Stipulation Among Debtor, Michael Avenatti, and the United States of America on Behalf of the Internal Revenue Service Regarding the Terms of Payment of Taxes in the Event of Dismissal of Bankruptcy Case and Order Approving said Stipulation filed at Docket Nos. 341 and 413, respectively; Debtor's Motion for Order Approving Settlement and Dismissing Case and Order approving subject Motion filed at Docket Nos. 343 and 412, respectively, and the pleadings and record in this case, and all other evidence properly presented to the court.

PLEASE TAKE FURTHER NOTICE that Local Bankruptcy Rule 9013-1(f) requires a formal response at least fourteen (14) days before the hearing regarding the Motion. Any response must be in writing, served on the undersigned, and must comply with Local Bankruptcy Rule 9013-1(f) and must include a brief but complete statement of all reasons in opposition and declarations and copies of all documentary evidence on which the responding party intends to rely. Pursuant to Local Bankruptcy Rule 9013-1(h), papers not timely filed and served must be deemed by the Court to be consent to the granting of the Motion.

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

Date: July 3, 2018        _/s/ Najah J. Shariff_____
NAJAH J. SHARIFF
Assistant United States Attorney
Attorneys for the UNITED STATES OF AMERICA

-ii-

# MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

Transfer of Bankruptcy Case

On March 1, 2017, an involuntary petition was filed against the Debtor Eagan Avenatti, LLP ("Debtor") by petitioning creditor Gerald Tobin in the Middle District of Florida with assigned case number 6:17-bk-01329-KSJ. *See* Docket No. 1.  By an Order dated April 21, 2017, the bankruptcy court in the Middle District of Florida granted the United States Trustee's Motion to transfer venue of the bankruptcy case to the Central District of California. *See* Docket Nos. 1 and 70.   On May 16, 2017, the Clerk issued a Notice of Transfer of Case (Inter/Intra District Transfer), and assigned new case number 8:17-bk-11961-CB. *See* Docket No. 74.

IRS Proof of Claim

Here, the IRS filed a Proof of Claim (the "Proof of Claim") totaling in the amount of $1,440,908.72 on April 7, 2017 (Claim 1-1); a first amended Proof of Claim in the amount of $1,080,617.11 on April 28, 2017 (Claim 1-2); a second amended Proof of Claim in the amount of $1,080, 617.11 on May 26, 2017 (Claim 1-3); a third amended Proof of Claim in the amount of $1,080,617.11on June 12, 2017 (Claim 1-4); a fourth amended Proof of Claim in the amount of $2,014,145.67 on July 19, 2017 (Claim 1-5); and a fifth amended Proof of Claim in the amount of $2,357,201.56, which consisted of a secured claim in the amount of $677,410.24, a priority tax claim of $1,259,354.52, and a general unsecured claim of $420,436.80 on October 10, 2017 (Claim 1-6).

Cash Collateral and Adequate Protection

On May 31, 2017, Debtor and the United States entered into a Stipulation permitting the Debtor to use cash collateral and providing for the IRS to receive adequate protection payments, which was supplemented by the Supplement to the Stipulation filed on June 13, 2017. *See* Docket Nos. 91 and 117, respectively.   The supplemented and the interim stipulation were

approved by this Court by its order entered August 7, 2017, Docket No.197. Renewed stipulations were filed on (a) October 5, 2017, Docket No. 253; (b) November 6, 2017, Docket No 276; (c) December 4, 2017, Docket No. 293; and (d) January 9, 2018, Docket No. 311.

