**RAINES FELDMAN LLP**
Miles J. Feldman (State Bar No. 173383)
Robert M. Shore (State Bar No. 166018)
Hamid R. Rafatjoo (State Bar No. 181564)
1800 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone: 310.440.4100
Facsimile: 310.691.1367
E-mail:  mfeldman@raineslaw.com
        rshore@raineslaw.com
        hrafatjoo@raineslaw.com

Attorneys for Former Debtor
Eagan Avenatti, LLP

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>EAGAN AVENATTI, LLP,<br><br>Debtor. | Case No. 8:17-bk-11961-CB<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION OF EAGAN AVENATTI LLP FOR A PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF MICHAEL J. AVENATTI AND GERALD TOBIN IN SUPPORT THEREOF**<br><br>Date:    August 8, 2018<br>Time:    10:00 a.m.<br>Place:   Courtroom 5D<br>         411 West Fourth Street<br>         Santa Ana, CA 92701-4593<br><br>Judge: The Hon. Catherine E. Bauer |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on August 8, 2018, at 10:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 5D of the United States Bankruptcy Court for the Central District of California, Santa Ana Division, located at 411 West Fourth Street, Santa Ana, California, Former Debtor Eagan Avenatti, LLP, will and hereby does move the Court for a Protective Order quashing the subpoena *duces tecum* issued to Michael J. Avenatti ("Avenatti") in whole or in part and relieving Avenatti of any obligation to comply with the subpoena (the "Motion").

Good cause exists to grant the requested relief. As an initial matter, the request for documents is startlingly overbroad and unduly burdensome. It requests documents stretching back for six years, all the way to 2013. Many of the requested documents have no conceivable connection to the Former Debtor's assets. Moreover, because the underlying claim of Judgment Creditor Jason Frank Law ("JFL") is grounded entirely in state law, the state law of privilege governs this action. Judgment Creditor is seeking a number of documents that fall squarely within the discovery privileges recognized by California law, which provides the rule of privilege in this action. In addition, the California courts treat the state's privacy provisions, including California's consumer notice and employee notice statutes, as privileges. Under California law, consumers (including the Former Debtor's clients) and employees are entitled to notice and an opportunity to be heard before their personal records may be produced in civil discovery. JFL is seeking both consumer records and employee records, but it has not provided any notice at all to the Former Debtor's clients or employees). Accordingly, its subpoena must be quashed until it gives those notices. That is a second independent basis for quashing the subpoenas.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(f), any opposition to the Motion must be filed with the Clerk of the United States Bankruptcy Court and served upon the United States Trustee, and Former Debtors's counsel at the address set forth in the upper left-hand corner of the first page of this Notice of Motion, by no later than fourteen (14) days before the hearing on the Motion.

1  **PLEASE TAKE FURTHER NOTICE** that the failure to file and serve a timely response to the Motion may be deemed by the Court to be consent to the granting of the relief requested in the Motion.

This Motion is based on this Notice of Motion and Motion; the attached Memorandum of Points and Authorities and Declarations of Michael J. Avenatti and Gerald Tobin; all pleadings and papers on file in this action, all matters of which the Court may take judicial notice; and such further evidence and argument as the Court may consider at the hearing of this Motion.

**WHEREFORE,** the Former Debtor respectfully requests that the Court grant the Motion; and (i) issue a Protective Order quashing the subpoena *duces tecum* issued to Michael J. Avenatti; and (ii) grant the Former Debtor such other and further relief as the Court may deem just and proper under the facts and circumstances of this case.

Dated: July 9, 2018                              RAINES FELDMAN LLP


By:  /s/ Hamid R. Rafatjoo
       Hamid R. Rafatjoo
Attorneys for Former Debtor
Eagan Avenatti LLP

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

JFL's subpoena is improper because it violates California privilege law that is designed to protect the privacy of third parties. JFL's judgment is based entirely on state law. Therefore, the state law of privilege governs claims of privilege. Here, JFL's subpoena seeks both consumer records and employee records as defined by California law. Before such records may be produced, the affected consumers and employees must receive formal notice of the request and an opportunity to object. JFL has not complied with these basic requirements of California law, so its subpoena should be quashed in its entirety.

