**RAINES FELDMAN LLP**
Miles J. Feldman (State Bar No. 173383)
Robert M. Shore (State Bar No. 166018)
Hamid R. Rafatjoo (State Bar No. 181564)
1800 Avenue of the Stars, 12th Floor
Los Angeles, CA  90067
Telephone: 310.440.4100
Facsimile:  310.691.1367
E-mail:    mfeldman@raineslaw.com
           rshore@raineslaw.com
           hrafatjoo@raineslaw.com

Attorneys for Former Debtor
Eagan Avenatti, LLP

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No. 8:17-bk-11961-CB |
| EAGAN AVENATTI, LLP, | Chapter 11 |
| Debtor. | **OPPOSITION TO THE UNITED STATES' MOTION TO ENFORCE ORDER AND FIND DEBTOR IN CONTEMPT; OR, IN THE ALTERNATIVE TO VACATE DISMISSAL ORDER AND REINSTATE THE CHAPTER 11 CASE** |
| | Date:   July 25, 2018
Time:   10:00 a.m.
Place:   Courtroom 5D
         411 West Fourth Street
         Santa Ana, CA 92701-4593 |
| | Judge: The Hon. Catherine E. Bauer |

Eagan Avenatti, LLP, the former chapter 11 debtor in the above-captioned case ("EA"), hereby files its Opposition to The United States' Motion to Enforce Order and Find Debtor in Contempt; or, In the Alternative, to Vacate Dismissal Order and Reinstate the Chapter 11 Case (the "Motion") [Dkt. No. 489].

In support of this Opposition, EA respectfully represents as follows:

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

The tone and vitriolic language contained in the Motion make it clear that the Motion was written for the press and to fulfill an agenda other than collection of the remaining balance due by EA to the Internal Revenue Service (the "IRS"). Indeed, this fact becomes self-evident in light of the IRS's failure to oppose the Amended Motion for Entry of Assignment Order and Restraining Order (the "Assignment Motion") by Jason Frank Law PC ("JFL") which sought to leap-frogged JFL's claim ahead of the IRS's and bar any payment to any and all creditors, including the IRS.

The IRS was served with the Assignment Motion and knew it would render EA **legally** unable to pay the remaining claim of the IRS. Yet, the IRS did not oppose the Motion. Instead, the IRS filed the current Motion, set it for hearing two weeks after the hearing on the Assignment Motion, and filled it with venomous unsupported allegations requesting that Mr. Avenatti be held in "contempt" and alleging that Mr. Avenatti intentionally "misrepresented" facts to the IRS. **The IRS has not provided a shred of evidence in support of its baseless assertions that Mr. Avenatti intentionally misrepresented any facts to the IRS for one simple reason – there is none. Indeed, to be clear, at no time has Mr. Avenatti ever made any purposeful misrepresentations to the IRS or its lawyers and any claim to the contrary is baseless.[1]**

Notwithstanding the foregoing, in light of the Court's recent Order Granting In Part And Denying In Part Amended Motion for Assignment and Restraining Order (the "Restraining Order"), the Motion should be denied as all of EA's creditors will have full notice and opportunity to be paid as monies come into EA.

---

[1] The IRS appears to be suggesting that every time a term in a settlement agreement is not met, it gives rise to an argument of an intentional misrepresentation. This is breathtaking in its falsity and reflects a fundamental misunderstanding of the law.

1

**II.    FACTS**

On January 30, 2018, EA and the IRS entered into a stipulation which provided for the payment of the IRS's $2,389,004.89 claim (the "IRS Stipulation"). On March 15, 2018, the Court entered an order approving the IRS Stipulation (the "IRS Stipulation Approval Order").

EA timely made the initial payment of $1,508,422.30, which resulted in a remaining claim of approximately $880,000, which has yet to be paid but which is expected to be paid shortly.

**III.    ARGUMENT**

Through the Motion, the IRS requests: (a) EA be held in contempt for failing to comply with the IRS Stipulation Approval Order; or (b) the Court to vacate its order dismissing EA's bankruptcy case and reinstate EA's Chapter 11. The relief requested by the IRS is not warranted and amounts to a drastic overreach.

    **A.    <u>EA Did Not Violate This Court's Order</u>**

The IRS and EA entered into a stipulation which provided for certain payments to the IRS. The IRS Stipulation Approval Order approved the IRS Stipulation. The IRS Stipulation Approval Order simply states that "[t]he Stipulation is approved."  The Bankruptcy Court reviewed and analyzed the IRS Stipulation and approved it.

EA did not violate any Court order such that it can be held in "contempt." The terms of the settlement with the IRS were not met after EA paid the IRS claim down by approximately 63%. In hindsight, EA would have been materially better-off if it had made the payment to JFL rather than the IRS. The IRS claim would have accrued interest rather than doubled.

