Sara L. Chenetz, State Bar No. 206936
SChenetz@perkinscoie.com
Amir Gamliel, State Bar No. 268121
AGamliel@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Attorneys for Jason Frank Law, PLC, Jason Frank,
Scott Sims, Andrew Stolper, and Frank Sims &
Stolper LLP

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>EAGAN AVENATTI, LLP,<br><br>Debtor. | Case No. 8:17-bk-11961-CB<br><br>**RESPONSE OF JASON FRANK LAW, PLC, JASON FRANK, SCOTT SIMS, ANDREW STOLPER AND FRANK SIMS & STOLPER LLP TO THE UNITED STATES' MOTION TO ENFORCE ORDER AND FIND DEBTOR IN CONTEMPT; OR, IN THE ALTERNATIVE, TO VACATE DISMISSAL ORDER AND REINSTATE CHAPTER 11 CASE**<br><br>Date:  July 25, 2018<br>Time:  10:00 a.m.<br>Place: Courtroom 5D<br>       411 West Fourth Street<br>       Santa Ana, CA 92701-4593<br><br>JUDGE: HON. CATHERINE E. BAUER |

**I.    Introduction**

This response is submitted on behalf of Jason Frank Law, PLC ("JFL"), Jason Frank ("Frank"), Scott Sims ("Sims"), Andrew Stolper ("Stolper") and Frank Sims & Stolper, LLP ("FSS") (collectively, the "FSS Parties") to the United States Motion to Enforce Order and Find Debtor in Contempt; or, in the Alternative, to Vacate Dismissal Order and Reinstate the Chapter 11 Case. The FSS Parties are parties to the Settlement Agreement and Releases (the "Settlement") with Eagan Avenatti, LLP ("EA"), Michael Avenatti ("Avenatti"), Avenatti & Associates, APC and Michael Eagan (collectively the "EA Parties").

The FSS Parties have no objection to the United States' request to find EA and its managing partner, Avenatti, in contempt of Court. The FSS Parties further have no objection to United States' alternative request to vacate dismissal of EA's Chapter 11 case, so long as it does not vacate the Settlement or otherwise impact other relief issued by this Court and actions taken in reliance thereon, as further discussed below. Otherwise, the FSS Parties object to this alternative remedy because it would unfairly harm creditors and other third parties.[1]

**II.  If an Order is Entered Vacating Dismissal of the Case, It Must Expressly Be Limited to Vacatur of Dismissal and Exclude Any Impact on Other Relief Previously Granted**

The United States is requesting this Court find EA and Avenatti in contempt for violating the IRS Stipulation. In the alternative, the United States "seeks to vacate the dismissal order entered by the Court on March 15, 2018 filed at Docket no. 413 and reinstate the Chapter 11 case."

However, that March 15, 2018 order, entitled "Order Granting Motion Approving Settlement Dismissing Case and Related Relief" (the "March 15 Order") did more than just dismiss the Chapter 11 case. It (a) approved the Settlement and directed EA to take all steps

---

[1] The FSS Parties note that the motion was served on parties which requested notice in this case, but not all creditors. It appears all creditors were served with notice of the Motion for Order Approving Settlement and Dismissing Case. Consequently, if the Court considers granting the United States' alternative request to vacate the dismissal, then it would seem appropriate to provide notice to all creditors to ensure they have an opportunity to be heard.

1  necessary to implement and effectuate the Settlement Agreement, (b) authorized and directed
2  payment of the Initial Payment to the United States within ten days after its entry; (c) authorized
3  and directed the payment of professional fees to Pachulski Stang Ziehl & Jones and Dinsmore &
4  Shohl, LLP; (d) allowed JFL's claim in the amount of $10 million; (e) allowed certain claims for
5  indemnification, contribution and insurance coverage brought by Frank, Sims, Stolper and JFL;
6  (f) approved a payment plan for the majority of EA's unsecured creditors and authorized the
7  release of confessions of judgment to these unsecured creditors in the event of default and (g)
8  granted other relief.  [March 15 Order at ¶¶ 1-8.]

