NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
NAJAH J. SHARIFF (Cal. Bar No. 201216)
Assistant United States Attorney
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2534
    Facsimile:  (213) 894-0115
    E-mail: najah.shariff@usdoj.gov

Attorneys for the United States of America

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>EAGAN AVENATTI, LLP,<br><br>                Debtor. | Case No. 8:17-bk-11961-CB<br><br>Chapter 11<br><br>REPLY OF THE UNITED STATES TO DEBTOR'S OPPOSITION TO THE MOTION TO ENFORCE ORDER AND FIND DEBTOR IN CONTEMPT; OR, IN THE ALTERNATIVE, TO VACATE DISMISSAL ORDER AND REINSTATE THE CHAPTER 11 CASE<br><br>Hearing Date:  July 25, 2018<br>Hearing Time:  10:00 AM<br>Location:       Courtroom 5D<br>                   U.S. Bankruptcy Court<br>                   411 West Fourth Street<br>                   Santa Ana, CA 92701 |

      The UNITED STATES OF AMERICA (hereinafter "United States") on behalf of its agency, the INTERNAL REVENUE SERVICE (hereinafter "IRS") submits this Reply to the Opposition filed by the Debtor Eagan Avenatti, LLP ("Debtor") to the government's Motion to Enforce Order and Find Debtor in Contempt; or, in the Alternative to Vacate Dismissal Order and Reinstate the Chapter 11 Case ("Motion"). The grounds for this Reply are set out more fully below.

The United States' Motion asking the Court to enforce its Order ("United States Payment Order" as defined in the Motion) entered on March 15, 2018, approving the United States Payment Stipulation (as defined in the Motion) between the Debtor, Michael Avenatti, and the United States, should be granted because the Debtor's Opposition is insufficient to overcome the relief requested by the United States.  Furthermore, the Debtor's Opposition to the Motion is deficient and ineffectual in at least six respects, as discussed below.

      1.    <u>The Debtor's Opposition fails to cite or rely on any legal authority in support of denial of the Motion.</u>

The Debtor's Opposition fails to cite and does not rely on any legal authority for opposing the government's Motion.  Indeed, no authority could be cited because the Debtor is without excuse for its failure to fully do what it agreed to do and was specifically obligated to do-namely pay to the United States sums certain-- by dates certain.  In its Opposition, the Debtor unequivocally admits that it did not pay the United States the sum of $440,291.45, plus accrued interest, by May 14, 2018, implicitly conceding that it is in violation of the United States Payment Order.[1]  *See* Docket Nos. 341, ¶ 4 (a), 412 and 413.  The Debtor also acknowledged in its Opposition that it would not be making the subsequent payment due to the United States by July 14, 2018 for the remainder balance of $440,291.45, and it did not, thereby being in further violation of the United States Payment Order.[2] *See* Docket Nos. at 341, ¶ 4 (b), 412, and 413. These undisputed facts coupled with the failure to cite any authority to excuse the Debtor's disobedience leads to the unassailable conclusion that the government's Motion should be granted.

---

[1] The Debtor elected to partially comply, making only the required Initial Payment (as defined in the Motion and the United States Payment Stipulation) and no more.
[2] This subsequent payment due on July 14, 2018, has not been paid by the Debtor.

      2.      <u>The Debtor's Opposition provides no factual showing of good cause for the Debtor's failure to make full payment</u>.

In addition to the lack of legal authority, the Debtor does not bother to offer the Court any factual explanation why it failed to pay the payroll taxes. The Debtor's Opposition fails to impart any factual showing of good cause for the Debtor's failure to comply with the United States Payment Order. Furthermore, the Debtor's Opposition fails to offer any evidence to illustrate the steps taken, if any, to comply with the United States Payment Order, with respect to the remaining $880,582.91 owed. The Debtor also fails to present any information on when and how the United States will be paid the sum totaling $880,582.91.[3]

With neither legal grounds in support of its Opposition nor any factual basis to excuse the Debtor's failure to pay its payroll taxes, the Debtor's Opposition is insufficient to overcome the government's Motion. There is nothing in the Opposition for the Court to entertain which would lead to any conclusion other than entry of an order compelling payment to the United States by a date certain.

      3.      <u>The Debtor's assertion that the taxes are expected to be paid "shortly" is hollow</u>.

