**RAINES FELDMAN LLP**
Miles J. Feldman (State Bar No. 173383)
Robert M. Shore (State Bar No. 166018)
Hamid R. Rafatjoo (State Bar No. 181564)
1800 Avenue of the Stars, 12th Floor
Los Angeles, CA  90067
Telephone: 310.440.4100
Facsimile: 310.691.1367
E-mail:    mfeldman@raineslaw.com
           rshore@raineslaw.com
           hrafatjoo@raineslaw.com

Attorneys for Former Debtor
Eagan Avenatti, LLP

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>EAGAN AVENATTI, LLP,<br><br>        Debtor. | Case No. 8:17-bk-11961-CB<br><br>Chapter 11<br><br>**REPLY OF EAGAN AVENATTI, LLP TO JASON FRANK LAW PLC'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER**<br><br>Date:     August 8, 2018<br>Time:    10:00 a.m.<br>Place:   Courtroom 5D<br>           411 West Fourth Street<br>           Santa Ana, CA 92701-4593<br><br>Judge:   The Hon. Catherine E. Bauer |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Judgment Debtor Eagan Avenatti LLP ("EA") respectfully submits its Reply to Judgment Creditor Jason Frank Law, PLC's ("JFL") Opposition to Avenatti's Motion for Protective Order.

## I.    INTRODUCTION

In its moving papers, EA demonstrated that JFL seeks documents that would breach numerous privileges and privacy protections guaranteed to non-parties — EA's clients — under California law, as well as EA's own privileges.  JFL's first response is to argue that the Court should abrogate these privileges, ***which belong to non-parties and are designed to ensure they receive notice and an opportunity to be heard***, because EA did not conduct the meet-and-confer process that would be required in the discovery context.  But JFL's subpoena was not issued in the discovery context, so that requirement does not apply.  To the contrary, Rule 45 provides stand-alone authority to request a protective order, and Rule 45 does not include a meet-and-confer requirement.  Even if the Court construes the meet-and-confer requirement as applicable in this non-discovery context, it would be unconscionable to refuse on that basis to consider privilege claims belonging to non-parties who have not received an opportunity to be heard.

On the merits, JFL does not dispute that all of the information identified by EA is privileged or protected under California law.  Instead, JFL urges the Court to disregard California law because, according to JFL, this Court must apply the federal law of privilege.  JFL's argument is contrary to the plain text of Rule 501 of the Federal Rules of Evidence.  That rule requires the application of state privilege law when state law furnishes the rule of decision.  Here, state law furnishes the rule of decision because JFL's underlying claim was a claim for breach of contract. JFL tacitly concedes that EA's request must be granted if state law governs, so the Court should grant EA's request for a protective order in full.

## I.    ARGUMENT

### A.  The Motion was Proper Under FRCP 45

#### 1.    FRCP 26 Does Not Apply to JFL's Subpoena to Testify at Hearing

JFL incorrectly claims that the Motion violates FRCP 26(c)(1) because EA did not meet and confer prior to the filing of its Motion.  By its terms, the meet-and-confer requirement of Rule

1  26(c)(1) is limited to "any person from whom discovery is sought." *Id.*  The meet-and-confer

2  requirement of Rule 26 does not apply here because JFL's subpoena was not a discovery device.

3  Instead, it compelled Avenatti's attendance *at a hearing*.

4       The text of Rule 45 distinguishes between a subpoena commanding attendance at a

5  deposition, on the one hand, and a subpoena commanding attending at a hearing or trial, on the

6  other hand.  FRCP 45(a)(1)(C).  Attendance at a deposition is a discovery procedure.  FRCP 30.

7  Attendance at a hearing or trial is not.

8       In this case, JFL's subpoena clearly sought testimony at a hearing.  The subpoena's caption

9  stated that it required attendance "at a hearing or trial."  The subpoena's operative language

10 required attendance "to testify at a hearing or trial."  Emphasizing this distinction, the subpoena

11 also instructed the witness to "remain at the court until the judge or a court official allows you to

12 leave."  This requirement is not present for deposition subpoenas.

13      Like Rule 26, Rule 45 also authorizes a motion to protect the subpoenaed person when a

14 subpoena "requires disclosure of privileged or other protected matter."  FRCP 45(d)(3)(A)(iii).