United States Payment Stipulation

On January 30, 2018, the Debtor, Michael Avenatti, and the United States entered into a Stipulation entitled "Stipulation Among Debtor, Michael Avenatti, and the United States of America on Behalf of the Internal Revenue Service Regarding the Terms of Payment of Taxes in the Event of Dismissal of Bankruptcy Case" filed at Docket No. 341 ("United States Payment Stipulation"). The United States Payment Stipulation includes an agreed upon payment schedule by the Debtor, Michael Avenatti, and the United States in full satisfaction of its claims against the Debtor and Michael Avenatti, as set forth in the fifth amended proof of claim, Claim 1-6. *See* Docket No. 341, ¶¶ 2-4. The United States Payment Stipulation is conditioned upon the entry of a final order approving said Stipulation. *See* Docket No. 341, ¶ 1. Under the United States Payment Stipulation, Avenatti was required to deliver the Initial Payment (as described below) to Counsel for the United States on or before the 10th calendar day following the entry of the any order dismissing the case. *See* Docket No. 341, ¶ 2. The total amount of the Initial Payment is $1,508,422.30, consisting of all of the "Trust Fund" taxes in the amount of $1,288,276.63, and 20% of the "Non-Trust Fund" taxes due as of February 28, 2018, in the amount of $220,145.70. *Id*. After receipt of the Initial Payment, the remaining balance due by the Debtor to the United States was $880,582.91 (the "Remaining Balance"), with interest accruing on the Remaining Balance at the rate determined by applicable nonbankruptcy law pursuant to section 511 of the Bankruptcy Code, the current rate is 4%. *See* Docket No. at ¶3.

The Debtor agreed to pay the Remaining Balance within 120 days from the date of the entry of the order dismissing the case as follows: (a) $440,291.45, plus accrued interest of $11,709.07, on the 60th day following the date of the entry of the Dismissal Order; and (b) an

-2-

additional $440,291.45 plus accrued interest at the rate determined by applicable nonbankruptcy law pursuant to section 511 of the Bankruptcy Code, on the 120th day following the date of the entry of the Dismissal Order, less credit for any adequate protection payments made by the Debtor pursuant to the IRS Cash Collateral Stipulations in the Case. *See* Docket No. at ¶4. If the Initial Payment is not paid, such that it has not been received by counsel for the United States by close of business on the Initial Payment Due Date, then the case dismissal and the United States Payment Stipulation shall not become effective, and shall be null and void, with each party hereto reserving its/their respective rights. *See* Docket No. at ¶5. The United States Payment Stipulation shall be binding on the Debtor, any committee, any subsequent trustee, Avenatti, the United States, or their successors. *See* Docket No. at ¶8. Notwithstanding the dismissal of the Debtor's bankruptcy case, pursuant to the United States Payment Stipulation the Court shall retain jurisdiction for purposes of enforcing the United States Payment Stipulation. *See* Docket No. at ¶10. By an Order dated March 15, 2018, the Court approved the United States Payment Stipulation ("United States Payment Order"). *See* Docket No. 413.

Motion for Order Approving Settlement and Dismissing Case

On January 30, 2018, the Debtor also filed a Motion for Order Approving Settlement and Dismissing Case ("Dismissal Motion"). *See* Docket No. 343. This Dismissal Motion was seeking an order from the Court, among other things, to implement an expected payment stipulation with the United States, which is conditional upon dismissal of the case. *See* Docket No. 343. By an Order dated March 15, 2018 ("Dismissal Order"), the Court granted the Dismissal Motion and the case was dismissed. *See* Docket No. 412.

Payment Not Received by the United States

Per the United States Payment Stipulation and the United States Payment Order, the United States was supposed to receive a payment of $440,291.45, plus accrued interest of

-3-

$11,709.07 on May 14, 2018. *See* Docket Nos. 341, ¶ 4, and 413.[1]  To date, the United States has not received this May 14, 2018 payment. *See* Shariff Decl., ¶ 8.

Informal Attempts to Resolve the Delinquent Payment

The Undersigned Counsel for the United States ("USA Counsel") has attempted on numerous occasions to secure the delinquent payment from the Debtor without success.  On May 15, 2018, USA Counsel emailed Mark Horoupian who is counsel for Michael Avenatti, principle and responsible officer of Debtor, and cc'd Michael Avenatti, providing notice that the payment of $440,291.45, plus accrued interest of $11,709.07, was not received by the United States by the deadline of May 14, 2018, and requested payment immediately. *See* Declaration of Najah J. Shariff (hereinafter "Shariff Decl.") ¶ 4.  On or about May 17 and May 24, 2018, USA Counsel had telephone discussions with Mr. Horoupian trying to resolve the issue related to the delinquent payment. *See* Shariff Decl., ¶ 5.  Again by emails dated May 21 through 25, 2018 to Mr. Horoupian (and cc'd to Mr. Avenatti) USA Counsel attempted to meet and confer to informally resolve the issue and advised that a Motion to Enforce would be filed and provided until June 1, 2018 to receive the delinquent payment. *See* Shariff Decl., ¶ 6.  Subsequently, on June 1and June 14, 2018, USA Counsel again emailed Mr. Horoupian (and cc'd Mr. Avenatti) requesting the payment and provided notice that this office will move forward to take any and all actions necessary to protect the interest of the United States. *See* Shariff Decl., ¶ 7.  To date, no payment has been received by the United States. *See* Shariff Decl., ¶ 8.