Turning to the details of the subpoena, first and most simply the request for documents is remarkably overbroad and burdensome. Although the purpose of this process is to enable JFL to collect its judgment from the Former Debtor's *current* assets, the subpoena reaches back *six years* into the past, seeking documents from as far back as 2013. Moreover, many of the document requests obviously have nothing to do with the Former Debtor's assets, because by their terms they are limited to the Former Debtor's liabilities.

In addition, JFL's subpoena seeks documents that invade the attorney-client privilege of the Former Debtor's clients. Most seriously, the subpoena attempts to identify the Former Debtor's clients, whether or not those clients have already filed a lawsuit. ***The Former Debtor has a whistleblower practice***. Until and unless a whistleblower actually files a lawsuit, the privilege governing the very existence of an attorney-client relationship between the whistleblower and the Former Debtor must remain sacrosanct. Otherwise, a whistleblower who has not yet decided to sue may be "outed." The Court simply cannot violate privilege, particularly when the consequences would be this severe. That is doubly the case because, as a contingency-fee firm, the Former Debtor will not earn any legal fees until and unless its whistleblower clients elect to file a lawsuit, so until and unless that occurs, there will be nothing for JFL to collect. In addition to this clear invasion of the atttorney-client privilege of the Former Debtor's clients, the subpoena also seeks documents that invade the financial privacy of the Former Debtor's

employees, various privileges belonging to the Former Debtor, and documents that simply have nothing to do with locating the Former Debtor's assets.

## II.    FACTS

JFL is attempting to collect a judgment against the Former Debtor in the principal amount of $10 million. The Former Debtor is a contingency-fee law firm that assists whistleblowers, among other categories of cases. *Avenatti Decl.*, ¶ 2. Purportedly to advance its collection efforts, JFL has issued (but not yet served) a subpoena on Michael Avenatti, the Former Debtor's managing partner, seeking 37 categories of documents relating or pertaining to the Former Debtor. JFL has not provided any form of notice to the Former Debtor's clients (present or former) or its employees (present or former) that it is attempting to procure production of information relating to them.

The language introducing these categories limits the requested documents to those "evidencing the existence of any assets in which [the Former Debtor] claims a legal or beneficial interest." However, the subpoena seeks information having nothing to do with assets available for collection. For example, the subpoena's very first category seeks information about the Former Debtor's IOLTA and client trust accounts. Of course, it is black letter law that the money in these accounts does not belong to the Former Debtor, but to its clients. *Phillips v. Washington Legal Foundation*, 524 U.S. 156, 164 (1998). Therefore such accounts are not available to satisfy claims against the Former Debtor. Other categories having nothing to do with the Former Debtor's assets (which are therefore outside the subpoena's scope, as limited by its prefatory language) are Category Nos. 6 (the Former Debtor's liabilities), 21-22 (payments made in the past by the Former Debtor to its equity partners), 28-29 (payments made in the past from the Former Debtor's bank accounts), and 36 and 37 (all payments made by the Former Debtor and payroll records). Category No. 1 also seeks cancelled checks or withdrawals from the Former Debtor's accounts (including its client trust accounts), but the Former Debtor obviously does not claim a legal or beneficial interest in these withdrawals.