    **B.    <u>The Court Should Not Vacate Its Dismissal Order</u>**

On July 11, 2018, the Court entered its Restraining Order. The Restraining Order requires that EA not assign, encumber, or in any way transfer "any proceeds, attorney's fees, costs, rights to payments and accounts receivable it is or may be entitled to receive from the lawsuits….." In addition, EA is to provide notice of (a) any fee hearing in the cases listed on Exhibit A to the Assignment Motion and (b) any monies that have been received by EA, "Avenatti & Associates,

1  Michael Avenatti, or Michael Eagan, or any entity controlled by Debtor, Avenatti & Associates, Michael Avenatti, or Michael Eagan."

If the IRS's true agenda is to be paid the remaining balance of its claim, the Court's Restraining Order provides the IRS with the best and fastest means of recovery as it causes the IRS to have notice of any monies that are received and prevents EA from diverting or misusing such monies. However, if the IRS's agenda is to create negative press snippets then it should continue down its "enforcement" path.

In either case, EA does intend to reach a resolution with the IRS (just as it does with JFL) regarding the payment of its claim.

**IV.  CONCLUSION**

For all of the foregoing reasons, EA respectfully requests that the Court deny the Motion and grant EA such other and further relief as the Court deems just and proper under the facts and circumstances of this case.

Dated: July 13, 2018                                   RAINES FELDMAN LLP


By:        /s/ Hamid R. Rafatjoo
            Hamid R. Rafatjoo
      Attorneys for Former Debtor
      Eagan Avenatti LLP

-3-

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1800 Avenue of the Stars, 12th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*):
**OPPOSITION TO THE UNITED STATES' MOTION TO ENFORCE ORDER AND FIND DEBTOR IN CONTEMPT; OR, IN THE ALTERNATIVE TO VACATE DISMISSAL ORDER AND REINSTATE THE CHAPTER 11 CASE**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 13, 2018 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Michael Avenatti   mavenatti@eaganavenatti.com, jregnier@eaganavenatti.com
- Mikel R Bistrow   mikel.bistrow@dinsmore.com, caron.burke@dinsmore.com
- Peter W Bowie   peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- Christopher Celentino   chris.celentino@dinsmore.com, caron.burke@dinsmore.com
- Sara Chenetz   schenetz@perkinscoie.com, dlax@perkinscoie.com;cmallahi@perkinscoie.com;mduncan@perkinscoie.com
- Fahim Farivar   ffarivar@foley.com, amcdow@foley.com;khernandez@foley.com
- Amir Gamliel   amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com;JDerosier@perkinscoie.com
- David B Golubchik   dbg@lnbyb.com, dbg@ecf.inforuptcy.com
- Michael J Hauser   michael.hauser@usdoj.gov
- Mark S Horoupian   mhoroupian@sulmeyerlaw.com, ppenn@sulmeyerlaw.com;mhoroupian@ecf.inforuptcy.com;dperez@sulmeyerlaw.com;ppenn@ecf.inforuptcy.com
- James KT Hunter   jhunter@pszjlaw.com
- Sheri Kanesaka   sheri.kanesaka@fnf.com, Christine.hipp@fnf.com
- Isaac Marcushamer
- Ashley M McDow   amcdow@foley.com, Khernandez@foley.com;Ffarivar@foley.com
- Malhar S Pagay   mpagay@pszjlaw.com, mpagay@pszjlaw.com
- R Gibson Pagter   gibson@ppilawyers.com, ecf@ppilawyers.com;pagterrr51779@notify.bestcase.com
- Misty A Perry Isaacson   misty@ppilawyers.com, ecf@ppilawyers.com;perryisaacsonmr51779@notify.bestcase.com
- Thomas J Polis   tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
- Hamid R Rafatjoo   hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com
- Robert M Saunders   rsaunders@pszjlaw.com, rsaunders@pszjlaw.com
- James R Selth   jim@wsrlaw.net, jselth@yahoo.com;brian@wsrlaw.net;vinnet@ecf.inforuptcy.com
- Najah J Shariff   najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov
- David H Stein   dstein@wilentz.com
- Michael K Symons   mike@symonsmarkwith.com, mike@symonsmarkwith.com
- United States Trustee (SA)   ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*     **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 13, 2018 I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Via Overnight Delivery
The Honorable Catherine E. Bauer
United States Bankruptcy Court
411 West Fourth Street, Suite 5165
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/13/2018 | Bambi Clark | /s/ Bambi Clark |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                              **F 9013-3.1.PROOF.SERVICE**