9  Actions were taken in reliance on the March 15 Order and its referenced agreements
10  which cannot be undone; i.e., the egg cannot be unscrambled.  Even attempting to unravel these
11  agreements, if at all possible, would cause substantial harm to the FSS Parties, general unsecured
12  creditors and other third parties.

13  The IRS appreciates these concerns.  Consequently, the FSS Parties and the United States,
14  on behalf of the IRS, have conferred and agreed that to the extent the Court determines to grant
15  the alternative relief sought, such relief should only be granted through entry of an order which
16  expressly provides that the vacatur only applies to the dismissal of the Chapter 11 case, and
17  specifies that all other orders and judgments of this Court, and the subsequent actions taken
18  pursuant thereto, remain in effect and are not rescinded, void or voidable.  The IRS and FSS
19  Parties have entered into a Stipulation setting forth the specific terms that would need to be
20  included in any order vacating the dismissal to ensure it does not impact the Court's other orders
21  and judgments.   This stipulation is attached hereto as Exhibit A.

**III. Applicable Law Supports the Grant of the Agreed Alternative Relief**

23  "The Ninth Circuit has ruled that after dismissal the bankruptcy court has ancillary
24  jurisdiction to 'interpret' and 'effectuate' its orders." *In re Aheong*, 276 B.R. 233, 240 (B.A.P.
25  9th Cir. 2002) (citing *In re Taylor*, 884 F.2d 478, 481 (9th Cir. 1989)).  An order dismissing a
26  bankruptcy case is not an order closing the bankruptcy proceedings. *In re Income Prop. Builders,*
27  *Inc.*, 699 F.2d 963, 965 (9th Cir. 1982).   It is, however, considered a judgment, relief from which
28  may be obtained pursuant to Federal Rule of Civil Procedure Rule 60 as incorporated by

Bankruptcy Rule 9024. *In re Staff Inv. Co.*, 146 B.R. 256, 263 (Bankr. E.D. Cal. 1992). Based on this authority, the United States has sought its alternatively requested relief.

When considering whether to grant such relief, equitable principles apply. *Staff Inv. Co.*, 146 B.R. at 263. This is especially the case when considering whether to grant relief from a judgment in a bankruptcy matter, because bystanders will often be affected by the outcome. *Id.* "There is potential for such persons to change their positions in good faith reliance of the finality of the court's decision." *Id.* That is certainly the case here.

As noted above, the Court's March 15 Order not only dismissed the case, it also approved the JFL Settlement, allowed claims, and provided payment protections for claims held by the majority of EA's unsecured creditors. [March 15Order, ¶¶ 1-8.] In accordance with those terms, subsequent actions were taken by the parties that cannot be undone. For example:

- Pursuant to the Section 4 of the Settlement, within 16 days after entry of the Dismissal Order (i.e., the March 15 Order), Sims was required to dismiss his arbitration against EA *with prejudice* (an arbitration in which he sought in excess of $400,000), which he did in accordance with the order. [Settlement, § 4.1.] JFL was likewise required to dismiss his arbitration against EA *with prejudice* and did so. [*Id.*]

- Pursuant to Sections 2 and 4 of the Settlement, with 16 days after entry of the Dismissal Order, EA was required to withdraw all liens on lawsuits maintained by FSS's clients, and dismiss, release and forever waive and forego, *with prejudice and finality*, any present or future claims for damages against the FSS Parties, their clients and co-counsel, which EA did in accordance with the Dismissal Order. [Settlement, §§ 2.1, 2.2.] This included dismissing lawsuits against third-parties Kimberly Birbrower, Scott Callaway and Authentic Entertainment Properties ("AEP"). [*Id.*, § 4.1.] Birbrower and Callaway, as well as the FSS Parties and their third-party co-counsel (Yuhl Carr, LLP and McNicholas & McNicholas, LLP), have already collected the sums owed in these underlying lawsuits in reliance on these liens being withdrawn.

- AEP was also required to dismiss its arbitration claim for attorney misconduct against EA, which would now likely be time-barred under the applicable one-year statute of limitations. [Settlement § 4.1.]