According to the Debtor, the government's "remaining claim of approximately $880,000, which has yet to be paid but which is expected to be paid shortly." (Opp. p. 3 of 6:5-6). This conclusory statement lacks particulars, offering no specification of a date certain. Instead, the Debtor argues that payment is "expected" at the vague and unspecified time known as "shortly." In other words, the United States is expected to wait, until such time as the Debtor gets around to making the payment, if at all. The Debtor's positon underscores why the government filed the

---

[3] The Debtor agreed to pay the $880,582.91 within 120 days from the date of the entry of the order dismissing the case as follows: (a) $440,291.45, plus accrued interest of $11,709.07, on the 60th day following the date of the entry of the Dismissal Order; and (b) an additional $440,291.45 plus accrued interest at the rate determined by applicable nonbankruptcy law pursuant to section 511 of the Bankruptcy Code, on the 120th day following the date of the entry of the Dismissal Order, less credit for any adequate protection payments made by the Debtor pursuant to the IRS Cash Collateral Stipulations in the Case. *See* Docket No. 341 at p. 4, ¶4.

Motion seeking the Court's assistance to compel the Debtor to comply with the United States Payment Order.

    4.    <u>The Debtor's reliance on creditor Jason Frank Law, PLC's ("JFL") Assignment Motion to resist the government's motion is misplaced</u>.

The Debtor contends that by reason of having been served with the JFL Assignment Motion ". . . [the IRS] knew it would render EA **legally** unable to pay the remaining claim of the IRS." (Opp. p. 2 of 6:13-14, bold in the original). The Debtor's attempt to resist the government's Motion based on notice to the United States of the JFL Assignment Motion and the Court's subsequent ruling on such motion is misplaced. To the extent the Debtor in cursory fashion raises legal impossibility as a defense, the suggestion fails for three reasons. First, a legal impossibility argument is woefully undeveloped and therefore is waived. Second, as a matter of logic, it does not follow that by mere service upon the IRS of the JFL Assignment Motion the IRS "knew" an Assignment would render the Debtor unable to pay the IRS remaining claim. Third, the Debtor's passing nod to the notion of legal impossibility is negated because the Debtor admits that its creditors will have an "opportunity to be paid as monies come into EA." (Opp. p. 2 of 6:24-25). Furthermore, on July 11, 2018, the Court denied in part the JFL Assignment Motion to the extent it was requesting assignment to JFL of the Debtor's interest in the Receivables (as defined in the JFL Assignment Motion), making the Debtor's argument moot. *See* Docket No. at 498. No facts, however, are presented as to why the Debtor failed to comply and full pay the IRS claim in the first instance, nor has the Debtor proposed a future date certain for compliance. Consequently, the Court should enter an order compelling the Debtor to pay by a date certain.

    5.    <u>The Restraining Order does not provide the fastest and best means of recovery for the United States</u>.

The Debtor claims that the Restraining Order entered by the Court on July 11, 2018 provides adequate remedies to resolve the issues set forth in the government's Motion. (Opp. p. 4

-4-

of 6:3-6). Contrary to the Debtor's assertions, the Restraining Order does not provide the fastest and best way to resolve the issues in the government's Motion. The Restraining Order requires the Debtor not to assign, encumber or transfer any proceeds, etc., it may be entitled to receive from lawsuits, and requires the Debtor to provide notice to certain parties, including the IRS, to any fee hearing in cases listed on Exhibit A to the JFL Assignment Motion and any monies that have been received by the Debtor. (Opp. p. 3 of 6:22-26). The Restraining Order, however, does not provide for the full payment of the $880,582.91 to the United States by a date certain. Despite the Restraining Order, what remains unknown is when the Debtor may expect to receive any proceeds, how much in proceeds are actually expected to be received, and the order of distribution to creditors of the proceeds. If there are sufficient proceeds to be distributed, the government should be paid according to its priority. The government's Motion is the best and fastest way to get full paid because the Debtor will be compelled to pay the United States the sum of $880,582.91 by a date certain in the near future.

6. <u>Under well-established law, the United States is asking the Court to enforce its own order and compel the Debtor to pay the $880,582.91</u>.

The United States is not seeking any extraordinary remedies. The United States is seeking remedies permitted under well-established law such as the Court being able to enforce its own orders and compel the Debtor to pay the sum of $880,582.91 by a date certain. *See Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 141 (2009) (citing from *Local Loan Co. v. Hunt,* 292 U.S. 234, 239 (1934)) ("The bankruptcy court "plainly had jurisdiction to interpret and enforce its own prior orders"); *See In re Wilshire Courtyard*, 729 F.3d 1279 (9th Cir. 2013) (quoting *Travelers Indemnity Co*…because it is well recognized that a bankruptcy court has the power to interpret and enforce its own orders).