15 However, in contrast to Rule 26, Rule 45's stand-alone authority for seeking protection from an

16 subpoena that requests privileged information, or seeks to impose an undue burden on the

17 subpoenaed party, does not include a meet-and-confer requirement.  The reason for this distinction

18 is obvious.  When testimony is given at a hearing or trial, a judicial officer is immediately

19 available to resolve any disputes over the appropriate conduct of the proceeding.  There is simply

20 no time or rationale in this context to require the parties to meet and confer in advance.  Indeed,

21 imposing such a requirement would be ridiculous in the context of a trial or hearing because it

22 would require a jury and/or the judge to wait while the parties attempt to negotiate a resolution to

23 their dispute.

24      Even if there were some basis to suggest that a meet-and-confer were necessary (but as

25 discussed above, there was not), the Court should in this case excuse compliance with that

26 requirement.  JFL's position is that the Court should entirely disregard the merits of EA's

27 privilege arguments because EA failed to meet and confer.  As discussed above, EA's position

28

was correct, but even if the Court disagrees, it was at worst excusable error. But the vast majority of the privilege issues raised by EA in its motion belong to third parties — EA's clients. It would be unconscionable to deprive these third parties of their rights on that basis without considering the merits of their claims.

Moreover, it is clear from JFL's arguments that a meet-and-confer would not have narrowed the issues. JFL's position, as stated in its papers, is that none of EA's privilege objections have merit because all are governed by federal law and federal law differs from California law with respect to the privileges that EA is asserting on behalf of its clients and employees. Indeed, JFL has, by its silence, conceded that EA is entitled to prevail on this motion if state law governs the resolution of these privilege issues. In contrast, as discussed in its moving papers and as further discussed below, EA has demonstrated that the California law of privilege must be applied in these proceedings. In short, to the extent the Court concludes that a meet-and-confer was required, it should excuse that requirement here because in practice, it would not have done any good.

**2.     The Motion Timely Asserted Avenatti's Objections and Privilege Claims**

JFL also suggests that EA was obligated to produce the disputed documents notwithstanding his timely motion. JFL is wrong on this point as well. An objection is sufficient to suspend the subpoenaed party's obligation to produce documents. FRCP 45(d)(2)(B)(ii). An objection must "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." FRCP 45(e)(2)(A)(ii). EA's motion expressly claimed the applicable privileges and gave sufficient description of the documents to be withheld (and JFL does not contend to the contrary), so it does "double duty" as an objection that suspended EA's obligation to produce documents until the motion has been resolved.

**B.    Avenatti Clients and Employees are Entitled to Protection of Their Third Party Privacy Rights and Confidential Attorney-Client Communications Under California and Federal Law**

JFL argues that state-created privacy rights are not enforceable in this action, because only federal law applies.  JFL's assertions are contrary to the plain text of the statutes, case law and intent of the Legislature.

**1.    California Law Governs Privilege Claims Pursuant to FRE 501**

Federal law is clear that in diversity cases, state law is decisive on any claims or defenses related to a privilege or privacy right.  FED. R. EVID. 501 ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision"); *see Star Editorial, Inc. v. United States District Court*, 7 F.3d 856, 859 (9th Cir. 1993) (holding that after state defamation action was removed to federal court based on diversity of citizenship, existence and extent of claimed privilege was controlled by California law); *Canon Solutions Am., Inc. v. Gungap*, Case No. SACV1401990JLSKESX, 2016 WL 9137647, at *2 (C.D. Cal. Aug. 19, 2016) ("In diversity cases such as this one, a person's right to exert a privilege is governed by state law . . . ."); *see also Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 284 (C.D. Cal. 1998) (holding that to extent privacy is a matter of privilege under state law, federal courts will honor the privilege and protect the responding party from discovery).

Indeed, when state substantive rights are involved, the Ninth Circuit requires deference to those rights even when the matter would not be privileged under federal law.  In *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 667 (9th Cir. 2003), the Court of Appeals decided that taped conversations that were recorded in violation of California law could not be admitted at trial, even though they would have been admissible under federal law.  This holding was necessary, according to the Court of Appeals, to vindicate California's substantive interests in the privacy of its citizens. *Id.*  So it is here.  The consumer notice and employee notice statutes are substantive provisions of California law that give the affected consumers and employees an opportunity to receive notice and be heard before the private financial or personal information are disclosed.  In a world where identity theft is becoming increasingly rampant, the Ninth Circuit's rule clearly

1  applies to require this Court to respect California's policy of affording advance notice in these

2  circumstances.