## ARGUMENT

A. **THE BANKRUPTCY COURT HAS JURISDICTION TO ENFORCE ITS ORDER ENTERED ON MARCH 15, 2018 AT DOCKET NO 413.**

"[I]t has been long recognized that all courts have an inherent power to enforce compliance with lawful orders entered by them." *See In re Esposito*, 119 B.R. 305, 307 (D. Fla. 1990) (citing *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787 (1987); *Michaelson v. United States ex rel. Chicago, St. Paul, Minneapolis and Omaha Ry. Co.*, 266 U.S. 42, 65--66 (1924) (same); *United States v. Askew*, 584 F.2d 960, 962 (10th Cir. 1978) (same)).

---

[1] In addition, on July 14, 2018, the Debtor is required to make a final payment of the remainder amount due of $440,291.45, plus accrued interest at the rate determined by applicable nonbankruptcy law pursuant to section 511 of the Bankruptcy Code. *See* Docket Nos. 341, ¶ 4.

- 4 -

The Court in *Esposito* further held that it has the inherent power and an implied statutory power pursuant to Section 105 of the Bankruptcy Court to enforce compliance with the orders entered by the Court. *See In re Esposito*, 119 B.R. at 307.

> Section 105(a) of the Bankruptcy Code provides in relevant part as follows:
>
> The Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement the court orders or rules, or to prevent an abuse of process.

See 11 U.S.C. § 105(a).

Furthermore, the Supreme Court has held that the bankruptcy court "plainly had jurisdiction to interpret and enforce its own orders." *See In Travelers Indemnity Co. v. Bailey,* 557 U.S. 137, 141 (2009) (the Supreme Court upheld the bankruptcy court's jurisdiction to enter a "Clarifying Order" interpreting the scope of an injunction contained in a prior order confirming a chapter 11 plan entered in 1986 because the bankruptcy court "plainly had jurisdiction to interpret and enforce its own orders) (citing from *Local Loan Co. v. Hunt,* 292 U.S. 234, 239, 54 S.Ct. 695, 78 L.Ed. 1230 (1934)). The Ninth Circuit clearly recognizes this principle. *See In re Wilshire Courtyard*, 729 F.3d 1279 (9th Cir. 2013) (quoting *Travelers Indemnity Co.*, and finding that a bankruptcy court had jurisdiction to reopen and issue an order to the California Franchise Tax Board, ordering it show cause why it shouldn't be held in contempt for refusing to comply with the court's earlier Chapter 11 plan confirmation order).

As stated above, this Court has the inherent power and an implied statutory power to enforce the United States Payment Order it entered on March 15, 2018 at Docket No. 413 to require the Debtor to immediately pay the IRS in the amount of $440,291.45, plus accrued interest of $11,709.07. Pursuant to United States Payment Order and the United States Payment Stipulation, the Debtor was required to pay the IRS $440,291.45, plus accrued interest of $11,709.07, by May 14, 2018, which the Debtor has failed to do. *See* Docket Nos. 341 and

413. As described in detail above, Counsel for the United States made several attempts to informally resolve this matter without success. Pursuant to the United States Payment Stipulation, the Court retains jurisdiction for purposes of enforcing subject Stipulation.

**B.    THE UNITED STATES REQUEST THAT THE DEBTOR BE HELD IN CONTEMPT FOR FAILING TO COMPLY WITH A COURT ORDER AND BE REQUIRED TO IMMEDIATELY PAY THE UNITED STATES THE MONIES OWED TO THE GOVERNMENT.**