The subpoena invades the attorney-client privilege and fundamental privacy protections of California law in two different respects. First, even though JFL has not provided notice of its document requests to the Former Debtor's clients, the subpoena includes categories that would invade the attorney-client privilege and privacy rights of those clients. Category No. 11 requests a list of ***all*** of the Former Debtor's clients, ***even those who have not filed lawsuits***. Under California law, until the fact of an attorney-client relationship becomes public, the very fact that a client has consulted an attorney is protected by the client's privacy rights. *Hooser v. Superior Court*, 84 Cal. App. 4th 997, 1006 (2000) (refusing to order disclosure of the identities of undisclosed clients to assist collection efforts: "[U]ntil . . . a public disclosure occurs, the client's identity is itself a matter of privacy, subject to the protection against involuntary disclosure through compelled discovery.").[1] The Former Debtor includes a whistleblower practice among its services. *Avenatti Decl.*, ¶ 2. California law expressly recognizes the privacy concerns of "an employee who is concerned about conduct in his workplace." *Hooser*, 84 Cal. App. 4th at 1006.

Other requests directly invade the attorney-client privilege of the Former Debtor's clients. Category Nos. 14 and 16 seek the clients' retainer agreements. Similarly, Category No. 24 also seeks retainer agreements that identify Michael Avenatti as counsel. California law expressly provides that written fee agreements are privileged. CAL. BUS. & PROF. CODE § 6149. Similarly, because Gerald Tobin assisted the Former Debtor on the investigation of potential claims (*Tobin Decl.*, ¶ 3), Category No. 31, which requests ***all*** documents and communications relating to Mr. Tobin, also invades the attorney-client privilege of the Former Debtor's clients.

The subpoena to Avenatti also invades the privacy rights of the Former Debtor's employees. Category No. 37 requests the Former Debtor's payroll records for six separate years.

---

1. In *Williams v. Superior Court*, 3 Cal. 5th 531, 557 & n.8 (2017), the Supreme Court disagreed with a *per se* rule that the interest required to overcome a privacy right must ***always*** be compelling. However, although the Court disapproved that aspect of the *Hooser* Court's reasoning, it did not suggest that the case was wrongly decided. *Williams* even acknowledged that the *Hooser* Court's use of the compelling need standard might well have been correct. For present purposes, it is enough to observe that JFL's interest in collecting future legal fees from hypothetical lawsuits that ***may in the future*** be filed cannot possibly outweigh the privacy interests of clients, particularly whistleblowers, who have not yet elected to make public their relationship with the Former Debtor.

Category No. 36 seeks *all* payments made by the Former Debtor, which implicates the privacy rights of both the Former Debtor's employees and the Former Debtor's prior clients.

Still other requests directly invade privileges belonging to the Former Debtor itself. Category Nos. 4, 5, 6, 25, 26, 27, 31, and 33 seek "[a]ll documents concerning or relating to" various subject matters. These categories invade the Former Debtor's attorney-client privilege because they are framed broadly enough to require production of communications between the Former Debtor and its litigation counsel regarding the requested subjects. Category No. 8 requests the Former Debtor's tax returns. Under California law, both federal and tax returns are privileged.

### III.  ARGUMENT

The underlying action is grounded purely in state law, so the state law of privilege applies. FED. R. EVID. 501; *Bozzuto v. Cox, Castle & Nicholson, LLP*, 255 F.R.D. 673, 676 (C.D. Cal. 2009). Under California law, written client fee agreements are privileged. CAL. BUS. & PROF. CODE § 6149. California law also makes tax returns privileged. *Deary v. Superior Court*, 87 Cal. App. 4th 1072, 1077-78 (2001) (tax returns are privileged from production in civil litigation); *Webb v. Standard Oil Co.*, 49 Cal. 2d 509, 513-14 (1957) (applying the privilege to both state and federal tax returns). And for the protection of clients (a fraught issue in the whistleblower context), the identity of clients is privileged from production until the fact of the attorney-client relationship has been disclosed to third parties. *Hooser v. Superior Court*, 84 Cal. App. 4th 997, 1006 (2000). Payroll records are likewise privileged, to protect the financial privacy interests of employees. *Schnabel v. Superior Court*, 5 Cal. 4th 704, 723 (1993) (reversing the trial court, refusing to order production of payroll information pertaining to non-party employees). All of these state law privileges must be honored in the present proceeding.