- Pursuant to Section 3 of the Settlement, JFL's claims against EA were liquidated to an agreed sum of $10 million, which claim was allowed by the Court pursuant to the March 15, 2018 Order. [Settlement, § 3.1; March 15 Order, ¶ 5.] This claim has now been reduced to a judgment for $10 million as a result of EA's breach of the Settlement, and JFL has incurred substantial sums in its efforts seeking to enforce that Judgment.

- Pursuant to Section 3 of the Settlement, Avenatti was required to personally guarantee the payment of $4.85 million to JFL from EA, which he did in accordance with the March 15 Order. [Settlement, §§ 3.3, Exh. D.] JFL has incurred attorneys' fees and costs enforcing that Guaranty against Avenatti in a lawsuit filed in California Superior Court.

- EA's unsecured creditors, who held identified claims approved by EA, agreed to a payment plan to receive the full amount of their claims, and in return received confessions of judgment they could immediately file against EA in the event of a default. [March 15 Order, ¶ 8.]

In sum, it is not possible to turn back the clock and go back to the status quo prior to the entry of the March 15 Order. Lawsuits have been dismissed *with prejudice*, and parties have taken additional actions in reliance on the March 15 Order's terms that cannot be unwound. Consequently, any order vacating the dismissal must expressly exclude the other relief granted by the Court or in any way impacting actions taken in connection with or in reliance on the other relief granted. Otherwise, the vacatur would impermissibly and inequitably prejudice innocent creditors and third parties. *See Staff Inv. Co.*, 146 B.R. at 263 (noting that without such protections, "the existence of a long interval, a large number of creditors, or substantial post-dismissal transactions may result in revocation of dismissal creating more problems than it solves.")

1    In addition, any order vacating the dismissal must expressly state it is not *retroactively* reinstating the automatic stay.  There is overwhelming support for the proposition that the vacatur of an order dismissing a bankruptcy case does not *retroactively* impose the automatic stay.  *See In re Sewell*, 345 B.R. 174, 180-81 (B.A.P. 9th Cir. 2006); *In re Nelson*, No. 16-44597, 2017 WL 745595, at *2 (Bankr. W.D. Wash. Feb. 24, 2017) ("[T]he general rule is that the stay is re-imposed only prospectively when a dismissal is vacated"); *In re Nagel*, 245 B.R. 657, 662 (Bankr. D. Ariz. 1999) (retroactive reinstatement of Chapter 11 case was "a kind of judicial time travel that cannot be reconciled with the law") *see also In re Holloway*, 565 B.R. 435, 438-39 (Bankr. M.D. Ala. 2017) (citing various cases throughout the U.S. holding that vacating dismissal order does not retroactively reinstate automatic stay).  The policy reasons for such a rule is obvious.  Without such a rule, actions taken after the dismissal but before the vacatur would be rendered retroactively void.  *Sewell*, 345 B.R. at 180-81 (noting that "if reinstatement orders were to retroactively impose the automatic stay there would be no way to protect against [transactions] being rendered retroactively void at some future date.")

With that said, there are cases which have retroactively imposed the automatic stay when the vacatur order was silent on this issue.  *See In re Hakim*, 244 B.R. 820, 822 (Bankr. N.D. Cal. 1999) (holding that "[i]n vacating the dismissal order, the Court returned the case to the status quo before entry of the order of dismissal.  The automatic stay was in place at the time of dismissal, and should remain in effect."); *but see Sewell*, 345 B.R. at 179-80 (rejecting the analysis in *Hakim*).  Accordingly, to prevent such an unintended and pernicious result, if the Court vacates the dismissal, it should expressly state that it is not *retroactively* imposing the stay.  *Id.* ("We see no reason why the bankruptcy court could not defer reimposing the automatic stay in fairness to other parties in interest., just as the bankruptcy court has broad discretion whether to grant relief from the automatic stay retroactively, prospectively, or as of a future date and time.")

**IV. Conclusion**

The FFS Parties have no objection to the grant of the primary relief sought by the IRS, compelling payment and holding Eagan Avenatti, LLP and Avenatti in contempt of Court.

1 | However, the alternative relief sought should be denied unless the order granting the alternative
2 | relief includes the terms set forth in the Stipulation.