In summary, the Debtor's Opposition is without merit and fails to provide good cause for the delay in payment to the United States, because there is none. The Debtor has provided no

real resolution to the violation and has made no reasonable attempt to come into compliance with the United States Payment Order. As described in detail in its Motion, the United States tried to informally resolve this matter with the Debtor without success for the last two months.

For the reasons set forth in the government's Motion and in this Reply, the Court should enforce the United States Payment Order compelling the Debtor to remit to the United States the amount of $880,582.91[4], by a date certain in the near future. Finally, the United States respectfully requests that the Court provide such other remedies as it deems appropriate.

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

Date: July 19, 2018     /s/ Najah J. Shariff
NAJAH J. SHARIFF
Assistant United States Attorney
Attorneys for the UNITED STATES OF AMERICA

---

[4] Plus accrued interest, less any credits, as agreed to in the United States Payment Stipulation.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **300 N. Los Angeles Street, Los Angeles, CA 90012**

A true and correct copy of the foregoing document entitled (*specify*): **1) REPLY OF THE UNITED STATES TO DEBTOR'S OPPOSITION TO THE MOTION TO ENFORCE ORDER AND FIND DEBTOR IN CONTEMPT; OR, IN THE ALTERNATIVE, TO VACATE DISMISSAL ORDER AND REINSTATE CHAPTER 11 CASE**, will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 19, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On July 19, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor:
**Eagan Avenatti LLP**
520 Newport Center Dr #1400
Newport Beach, CA 92660

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 07/19/2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                               **F 9013-3.1.PROOF.SERVICE**

Main Document    Page 8 of 9

<u>By Personal Delivery</u>
 Honorable Judge Catherine E. Bauer
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5165 / Courtroom 5D
Santa Ana, CA 92701-4593

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/19/2018 | AMANDA HERNANDEZ | *(signature)* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                   **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- Michael Avenatti    mavenatti@eaganavenatti.com, jregnier@eaganavenatti.com
- Mikel R Bistrow    mikel.bistrow@dinsmore.com, caron.burke@dinsmore.com
- Peter W Bowie    peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- Christopher Celentino    chris.celentino@dinsmore.com, caron.burke@dinsmore.com;SDCMLFiles@DINSMORE.COM
- Sara Chenetz    schenetz@perkinscoie.com, dlax@perkinscoie.com;cmallahi@perkinscoie.com;mduncan@perkinscoie.com
- Fahim Farivar    ffarivar@foley.com, amcdow@foley.com;khernandez@foley.com
- Amir Gamliel    amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com;JDerosier@perkinscoie.com
- David B Golubchik    dbg@lnbyb.com, dbg@ecf.inforuptcy.com
- Michael J Hauser    michael.hauser@usdoj.gov
- Mark S Horoupian    mhoroupian@sulmeyerlaw.com, ppenn@sulmeyerlaw.com;mhoroupian@ecf.inforuptcy.com;dperez@sulmeyerlaw.com;ppenn@ecf.inforuptcy.com
- James KT Hunter    jhunter@pszjlaw.com
- Sheri Kanesaka    sheri.kanesaka@fnf.com, Christine.hipp@fnf.com
- Isaac Marcushamer
- Ashley M McDow    amcdow@foley.com, Khernandez@foley.com;Ffarivar@foley.com
- Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
- R Gibson Pagter    gibson@ppilawyers.com, ecf@ppilawyers.com;pagterrr51779@notify.bestcase.com
- Misty A Perry Isaacson    misty@ppilawyers.com, ecf@ppilawyers.com;perryisaacsonmr51779@notify.bestcase.com
- Thomas J Polis    tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
- Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com
- Robert M Saunders    rsaunders@pszjlaw.com, rsaunders@pszjlaw.com
- James R Selth    jim@wsrlaw.net, jselth@yahoo.com;brian@wsrlaw.net;vinnet@ecf.inforuptcy.com
- Najah J Shariff    najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov
- David H Stein    dstein@wilentz.com
- Michael K Symons    mike@symonsmarkwith.com, mike@symonsmarkwith.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**