3      For its contrary position, JFL's relies on case law that is largely inapplicable because it

4  relies on cases involving federal questions, so that FRE 501 mandates the application of federal

5  privilege law.  *See Couch v. United States*, 409 U.S. 322, 326-27 (1973) (involving summons by

6  IRS under federal statute to produce business records); *In re International Horizons, Inc.*, 689

7  F.2d 996, 1004 (11th Cir. 1982) (holding that because bankruptcy case did not involve state claims

8  or defenses it was not required to apply state accountant-client privilege); *Tibble v. Daniels*, Case

9  No. 3:14-MC-05006-DGK, 2016 WL 4031218 (W.D. Mo., July 26, 2016) (the case involved a

10  bankruptcy trustee's efforts to obtain documents); *see also* 2016 WL 3167257 (W.D. Mo. June 6,

11  2016) (noting that the case was a judgment in an FLSA action — a federal claim).  Here, the party

12  demanding documents is a private party, not the trustee, and the underlying judgment was

13  grounded exclusively in state law.

14      JFL also relies on case law discussing ownership of the debtor's privilege while the debtor

15  remains in bankruptcy.  *In re Bazemore* (Bankr. S.D. Ga. 1998) 216 B.R. 1020, 1024 (Chapter 7

16  trustee was entitled to waive privilege in a bankruptcy case); *In re International Horizons,*

17  *Inc.* (Bankr. N.D. Ga. 1981) 14 B.R. 199, *aff'd* (N.D. Ga. 1981) 16 B.R. 484, *aff'd,* (11th Cir.

18  1982) 689 F.2d 996 (court held no federal accountant-client privilege, in bankruptcy action by

19  committee of unsecured creditors against debtor's accounting firm); *In re Ginzburg* (Bankr. C.D.

20  Cal. 2014) 517 B.R. 175, 182 (Chapter 7 adversary proceeding where court held that in

21  bankruptcy proceeding based solely on state law claims that bankruptcy court, bankruptcy court

22  must refer to state law); *In re Bame* (Bankr. D. Minn. 2000) 251 B.R. 367, 373 (in adversary

23  proceeding to deny debtor's discharge, the court held that upon conversion of Chapter 11 case to

24  Chapter 7, and appointment of Chapter 7 trustee, attorney-client privilege passed to trustee and

25  privilege was trustee's privilege, to waive or assert as he saw fit).  These cases obviously do not

26  apply here because EA is no longer in bankruptcy and also because, to a large extent, the

27  privileges under discussion belong to non-parties, not to EA.

28

1    JFL has found one case, an unpublished district court case, that agrees with its position.

2    *See Internet Direct Response, Inc. v. Buckley*, Case No. SACV09-01335 ABC MLGx, 2010 WL

3    1752181, at *5 (C.D. Cal., Apr. 29, 2010) (applying federal privilege law).  To the extent it relied

4    on federal law (the Court also found that production would have been appropriate under state law),

5    the Court's analysis was mistaken.  The Magistrate Judge relied primarily on *Heathman v. United*

6    *States Dist. Court*, 503 F.2d 1032, 1034 (9th Cir. 1974).  This reliance was mistaken for two

7    reasons.  First, the underlying action in *Heathman* was a federal question case.  Second, *Heathman*

8    was decided a year before the Federal Rules of Evidence were adopted.  Thus, *Heathman* sheds no

9    light on which law of privilege applies under the Federal Rules of Evidence when the underlying

10   case is exclusively governed by state law.  The *Buckley* Court also cited *Del Campo v. American*

11   *Corrective Counseling Servs., Inc.*, No. C 01-21151 JW, 2008 WL 4858502, at *1 (N.D. Cal.,

12   Nov. 10, 2008), which involved mixed federal and state claims and thus does not apply the same

13   rule as cases that are purely governed by state law.  *See Wilcox v. Arpaio*, 753 F.3d 872, 876 (9th

14   Cir. 2014) (where federal and state law claims are joined in the same action, claims of privilege

15   are determined under federal law).

16      **2.      Avenatti Clients and Employees Are Entitled to Protection of Third-**
17              **Party Privacy Rights Pursuant to CCP § 1985.3**

18           **(a)      Third Party Privacy Rights Are Substantive Rights that Should**
                       **be Protected under California Law**

19           JFL contends that third party rights under CCP § 1985.3 are procedural in nature, requiring

20   application of federal procedural law, rather than encompassing substantive rights.  As noted

21   above, JFL's argument flies in the face of Ninth Circuit precedent.  The Court of Appeals has

22   already concluded that California's privacy protections are substantive rules that must be honored

23   in federal court.  *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 667 (9th Cir. 2003).  At a minimum,

24   these rules require that a law firm's clients and an employer's employees must receive some form

25   of notice before their private personal and financial information are subject to production to third

26   parties.  JFL has made no effort to provide this notice, so the motion should be granted on this

27   ground.