Bankruptcy courts have jurisdiction to hold Chapter 11 debtors in contempt of court. *See In re Dyer,* 322 F.3d 1178, 1189–90 (9th Cir. 2003) ("Although the availability of civil contempt sanctions under § 105(a) has a checkered past in our circuit, the recent precedent makes clear that this remedy is available." (footnote omitted)); *Walls v. Wells Fargo Bank, N.A.,* 276 F.3d 502, 507 (9th Cir.2002) (holding that § 524(a) may be enforced by the bankruptcy court's contempt power under § 105(a)); *State of Cal. Employment Dev. Dep't. v. Taxel (In re Del Mission Ltd.),* 98 F.3d 1147, 1152 n. 5 (9th Cir.1996) (observing that § 105(a) "is the authority that authorizes a bankruptcy court to award sanctions for ordinary civil contempt"); *Havelock v. Taxel (In re *273 Pace),* 67 F.3d 187, 193 (9th Cir.1995) (holding that "a trustee can recover damages in the form of costs and attorney's fees under section 105(a) as a sanction for ordinary civil contempt"). The court noted that "bankruptcy courts derive their civil contempt authority from § 105(a), which provides in relevant part that: 'The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.'" *In re Count Liberty, LLC,* 370 B.R. 259 (C.D. Cal. 2007) (citing 11 U.S.C. § 105(a)). In a civil contempt action, the moving party has the burden of showing "by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *In re Bennett,* 298 F.3d 1059, 1069 (9th Cir. 2002) (quoting *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir.1999); and *see also In re Icenhower* 755 F.3d 1120, 1139 (9th Cir. 2014).

In the present case, the Debtor is in clear violation of the United States Payment Order entered by this Court on March 15, 2018 because the Debtor has failed to make a payment of $440,291.45, plus accrued interest of $11,709.07, to the United States by May 14, 2018, as agreed to by the Debtor in the United States Payment Stipulation and approved by this Court. The United States respectfully request that the Court find the Debtor in contempt of the United States Payment Order and require the Debtor to make the delinquent payment within 5 calendar days of the Court entering the Contempt Order. Punishment for civil contempt must be either coercive or compensatory. *Dyer,* 322 F.3d at 1192; *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.,* 244 F.3d 1128, 1137–38 (9th Cir.2001); *Falstaff Brewing Corp. v. Miller Brewing Co.,* 702 F.2d 770, 778 (9th Cir.1983); *Oliner v. Kontrabecki,* 305 B.R. 510, 520 (N.D.Cal.2004), *appeal dism'd,* 158 Fed.Appx. 1, 2005 WL 3046363 (9th Cir.2005). Civil contempt sanctions must be wholly remedial and serve either to coerce an individual into future compliance with the court's order or to compensate the complainant for losses resulting from the contemnor's past noncompliance. *See, e.g., Bagwell,* 512 U.S. at 829, 114 S.Ct. 2552; *United States v. United Mine Workers of Am.,* 330 U.S. 258, 303–04, 67 S.Ct. 677, 91 L.Ed. 884 (1947); *Falstaff,* 702 F.2d at 778.

C.    **IN THE ALTERNATIVE, THE UNITED STATES REQUESTS THAT THE COURT VACATE THE DISMISSAL ORDER ENTERED ON MARCH 15, 2018 AND REINSTATE THE CHAPTER 11 CASE.**

Pursuant to Federal Rule of Bankruptcy Procedure 9024, which incorporates Rule 60 of the Federal Rules of Civil Procedure, the United States requests that this Court vacate the order dismissing this case entered on March 15, 2018 at Docket No. 412 and reinstate the Chapter 11 case, in the alternative, if the Debtor continues to fail to pay the delinquent monies owed to the United States. Fed. Bank. R. Civ. 9024 and Fed. R. Civ. P. 60(b)(3) and (6). The Dismissal Order dated March 15, 2018, states in relevant part that this Court "retains post-dismissal

-7-

jurisdiction pursuant to LBR 1017-2(f) and as set forth in the Motion." *See* Docket No. 412, page 4 of 4.   This Motion is made in a timely manner under Rule 9024.

Federal Rule of Civil Procedure 60(b)(3), applicable to this bankruptcy case pursuant to Federal Rule of Bankruptcy Procedure 9024, provides in pertinent part the following:

> On motion and just terms ... the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: ... fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct of an opposing party.