In addition, California has specific procedures intended to give notice to "consumers"[2] and employees so that they may protect their own privacy rights. CAL. CIV. PROC. CODE §§ 1985.3, 1985.6. Federal courts have concluded that, at least in actions (such as this one) where state law furnishes the rule of decision, the federal courts should honor California's substantive privacy

---

2.  An attorney's records pertaining to a client are "personal records" of a "consumer" under California law. CAL. CIV. PROC. CODE § 1985.3(a)(1), (2).

protections. *CatchPlay, Inc. v. Studio Solutions Group, Inc.*, Case No. CV 12-7525 GW (JC), 2013 WL 12146123, at *4 (C.D. Cal. Mar. 28, 2013). Here, it is impossible to honor the privacy rights of non-party clients and employees because they have received no notice whatsoever that their personal records are being sought. Accordingly, although the Court need not use the precise procedures prescribed by the California Code of Civil Procedure, there is no way to vindicate the privacy rights of these non-parties without ensuring that they receive at least some notice of the requested subpoena. Accordingly, the Court can and should quash the subpoena until it is satisfied that the Former Debtor's clients and employees have received adequate notice and an opportunity to be heard with respect to any objections they may have.

## IV.    CONCLUSION

For all of the foregoing reasons, the Former Debtor respectfully requests that the Court (i) grant the requested Protective Order and quash the subpoena issued to Michael Avenatti; and (ii) grant such other and further relief as the Court may deem just and proper under the facts and circumstances of this case..

Dated: July 9, 2018                                         RAINES FELDMAN LLP


By:    /s/ Hamid R. Rafatjoo
       Hamid R. Rafatjoo
       Attorneys for Former Debtor
       Eagan Avenatti LLP

## DECLARATION OF MICHAEL J. AVENATTI

I, Michael J. Avenatti, declare as follows:

1. I am the managing partner of Eagan Associates, LLP ("EA"), which is a law firm with an offices in Newport Beach, California. I make this Declaration based on facts within my personal knowledge. If called upon to testify, I would testify to the facts set forth in this Declaration.

2. A portion of EA's practice is devoted to whistleblower claims. The simple fact is that if a potential whistleblower is discovered to have contacted EA (which has been advertising its whistleblower practice) prior to filing suit, there is a significant risk that our client, the potential whistleblower, would suffer an adverse job action, up through and including the possibility of being fired for a pretextual reason. If the whistleblower works for a government agency, there is even a risk that the potential whistleblower would be subjected to the risk of a criminal investigation. Enduring such an investigation, no matter how ill-founded, would likely be financially ruinous to anyone outside the very highest echelons of a company or a government agency.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 9, 2018.

_____
Michael J. Avenatti

## DECLARATION/AFFIDAVIT OF GERALD TOBIN

I, GERALD TOBIN, declare as follows:

1.      I am a resident of Florida and reside and work in the Orlando, Florida area. Attached to this Declaration/Affidavit is a true and correct photocopy of my current Driver License. I have personal knowledge of the information stated herein and if called to testify to this information would and could do so.

2.      In the early morning hours of June 12, 2016, Mr. Omar Mateen carried out a mass shooting at the Pulse nightclub in Orlando, Florida. Immediately thereafter, I was asked by an attorney of Eagan Avenatti, LLP, a Los Angeles law firm (the "firm"), to assist the firm in gathering evidence and facts for a potential lawsuit related to the shooting. I was informed by the attorney, who I knew previously, that the firm was considering filing a class action or mass action lawsuit relating to the shooting and quickly needed someone "on the ground" to assist with efforts relating to the potential case.

3.      I agreed to assist the firm and began gathering evidence and facts at the direction of the firm. Over the course of this work, I provided the firm with work product resulting from my efforts per our agreement. I was told and I understood that the firm was considering using this work as part of the firm's potential lawsuit on behalf of victims of the shooting.