3 | DATED: July 13, 2018          **PERKINS COIE LLP**

By:  /s/ *Sara L. Chenetz*
     Sara L. Chenetz

Attorneys for Jason Frank Law, PLC, Jason Frank, Scott Sims, Andrew Stolper, and Frank Sims & Stolper LLP

# EXHIBIT A

1  Sara L. Chenetz, State Bar No. 206936
   SChenetz@perkinscoie.com
2  Amir Gamliel, State Bar No. 268121
   AGamliel@perkinscoie.com
3  PERKINS COIE LLP
   1888 Century Park East, Suite 1700
4  Los Angeles, CA  90067-1721
   Telephone:  310.788.9900
5  Facsimile:  310.788.3399

6  Attorneys for Jason Frank Law, PLC, Jason Frank, Scott
   Sims, Andrew Stolper, and Frank Sims & Stolper LLP
7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    SANTA ANA DIVISION

11 In re:                          Case No. 8:17-bk-11961-CB

12 EAGAN AVENATTI, LLP,            Chapter 11

13         Debtor.                 **STIPULATION BETWEEN THE UNITED
                                   STATES, ON BEHALF OF INTERNAL
14                                 REVENUE SERVICE, AND THE FSS
                                   PARTIES REGARDING MOTION TO
15                                 ENFORCE ORDER AND FIND DEBTOR IN
                                   CONTEMPT; OR, IN THE ALTERNATIVE,
16                                 TO VACATE DISMISSAL ORDER AND
                                   REINSTATE THE CHAPTER 11 CASE**
17

18                                 Date:       July 25, 2018
                                   Time:       10:00 a.m.
19                                 Place:      Courtroom 5D
                                               411 West Fourth Street
20                                             Santa Ana, CA 92701-4593
21
                                   Judge: The Hon. Catherine E. Bauer
22

23

24

25

26

27

28

This Stipulation (the "Stipulation") is entered into by and between Jason Frank Law, PLC ("JFL"), Jason Frank, Scott Sims, Andrew Stolper, and Frank Sims & Stolper LLP ("FSS") (collectively the "FSS Parties") and the United States of America ("United States") on behalf of its agency, the Internal Revenue Service. ("IRS"), by and through their respective counsel in connection with the United States' Motion to Enforce Order and Find Debtor in Contempt; or in the Alternative, to Vacate Dismissal Order and Reinstate the Chapter 11 Case (Docket No. 489) (the "Motion").

## RECITALS

A. On July 3, 2018, the United States filed the Motion.

B. A hearing on the Motion is currently set for July 25, 2018, at 10:00 a.m. By order dated July 12, 2018 (Docket No. 502), the date by which the FSS Parties may oppose or otherwise respond to the Motion was extended until July 13, 2018.

C. As alternative relief, through the Motion the United States seeks that the Court vacate its March 15, 2018 Order Granting Motion Approving Settlement and Dismissing Case and Related Relief (Docket No. 412) ("March 15 Order") to the extent the March 15 Order dismissed the above-captioned case ("Case").

## STIPULATION

It is hereby STIPULATED and AGREED as follows:

1. The FSS Parties and United States, on behalf of the IRS, have conferred regarding the terms on which the grant of the alternative relief sought through the Motion may be acceptable to the IRS and FSS Parties, and they have agreed that to the extent the Court determines to grant the alternative relief sought, such relief should only be granted through entry of an order including the following terms:

A. The March 15 Order is vacated only to the extent that the portion of paragraph 1 of the March 15 Order which states "and the Case is dismissed" will be vacated. All other provisions of the March 15 Order remain in full force and effect and are unaltered by entry of this order, including without limitation the following:

(i) All payments made pursuant to the United States Payment Stipulation (as defined in the Motion) shall not be recovered, recoverable, void, voidable or voided. (March 15 Order, ¶ 2; United States Payment Stipulation (Docket No. 341); Order Approving United States Payment Stipulation (Docket No. 413).

(ii) All payments of professional fees made to Pachulski Stang Ziehl & Jones LLP and Dinsmore Shohl LLP will remain in effect and shall not be recovered, recoverable, void, voidable or voided. (March 15 Order, ¶¶ 3, 4).