28

**(b)    The Plain Language of CCP § 1985.3 Makes the Statute Applicable to "all Civil Proceedings"**

JFL makes a textual argument that the Legislature did not protect California citizens whose personal information is implicated in federal court proceedings.  According to JFL, "[b]y its terms, CCP § 1985.3 only applies to a person who causes a 'subpoena duces tecum to be issued or served in connection with any civil action or proceeding <u>pursuant to the code</u>.'"  JFL Opp. Mtn., pg. 4.  JFL is wrong as a matter of California statutory interpretation.  California follows the "last antecedent rule," which provides that qualifying words, phrases and clauses generally apply to the words or phrases immediately preceding, and do not extend to or include other more remote words and phrases.  *Center for Local Gov't Accountability v. City of San Diego*, 247 Cal. App. 4th 1146, 1152 (2016).  Although this rule can be overcome by other textual indicia of legislative intent, the courts generally construe the use of the term "or" (rather than "and") to support the legislature's intent to follow the last antecedent rule.  *California Sch. Employees Ass'n v. Governing Bd.*, 124 Cal. App. 4th 574, 584-85 (2004).

Applying that rule here defeats JFL's textual argument.  California law provides for both actions and special proceedings.  CAL. CIV. PROC. CODE § 22.  Section 1985.3 applies to civil actions (filed pursuant to any source of authority) and to any proceeding filed pursuant to the California Code of Civil Procedure.  The limitation "pursuant to this code" does not apply to the antecedent phrase "civil action."

Indeed, imposing this limitation would have been contrary to the Legislature's clear intent to protect California citizens from invasion of their privacy rights.  Under JFL's construction, a subpoena issued pursuant to a civil action filed in another state, or in federal court, could be enforced with complete disregard for the privacy rights of California citizens.  There is simply no reason to believe that the Legislature's concern for the privacy rights of California citizens was limited based on the happenstance of which courtroom hosts the litigation that threatens those rights.

Unsurprisingly, JFL's authority does not support its interpretation. *See McKinney v. Dept. of Treasury* (C.D.Cal. 1996) 78 A.F.T.R.2d 96-7105 (federal question case where IRS summoned

records pursuant to 26 U.S.C. section 7602(a), thus state privileges would not apply).   Also distinguishable is *Rigsby v. County of Los Angeles*, Case No. CV1102766 SJO PJWx, 2011 WL 13143544, at *5 (C.D. Cal., Aug. 2, 2011), *aff'd*, 531 Fed. Appx. 811 (9th Cir. 2013).   There, plaintiffs did not raise a state-created privilege in connection with the disclosure of certain information, but rather claimed that certain state-law violations by defendant, namely defendant's release of juvenile records, violated certain federal rights.  *Id.*

Finally, JFL relies on *RBS Secs., Inc. v. Plaza Home Mortg., Inc.*, Case No. 12CV2132-JM MDD, 2012 WL 3957894, at *1 (S.D. Cal., Sept. 10, 2012) (adopting the statutory interpretation argument urged here by JFL).  The Court should decline to follow *RBS*.  The Court there did not apply, or even cite, the last antecedent rule.  Because the analysis of *RBS* overlooked controlling California rules of statutory construction, the Court should find it to be unpersuasive.

### 3.   EA Client Identities and Fee Agreements Are Confidential Attorney-Client Communications Under Both California and Federal Law

#### (a)   Client Identities and Fee Agreements are Privileged Confidential Communications under both California Law and Federal Law

JFL does not dispute that the disputed information is privileged and protected under state law.  It could not successfully do so.  *Hooser v. Suprior Court*, 84 Cal. App. 4th 997, 1006 (2000); *see also People ex rel. Herrera v. Stender*, 212 Cal. App. 4th 614, 648 (2012) (where known facts regarding an attorney's representation are such that the disclosure of the client's identity would betray personal, confidential information regarding the client, the existence of the attorney-client relationship is privileged).  The facts of this case fall squarely within the exception, so client identities and their consultation with Avenatti must be kept confidential until and unless they decide to file a lawsuit.

Contrary to JFL's argument, this client-identity rule also is recognized under federal law. *See United States v. Blackman*, 72 F.3d 1418, 1424 (9th Cir. 1995) (holding that client identity and nature of fee arrangement are protected from disclosure where disclosure would compromise confidential communications between attorney and such disclosure would convey information tantamount to a confidential communication); *In re Subpoena to Testify Before Grand Jury*, 39

1  F.3d 973, 976 (9th Cir. 1994) (acknowledging that where identification of the client conveys

2  information which is itself privileged, the client's identity is likewise privileged).  JFL's cited

3  authority describes the general rule of attorney-client privilege, but fails to address or analyze the

4  well-recognized exception to the rule which protects EA client identities and fee agreements in

5  this case.