Alternatively, Federal Rule of Civil Procedure 60(b)(6), applicable to these bankruptcy cases pursuant to Federal Rule of Bankruptcy Procedure 9024, provides a basis for relief "for any other reason that justifies relief."  Under Rule 60(b)(6), an order "may be set aside when there is any reason not previously considered in the Rule that justifies granting relief." *Community Dental Services v. Tani,* 282 F.3d 1164, 1168 (9th Cir.2002). "Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *In re Aztec Supply Corp.*, 399 B.R. 480, 487-88 (Bnkr. N.D. Ill. 2009) (quoting *Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990)).   "Rule 60(b)(6) should be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.),* 503 F.3d 933, 941 (9th Cir.2007) (internal quotations omitted) (citations omitted).  "Although Rule 60(b)(6) does not particularize the factors that justify relief . . . it provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice. . . .' " *In re Aztec Supply Corp.*, 399 B.R. at 489 -90 (citing *In re Geberegeorgis*, 310 B.R. 61, 69 (B.A.P. 6th Cir. 2004) (quoting *Klapprott* v. U.S., 335 U.S. 601, 615 (1949)).

In this case, the Debtor and its responsible officer Michael Avenatti made

-8-

misrepresentations to the detriment of the United States; the misconduct of the Debtor and its responsible office Michael Avenatti should not be condoned by this Court.  Here, the Debtor and its responsible officer Michael Avenatti agreed to pay the United States the remaining balance owed within 120 days of the dismissal.  *See* Docket No. 341.   One of the payments was supposed to be paid within 60 days of the dismissal date on March 15, 2018.  *See* Docket No. at ¶4.  The Debtor, however, did not make this payment on May 14, 2018.  As described in detail above, counsel for the United States made several attempts to get the Debtor in compliance, and even provided the Debtor with additional time to make the payment, without success.  *See* Shariff Decl., ¶¶ 4-8.  The Debtor and its responsible officer Michael Avenatti have deliberately made no attempts to pay the delinquent amount which they previously agreed to do by Stipulation.  There has been minimal communication by Debtor and its counsel, and by Michael Avenatti and his counsel, related to the delinquent payment.  There has been no effort or intent made by the Debtor to come into compliance with the delinquent payment.  It is clear by the Debtor's inaction and refusal to provide any resolution to the delinquency that it had no intention to make the remaining payments to the United States.  It is also apparent that the Debtor was only agreeing to pay these remaining amounts so that the United States would consent to dismiss the case.  The United States detrimentally relied upon the Debtor and Michael Avenatti's representations that the remaining payments would be made.  The United States would never have agreed to the dismissal unless the Debtor agreed to full pay the claim of the IRS because the Debtor would have been required to pay these amounts through the bankruptcy.  The Debtor and its principle Michael Avenatti made misrepresentations to the United States that it's claim would be fully paid.  The United States is requesting that the Dismissal Order be vacated and the Chapter 11 case be reinstated in order so that the Debtor will be required to provide for the delinquent payments through the Chapter 11 bankruptcy.   Rule 60(b)(6) "provides 'an equitable remedy to prevent manifest injustice. . . .'"  *In re Howell*, No. SACV15-1883-CAS, LEXIS

-9-

178918 (C.D. Cal. Dec. 22, 2016) at *11-*12 (quoting *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005)); and *see also In re Pasadena Adult Residential Care, Inc.*, No. 2:13–bk–28484–RK, 2015 WL 6443216 (C.D. Cal. Oct. 15, 2015).

## CONCLUSION

For the reasons stated above, the United States' Motion to Enforce Order and Find Debtor in Contempt; or, in the Alternative, to Vacate Dismissal Order and Reinstate the Chapter 11 Case. Furthermore, the Debtors should be required to immediately pay the IRS in the total amount of $440,291.45, plus accrued interest of $11,709.07.

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

Date: July 3, 2018        _/S/_ Najah J. Shariff_____
NAJAH J. SHARIFF
Assistant United States Attorney
Attorneys for the UNITED STATES OF AMERICA

## DECLARATION OF NAJAH J. SHARIFF

I, Najah J. Shariff, pursuant to 28 U.S.C. § 1746(2), hereby declare as follows:

1. I am an Assistant United States Attorney with the Tax Division of the United States Attorney's Office for the Central District of California and have been assigned the duty of defending the interests of the United States of America in this case.

2. In this capacity, I am familiar with the bankruptcy case of Eagan Avenatti, LLC (hereinafter the "Debtor"), case no. 8:17-bk-11961-CB.

3. On March 26, 2018, the Initial Payment of $1,508,422.30 was received by the United States.

4. On May 15, 2018, I emailed Mark Horoupian, counsel for responsible officer of Debtor Michael Avenatti, and cc'd Michael Avennati, providing notice that the additional payment of $440,291.45, plus accrued interest of $11,709.07, was not received by the United States by the deadline of May 14, 2018, and requested payment immediately.