4.      Weeks later, I was informed by the firm that the firm had decided not to pursue the case for "legal liability reasons" and that I should stop working. I did so and informed the firm that I was owed approximately $28,000 for my efforts. After I provided the firm this amount, a billing dispute arose between me and the firm over my bill, with the

firm claiming that I had over-charged the firm for the work I had done while I claimed that the monies were rightfully due.

5. Unfortunately, as of March 2017, the billing dispute had dragged on and still was not resolved. Upset that the firm had not paid me what I believed I was due, I initiated an involuntary bankruptcy case against the firm in Orlando, Florida. I did so because I had read that such an action usually resulted in getting a debt paid quickly and would place the target under considerable pressure to resolve the matter.

6. At no time prior to filing the bankruptcy case against the firm did anyone associated with the firm ask me to file the case nor did I coordinate the filing with anyone associated with the firm. To be clear, no attorney employed by or associated with the firm, including Mr. Michael Avenatti, ever asked me to file the case. In fact, I had never even communicated with Mr. Avenatti in any form prior to the filing of the bankruptcy case. I filed the case on my own without any prompting or suggesting from anyone associated with the firm and I did so for one reason only - in order to get paid what I believed I was due for the work I had done.

I declare, under penalty of perjury and under the laws of the United States of America and the State of Florida, that the foregoing is true and correct. I have executed this declaration at Orlando, Florida on July 28, 2017.

_____
Gerald Tobin



-11-

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1800 Avenue of the Stars, 12th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*):
**NOTICE OF MOTION AND MOTION OF EAGAN AVENATTI LLP FOR A PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF MICHAEL J. AVENATTI AND GERALD TOBIN IN SUPPORT THEREOF**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 9, 2018 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Michael Avenatti    mavenatti@eaganavenatti.com, jregnier@eaganavenatti.com
- Mikel R Bistrow    mikel.bistrow@dinsmore.com, caron.burke@dinsmore.com
- Peter W Bowie    peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- Christopher Celentino    chris.celentino@dinsmore.com, caron.burke@dinsmore.com
- Sara Chenetz    schenetz@perkinscoie.com, dlax@perkinscoie.com;cmallahi@perkinscoie.com;mduncan@perkinscoie.com
- Fahim Farivar    ffarivar@foley.com, amcdow@foley.com;khernandez@foley.com
- Amir Gamliel    amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com;JDerosier@perkinscoie.com
- David B Golubchik    dbg@lnbyb.com, dbg@ecf.inforuptcy.com
- Michael J Hauser    michael.hauser@usdoj.gov
- Mark S Horoupian    mhoroupian@sulmeyerlaw.com, ppenn@sulmeyerlaw.com;mhoroupian@ecf.inforuptcy.com;dperez@sulmeyerlaw.com;ppenn@ecf.inforuptcy.com
- James KT Hunter    jhunter@pszjlaw.com
- Sheri Kanesaka    sheri.kanesaka@fnf.com, Christine.hipp@fnf.com
- Isaac Marcushamer
- Ashley M McDow    amcdow@foley.com, Khernandez@foley.com;Ffarivar@foley.com
- Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
- R Gibson Pagter    gibson@ppilawyers.com, ecf@ppilawyers.com;pagterrr51779@notify.bestcase.com
- Misty A Perry Isaacson    misty@ppilawyers.com, ecf@ppilawyers.com;perryisaacsonmr51779@notify.bestcase.com
- Thomas J Polis    tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
- Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com
- Robert M Saunders    rsaunders@pszjlaw.com, rsaunders@pszjlaw.com
- James R Selth    jim@wsrlaw.net, jselth@yahoo.com;brian@wsrlaw.net;vinnet@ecf.inforuptcy.com
- Najah J Shariff    najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov
- David H Stein    dstein@wilentz.com
- Michael K Symons    mike@symonsmarkwith.com, mike@symonsmarkwith.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                       **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 9, 2018 I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Via Overnight Delivery
The Honorable Catherine E. Bauer
United States Bankruptcy Court
411 West Fourth Street, Suite 5165
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/9/2018 | Bambi Clark | /s/ Bambi Clark |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**