(iii) The Court's approval of the JFL Settlement (as defined in the March 15 Order), and all related agreements, including without limitation the Guaranty, dated as of December 12, 2017 between Michael J. Avenatti ("Avenatti") and JFL shall remain in full force and effect, and their terms and all actions taken pursuant to their terms and any monies obtained pursuant to their terms shall not be recovered, recoverable, void, voidable or voided. (March 15 Order, ¶ 1; JFL Settlement, § 3.3, Exh. A).

(iv) Claim 8-1 shall remain allowed in the amount of $10,000,000.00 and otherwise to the extent set forth in paragraph 5 of the March 15 Order and shall not be subject to reconsideration, shall not be rescinded, void, avoidable or voided. (March 15 Order, ¶ 5).

(v) Claims 6-1, 7-1, 9-1 shall remain allowed on the terms set forth in paragraph 7 of the March 15 Order and shall not be subject to reconsideration, shall not be rescinded, void, avoidable or voided. (March 15 Order, ¶ 7).

(vi) The confessions of judgment issued to holders of Identified Claims (as defined in the March 15 Order) shall remain in full force and effect and shall not be recovered, recoverable, void, avoidable or voided. (March 15 Order, ¶ 8).

(vii) All dismissals of lawsuits and withdrawals of liens by Eagan Avenatti, LLP ("EA") against FSS's clients as required by the terms of the JFL Settlement will remain in full force and effect and will not be recovered, recoverable, void, avoidable or voided. (March 15 Order ¶ 1; JFL Settlement, §§ 2, 4, 5).

  (ix) The releases of claims set forth in Section 5 of the JFL Settlement will remain in full force and effect and shall not be recovered, recoverable, void, avoidable or voided. (March 15 Order ¶ 1; JFL Settlement, § 5).

 B. The following orders, judgments and other actions of this Court shall remain in full force and effect and shall not be rescinded, void, avoidable or voided:

  (i) Order Granting Motion for Entry of Judgment Against EA and in Favor of JFL, entered on May 22, 2018 (Docket No. 444).

  (ii) Judgment ("Judgment") entered in favor of JFL in the amount of $10,000,000.00, plus interest and reasonable attorneys' fees and costs, entered on May 22, 2018 (Docket No. 445).

  (iii) Writ of Execution entered in favor of JFL on June 6, 2018.

  (iv) Order Approving Application for Service of Process by Registered Process Server entered on June 12, 2018 (Docket No 462).

  (v) Order Granting in Part and Denying in Part JFL's Amended Motion for Assignment and Restraining Order ("Restraining Order"), entered on July 11, 2018 (Docket No. 498).

 C. EA shall comply with all requirements of paragraph 2 of the Restraining Order.

 D. JFL's Notice of Judgment Lien against EA, filed with the California Secretary of State on June 7, 2018 shall remain in full force and effect and shall not be rescinded, void, avoidable or voided.

 E. The automatic stay contained in 11 U.S.C. section 362(a) is in effect prospectively only as of the entry of this order and shall not be applied retroactively in this case. Furthermore, the actions taken in connection with and the terms and effectiveness of the orders and other relief identified in paragraphs B and D above are expressly exempted from the automatic stay.

 F. All other orders and judgments entered and actions taken in this Case since March 15, 2018 remain in full force and effect.

1  DATED: July 13, 2018                     PERKINS COIE LLP

2

3                                           By: /s/ Sara L. Chenetz
                                                Sara L. Chenetz
4
                                            Attorneys for Jason Frank Law, PLC, Jason
5                                           Frank, Scott Sims, Andrew Stolper, and Frank
                                            Sims & Stolper LLP
6

7
   DATED: July 13, 2018                     NICOLA T. HANNA
8                                           United States Attorney
                                            THOMAS D. COKER
9                                           Assistant United States Attorney
                                            Chief, Tax Division
10

11                                          By: /s/ Najah J. Shariff
12                                              Najah J. Shariff

13                                          Assistant United States Attorney
                                            Attorneys for the United States of America
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28