6          JFL maintains that its rights as a judgment creditor afford it a "wide scope of inquiry"

7  concerning EA's business and property affairs.  However, this broad scope of inquiry does not

8  allow it to abrogate the substantive rights and privileges of third parties, particularly EA's clients

9  and employees.  A judgment debtor generally is entitled to assert the same privileges that a trial

10  witness may assert as a basis for refusing to respond to requests for information and may refuse to

11  respond to requests for privileged information.  *Hooser v. Superior Court*, 84 Cal.App.4th 997,

12  1004 (2000).

13  **II.    CONCLUSION**

14          For all of the foregoing reasons, EA respectfully requests that the Court (i) grant the

15  requested Protective Order; and (ii) grant such other and further relief as the Court may deem just

16  and proper under the facts and circumstances of this case.

17  Dated: August 1, 2018                              RAINES FELDMAN LLP

18

19                                                     By:____/s/ Hamid R. Rafatjoo_____

20                                                        Hamid R. Rafatjoo
                                                        Attorneys for Former Debtor
21                                                      Eagan Avenatti LLP

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
1800 Avenue of the Stars, 12th Floor, Los Angeles, CA 90067

 A true and correct copy of the foregoing document entitled (*specify*):

**REPLY OF EAGAN AVENATTI, LLP, TO JASON FRANK LAW PLC'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 1, 2018 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Michael Avenatti      mavenatti@eaganavenatti.com, jregnier@eaganavenatti.com
- Mikel R Bistrow      mikel.bistrow@dinsmore.com, caron.burke@dinsmore.com
- Peter W Bowie      peter.bowie@dinsmore.com, caron.burke@dinsmore.com
- Jeffrey W Broker      jbroker@brokerlaw.biz
- Christopher Celentino      chris.celentino@dinsmore.com, caron.burke@dinsmore.com;SDCMLFiles@DINSMORE.COM
- Sara Chenetz      schenetz@perkinscoie.com, dlax@perkinscoie.com;cmallahi@perkinscoie.com;mduncan@perkinscoie.com
- Fahim Farivar      ffarivar@foley.com, amcdow@foley.com;khernandez@foley.com
- Amir Gamliel      amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com;JDerosier@perkinscoie.com
- David B Golubchik      dbg@lnbyb.com, dbg@ecf.inforuptcy.com
- Michael J Hauser      michael.hauser@usdoj.gov
- Mark S Horoupian      mhoroupian@sulmeyerlaw.com, ppenn@sulmeyerlaw.com;mhoroupian@ecf.inforuptcy.com;dperez@sulmeyerlaw.com;ppenn@ecf.inforuptcy.com
- James KT Hunter      jhunter@pszjlaw.com
- Sheri Kanesaka      sheri.kanesaka@fnf.com, Christine.hipp@fnf.com
- Isaac Marcushamer
- Ashley M McDow      amcdow@foley.com, Khernandez@foley.com;Ffarivar@foley.com
- Malhar S Pagay      mpagay@pszjlaw.com, mpagay@pszjlaw.com
- R Gibson Pagter      gibson@ppilawyers.com, ecf@ppilawyers.com;pagterrr51779@notify.bestcase.com
- Misty A Perry Isaacson      misty@ppilawyers.com, ecf@ppilawyers.com;perryisaacsonmr51779@notify.bestcase.com
- Thomas J Polis      tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
- Hamid R Rafatjoo      hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com
- Robert M Saunders      rsaunders@pszjlaw.com, rsaunders@pszjlaw.com
- James R Selth      jim@wsrlaw.net, jselth@yahoo.com;brian@wsrlaw.net;vinnet@ecf.inforuptcy.com
- Najah J Shariff      najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov
- David H Stein      dstein@wilentz.com
- Michael K Symons      mike@symonsmarkwith.com, mike@symonsmarkwith.com
- United States Trustee (SA)      ustpregion16.sa.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                  **F 9013-3.1.PROOF.SERVICE**

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) August 1, 2018 I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

<u>Via Overnight Delivery</u>
The Honorable Catherine E. Bauer
United States Bankruptcy Court
411 West Fourth Street, Suite 5165
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/1/2018 | Bambi Clark | /s/ Bambi Clark |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**