5. On or about May 17 and May 24, 2018, I had telephone discussions with Mr. Horoupian trying to resolve the issue related to the delinquent payment.

6. Again by emails to Mr. Horoupian (and cc'd to Mr. Avenatti) dated May 21 through 25, 2018, I attempted to meet and confer to informally resolve the issue and advised that a Motion to Enforce the Order would be filed and provided until June 1, 2018 to receive the delinquent payment.

7. Subsequently, on June 1 and 14, 2018, I emailed Mr. Horoupian (and cc'd Mr. Avenatti) requesting the payment and provided notice that my office will move forward to take any and all actions necessary to protect the interest of the United States.

8. To date, the May 14, 2018 payment has not been received by the United States.

I declare under penalty of perjury that the foregoing declaration is true and correct.

Executed on July 3, 2018, in Los Angeles, California.

NAJAH J. SHARIFF
Assistant United States Attorney
Attorney for the United States of America

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
300 N. Los Angeles Street, Room 7211
Los Angeles, CA 90012

A true and correct copy of the foregoing document entitled (*specify*): United States' Motion to Enforce Order and Find Debtor in Contempt; Or, in the Alternative, to Vacate Dismissal Order and Reinstate the Chapter 11 Case; and Declaration of Najah J. Shariff in Support Thereof will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 07/03/2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 07/03/2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 07/05/2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

    Honorable Judge Catherine E. Bauer  (by Personal Delivery)
    United States Bankruptcy Court
    Central District of California
    Ronald Reagan Federal Building and Courthouse
    411 West Fourth Street, Suite 5165 / Courtroom 5D
    Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/03/2018 | Barbara Le | *[signature]* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*       **F 9013-3.1.PROOF.SERVICE**

**PROOF OF SERVICE OF DOCUMENT (Attachment)**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- Michael Avenatti    mavenatti@eaganavenatti.com, jregnier@eaganavenatti.com
- Mikel R Bistrow    mikel.bistrow@dinsmore.com, caron.burke@dinsmore.com
- Peter W Bowie    peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- Christopher Celentino    chris.celentino@dinsmore.com, caron.burke@dinsmore.com
- Sara Chenetz    schenetz@perkinscoie.com, dlax@perkinscoie.com;cmallahi@perkinscoie.com;mduncan@perkinscoie.com
- Fahim Farivar    ffarivar@foley.com, amcdow@foley.com;khernandez@foley.com
- Amir Gamliel    amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com;JDerosier@perkinscoie.com
- David B Golubchik    dbg@lnbyb.com, dbg@ecf.inforuptcy.com
- Michael J Hauser    michael.hauser@usdoj.gov
- Mark S Horoupian    mhoroupian@sulmeyerlaw.com, ppenn@sulmeyerlaw.com;mhoroupian@ecf.inforuptcy.com;dperez@sulmeyerlaw.com;ppenn@ecf.inforuptcy.com
- James KT Hunter    jhunter@pszjlaw.com
- Sheri Kanesaka    sheri.kanesaka@fnf.com, Christine.hipp@fnf.com
- Isaac Marcushamer
- Ashley M McDow    amcdow@foley.com, Khernandez@foley.com;Ffarivar@foley.com
- Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
- R Gibson Pagter    gibson@ppilawyers.com, ecf@ppilawyers.com;pagterrr51779@notify.bestcase.com
- Misty A Perry Isaacson    misty@ppilawyers.com, ecf@ppilawyers.com;perryisaacsonmr51779@notify.bestcase.com
- Thomas J Polis    tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
- Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com
- Robert M Saunders    rsaunders@pszjlaw.com, rsaunders@pszjlaw.com
- James R Selth    jim@wsrlaw.net, jselth@yahoo.com;brian@wsrlaw.net;vinnet@ecf.inforuptcy.com
- Najah J Shariff    najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov
- David H Stein    dstein@wilentz.com
- Michael K Symons    mike@symonsmarkwith.com, mike@symonsmarkwith.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

2. **SERVED BY UNITED STATES MAIL:**

**Eagan Avenatti LLP**
520 Newport Center Dr #1400
Newport Beach, CA 92660

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                **F 9013-3.1.PROOF.SERVICE**