**Daniel J. Weintraub - SBN 132111**
**James R. Selth - SBN 123420**
**Nina Z. Javan – SBN 271392**
**WEINTRAUB & SELTH, APC**
**11766 Wilshire Boulevard, Suite 1170**
**Los Angeles, CA 90025**
**Telephone: (310) 207-1494**
**Facsimile: (310) 442-0660**
**jim@wsrlaw.net**

Attorneys for Judgment Creditor,
JASON FRANK LAW, PLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| EAGAN AVENATTI, LLP, | Bankruptcy No. 8:17-bk-11961-CB |
| Debtor. | **REPORT OF JUDGMENT CREDITOR RE EFFORTS TO MEET AND CONFER RE EAGAN AVENATTI LLP'S MOTION FOR A PROTECTIVE ORDER** |
| | Date:     August 8, 2018<br>Time:    10:00 am.<br>Courtroom: 5D |

At the request of Judgment Creditor, Jason Frank Law, PLC ("JFL"), on Monday, July 30, counsel for the parties met and conferred regarding the Document Subpoena for the Judgment Debtor Examination (a copy of which is attached as Exhibit A). JFL has offered to modify and narrow its requests in the manner set forth below *without prejudice* to its rights to later seek such documents in the future. This includes a proposed procedure that will allow Eagan Avenatti, LLP ("Judgment Debtor" or "EA") to avoid producing its retainer agreements, which is the primary focus of its Motion for Protective Order and *sole* focus of its Reply to JFL's Opposition to the Motion for

- 1 -

Protective Order. As set forth in JFL's Opposition, the retainer agreements are not privileged under the applicable federal law and notice to consumers is not required. Nevertheless, JFL believes the proposed procedure below (see Requests Nos. 11, 14 and 24) will allow JFL to obtain the information it needs to examine Judgment Debtor's accounts receivables and other assets without the necessity of producing the retainer agreements.

For the Court's benefit, JFL is providing its proposed modifications and clarifications to the Subpoena which JFL presented to EA's counsel. JFL notes that the majority of document requests <u>do not</u> relate to client records. EA has not indicated what documents it is willing to produce (other than its publicly filed bankruptcy schedules, which were the only documents tendered at the initial Judgment Debtor Examination).

1. **Bank Statements (2013 to the Present)**. JFL will agree to narrow this request to the *unredacted* bank statements for EA, Avenatti & Associates, APC ("AA") and Michael Avenatti ("Avenatti") from January 2013 to the present. To the extent EA paid money to or received money from *any other entities* owned in whole or in part by Avenatti or Michael Eagan ("Eagan"), then JFL will agree that those entities' bank statements do not need to be produced (subject to our right to later request those bank statements); so long as EA and Avenatti identify the affiliated entities which received money from or paid money to EA. This can be done with a list of any entities owned, in whole or in part, by Avenatti during the time period 2013 to the Present (or in the case of Eagan, up until the time of his departure).

2. **EA Financial Statements (2013 to Present)**. This will include standard financial statements, such as profit & loss statements and balance sheets, as well as the "ledgers" that Avenatti testified he maintains to keep track of amounts owed to his affiliated entities, such as the hours worked by EA employees on AA matters, and loans to and from affiliated entities.

//
//

3. **EA Lease Agreement**. JFL will agree to narrow this request so that it only requires the production of EA's *current* lease agreements, with the amendments *currently* in effect, as well as any personal or corporate guaranties and uncured default notices.

4. **EA Partnership Agreement**. JFL will narrow this request so that it only requires the production of EA's Partnership Agreement(s) and amendments, as well as the documents relating to Michael Eagan's withdrawal from the partnership, including but not limited to any agreements related thereto (such as distribution or indemnification agreements) and communications concerning Mr. Eagan's withdrawal.

5. **EA Assets**. JFL will agree that EA and Avenatti can comply with this request by creating a document identifying EA's current assets, including but not limited to, interests in real estate, personal property, intellectual property, accounts receivable and general intangibles. For furniture and artwork, there will need to be specific descriptions so that JFL can identify the property (i.e., 6 desktop computers located at Irvine office, two conference tables, two prints hanging in reception and copy room, etc.)

6. **EA Liabilities**. JFL will agree that EA and Avenatti can comply with this request by creating and producing a document listing EA's current liabilities.

7. **EA Insurance Policies (2013 to Present).** This will include all insurance policies for EA, or any business owned by or affiliated with EA, including any endorsements or riders attached thereto.

8. **EA Federal & State Tax Returns (2013 to Present).** This will include the complete tax returns, including all attachments and K-1 Schedules

9. **EA Profit & Loss Statements (2013 to Present).** This should be covered by Request 2.

10. **EA Balance Sheets (2013 to Present).** This should be covered by Request 2.

11. **EA Client List (2014 to Present).** JFL will agree that EA and Avenatti can comply with this request by preparing a list of EA clients from 2014 to the present. To the extent that the client has not filed a lawsuit, JFL will agree that EA and Avenatti can identify the client by a *Pseudonym* (e.g. John Doe 1), the name of the potential adversary, and a general description of the claim without identifying details (e.g., personal injury, employment discrimination, etc.), subject to JFL's right to request further information at a later date.

12. **Currently Pending Lawsuits.** JFL will agree that EA and Avenatti can comply with this request by preparing a list of the currently pending cases in which EA, AA, Avenatti or any other entity controlled in whole or in part by Avenatti represents a client by the Case Name, Court, Case No. and the Party Represented.

13. **Former EA Cases Currently Pending.** JFL will agree that EA and Avenatti can comply with this request by preparing a list of the currently pending cases in which EA, AA, Avenatti or any entity controlled in whole or in part by Avenatti formerly represented a client (but no longer does) by the Case Name, Court, Case No. and the Party Represented.

14. **EA Retainer Agreements**: As noted in our Opposition to the Motion for Protective Order, the retainer agreements are not privileged under the applicable federal law. However, without waiving our rights to seek such documents at a later date, JFL will agree that EA's counsel, Hamid Rafatjoo, can prepare a summary of the compensation terms that he will personally verify is accurate. This will include the following information:
    a. The Client Name or the assigned Pseudonym for the Client if a case has not been filed (See Request 11)
    b. The Name of the Defendant(s)
    c. The Date of the Agreement

      d.  Whether the case is hourly, contingency or hybrid

      e.  The hourly rates (if applicable)

      f.  The fixed fee (if applicable)

      g.  The contingency percentage (if applicable) including any adjustments to the percentage (e.g. 25% if case settles within 90 days, 35% if case settles 90 days before trial and 40% if case goes to trial)

      h.  How costs are handled (e.g. paid by Client, reimbursed from recovery)

      i.  Any other compensation arrangements (e.g., shares in company, percentage of book deals or appearance fees, etc.)

15. **EA Fee Sharing Agreements.** This includes all fee sharing agreements currently in effect.

16. **EA Other Compensation Agreements.** This includes any other agreements currently in effect in which EA may be entitled to money.

17. **EA Rent or Sublease Agreements.** JFL will agree to narrow this request so that it only includes rent or sublease agreements that entitle(d) EA to receive rent payments from January 1, 2018 to the present.

18. **EA Loan Agreements.** This includes any loan agreements between EA, on the one hand, and Avenatti, Eagan, or any entities owned, in whole or in party by Avenatti or Eagan on the other hand, from January 1, 2013 to the present. With respect to any other loan agreements, JFL will agree that they only need to be produced if payments have been made or will be owed after January 1, 2018.

19. **EA Third-Party Beneficiary Agreements**. JFL will agree to narrow this request so that it will only requires the production of agreements in which EA was or may be entitled to receive money as a third-party beneficiary after January 1, 2018.

20. **EA Financing Agreements**. JFL will agree to narrow this request so that it will only require the production of financing agreements that are or were in effect after January 1, 2013.

21. **EA Payments to Avenatti or Avenatti Entities Over $1,000**: It is our understanding that EA's Bank Statements will include copies of all checks and wire transfers. To the extent there was a payment over $1,000 that is not reflected in the Bank Statements, then those payments will need to be produced.

22. **EA Payments to Eagan or Eagan Entities Over $1,000**: Same as Request 20.

23. **EA Agreements with AA**. This includes any and all agreements between EA and AA, including but not limited to loan agreements, finance agreements, fee sharing agreements, employment agreements and any other agreements.

24. **AA and Avenatti Retainer Agreements**: To the extent there is a retainer agreement with AA or Avenatti, JFL will agree that EA's counsel, Hamid Rafatjoo, can prepare a summary of the compensation terms that he will personally verify is accurate, subject to our right to request the production of the agreement in the future. The summary will include the same information as Request 14. In addition, counsel will identify whether EA is listed anywhere on the agreement, including but not limited to the paragraph description of the parties to the Retainer Agreement, the signature block, or the contact information (including email addresses "eaganavenatti.com" or "eoalaw.com").

25. **EA Assignment of Fees (2013 to Present)**. To the extent EA, AA or Avenatti have assigned fees or the right to fees to any third parties from January 1, 2013 to the Present, JFL requests that EA and Avenatti produce the agreements and communications related thereto (including emails).

26. **EA Fee Dispute Documents**: JFL will agree to narrow this request to documents and communications relating to fee disputes that are or were not resolved after January 1, 2018.

27. **EA Payments over $1,000.** Again, it is our understanding that EA's Bank Statements will include this information. To the extent such transactions are not included in the Bank Statements, those payments will need to be produced.

28. **EA Checks to "Cash" (2013 to Present).** JFL's understanding is that EA's Bank Statements will identify any checks written to "Cash." However, EA will still need to produce any documents or ledgers which indicate the recipient of the cash payment.

29. **EA Withdrawals or Countercheck to "Cash" (2013 to Present).** Again, JFL's understanding is that EA's Bank Statements will reflect this information. However, to the extent the recipient of the withdrawal is not identified, EA and Avenatti will need to identify the recipient.

30. **All Agreements with Gerald Tobin.** JFL stands by this request without modification.

31. **All Documents with and Communications with Gerald Tobin.** JFL stands by this request without modification.

32. **Agreements with X-Law Group and/or Filippo Marchino.** JFL stands by this request without modification.

33. **Documents/Communication about Judgment.** JFL will agree that this request only requires the production of *non-privileged* documents and communications concerning or relating to the judgment in favor of JFL, including but not limited to emails, notes, letters, memoranda and text messages. JFL will agree that EA and Avenatti do not need to produce

court filings relating to the Judgment or prepare a privilege log of privileged communications, unless the communication is with a party who is not an attorney representing EA.

34. **Documents Concerning Maseco.** JFL will withdraw this request, without waiving its right to request such documents in the future.

35. **EA Agreements with Any Entity or Controlled, in whole or in part, by Avenatti.** JFL clarified that this is only seeking such agreements in which EA is one of the parties.

36. **EA's QuickBooks Account Records (2013 to Present).** JFL stands by this request without modification.

37. **EA's Payroll Records (2013 to Present).** JFL stands by this request without modification. As indicated, the names of the employees and their compensation have already been disclosed in bankruptcy schedules. Moreover, JFL needs to know the names of individuals on the payrolls to determine whether any payments were made by EA to non-EA employees.

Respectfully submitted,

WEINTRAUB & SELTH, APC

Dated: August ___, 2018

/s/ *James R. Selth*

Daniel J. Weintraub
James R. Selth
Nina Z. Javan
Attorneys for Judgment Creditor,
JASON FRANK LAW, PLC

.

# EXHIBIT "A"

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

CENTRAL District of CALIFORNIA

In re  EAGAN AVENATTI, LLP
                    Debtor

(Complete if issued in an adversary proceeding)

_____
            Plaintiff
            v.
_____
            Defendant

Case No.  8:17-bk-11961-CB

Chapter  11

Adv. Proc. No. _____

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  MICHAEL AVENATTI

*(Name of person to whom the subpoena is directed)*

☒ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE<br>United States Federal Courthouse<br>411 W. Fourth St.<br>Santa Ana, CA 92701 | COURTROOM  5D |
|---|---|
| | DATE AND TIME<br>July 25, 2018; 10:00 a.m. |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

SEE ATTACHMENT - DOCUMENTS TO BE PRODUCED

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 6/23/18

CLERK OF COURT

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Jason Frank Law, PLC, who issues or requests this subpoena, are:
James R. Selth, Weintraub & Selth, APC
11766 Wilshire Blvd., Suite 1170, Los Angeles, CA 90025; jim@wsrlaw.net; (310) 207-1494

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

The documents described below are to be produced by Judgment Debtor pursuant to this Subpoena.

Pursuant to Federal Rule of Civil Procedure 45(e)(2)(A), made applicable in bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9016, if Judgment Debtor objects to the production of any document on the ground of the attorney-client privilege, work product doctrine or any other privilege or doctrine, Judgment Debtor is required to prepare and provide a privilege log that identifies each document for which the privilege or doctrine is claimed and which gives the following information:

a) The name(s) of the writes, sender or initiator of each copy of the document;
b) The name(s) of the recipient, addressee, or party to whom any copy of the document was sent;
c) The date of each copy of the document, if any, or an estimate of its date;
d) A non-privileged description of the contents of the document;
e) A statement of the basis for the claim of privilege.

## DOCUMENTS

Any and all documents of any nature evidencing the existence of any assets in which Eagan Avenatti, LLP ("EA") claims a legal or beneficial interest, including but not limited to the following:

1. All bank statements for all accounts in the name of EA, or in the name of any business owned by or affiliated with EA, from January 1, 2013 to the present, including copies of all deposits, and all cancelled checks or withdrawals in excess of $1,000.00.  This includes, but is not limited to any IOLTA or client trust accounts opened and/or maintained by EA.

2. All financial statements prepared by EA or on its behalf, from January 1, 2013 to the present.

3. All documents relating to the lease of the property at 520 Newport Center Drive, Suite 1400, Newport Beach, CA 92660, including all lease agreements, amendments thereto, and personal or corporate guaranties.

**EXHIBIT "A" - PAGE 1**

4.  All documents concerning the ownership and management of EA, including all partnership agreements and amendments thereto.

5.  All documents relating to or evidencing all assets owned by EA, including but not limited to, interests in real estate, personal property, intellectual property, accounts receivable, and general intangibles.

6.  All documents relating to or evidencing all current liabilities of EA.

7.  All insurance policies for EA, or any business owned by or affiliated with EA, including any endorsements or riders attached thereto, from January 1, 2013 to the present.

8.  Complete federal and state income tax returns filed for EA for the 2103, 2014, 2015, 2016 and 2017 tax years, including all attachments and K-1 Schedules.

9.  All profit and loss statements prepared for EA for 2013, 2014, 2015, 2016, 2017 and 2018.

10. All balance sheets prepared for EA for 2013, 2014, 2015, 2016, 2017 and 2018.

11. A list of all EA clients from January 1, 2014 to the present.

12. A list of all currently pending lawsuits in which EA represents one or more parties.

13. A list of all currently pending lawsuits in which EA formerly represented one or more parties.

14. Any and all retainer agreements with clients from 2014 to the present.

15. Any and all fee sharing agreements between EA and any third party.

16. Any and all agreements in which EA is entitled to any fees or compensation.

17. Any and all rent or sublease agreements in which EA is entitled to rent payments.

18. Any and all loan agreements between EA and any third party.

**EXHIBIT "A" - PAGE 2**

19. Any and all agreements in which EA is a third-party beneficiary.

20. Any and all financing agreements between EA and any third party.

21. Documents evidencing all payments over $1,000.00 from January 1, 2013 to the present made by EA to Michael Avenatti, or any business or entity which Michael Avenatti owns or controls in whole or in part, including but not limited to Avenatti & Associates, APC.

22. Documents evidencing all payments over $1,000.00 from January 1, 2013 to the present made by EA to Michael Eagan, or any business or entity Michael Eagan owns or controls in whole or in part, including but not limited to the Law Offices of Michael Q. Eagan.

23. All agreements between EA and Avenatti & Associates, APC, including but not limited to loan agreements, financing agreements, fee sharing agreements, employment agreements and any other agreements of any kind.

24. All retainer agreements in which Avenatti & Associates, APC or Michael Avenatti are listed as counsel, including but not limited to agreements with Stephanie Clifford (aka Stormy Daniels) and Kathryn Novak.

25. All documents and communications concerning or relating to the assignment by EA of any claims or rights to attorneys' fees from January 1, 2013 to the present.

26. All documents and communications from January 1, 2013 to the present concerning or relating to claims or rights to attorneys' fees held by EA, or any business owned by EA.

27. All documents concerning or relating to any transfer over $1,000.00 to or from EA from January 1, 2013 to the present.

28. Any and all checks to "Cash" from an EA bank account from January 1, 2013 to the present, and documents which indicate the recipient of the cash payment.

29. Any and all withdrawals from an EA bank account from January 1, 2013 to the present, and documents which indicate the recipient of the withdrawals.

30. All agreements with Gerald Tobin.

31. All documents and communications concerning or relating to Gerald Tobin, including but not limited to e-mails, notes, letters, memoranda and text messages.

32. All agreements with the X-Law Group and/or Filippo Marchino.

33. All documents and communications concerning or relating to the judgment in favor of Jason Frank Law, PLC against EA, including but not limited to e-mails, notes, letters, memoranda and text messages.

34. All correspondence to or from any EA e-mail account to Phil Baker or Baker Keener Nahra LLP concerning a company named Maseco.

35. All agreements with any business owned or controlled, in whole or in part, by Michael Avenatti.

36. EA's QuickBooks account records reflecting all payments made by EA in 2013, 2014, 2015, 2016, 2017 and 2018.

37. EA's payroll records for the years 2013, 2014, 2015, 2016, 2017 and 2018.

Case 8:17-bk-11961-CB    Doc 525    Filed 08/03/18    Entered 08/03/18 12:55:58    Desc
Main Document    Page 15 of 17

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

11766 Wilshire Blvd., Suite 1170, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled **REPORT OF JUDGMENT CREDITOR RE EFFORTS TO MEET AND CONFER RE EAGAN AVENATTI LLP'S MOTION FOR A PROTECTIVE ORDER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On August 3, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **N/A**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on August 3, 2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Federal Express overnight delivery to Chambers of Hon. Catherine Bauer, United States Bankruptcy Court, Santa Ana Division

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 3, 2018 | Sondra Solish | /s/ *Sondra Solish* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Michael Avenatti    mavenatti@eaganavenatti.com, jregnier@eaganavenatti.com
Mikel R Bistrow    mikel.bistrow@dinsmore.com, caron.burke@dinsmore.com
Peter W Bowie    peter.bowie@dinsmore.com, caron.burke@dinsmore.com
Christopher Celentino    chris.celentino@dinsmore.com, caron.burke@dinsmore.com;
    SDCMLFiles@DINSMORE.COM
Sara Chenetz    schenetz@perkinscoie.com, dlax@perkinscoie.com;cmallahi@perkinscoie.com;
    mduncan@perkinscoie.com
Fahim Farivar    ffarivar@foley.com, amcdow@foley.com;khernandez@foley.com
Amir Gamliel    amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com;
    JDerosier@perkinscoie.com
David B Golubchik    dbg@lnbyb.com, dbg@ecf.inforuptcy.com
Michael J Hauser    michael.hauser@usdoj.gov
Mark S Horoupian    mhoroupian@sulmeyerlaw.com, ppenn@sulmeyerlaw.com;mhoroupian@ecf.inforuptcy.com;
    dperez@sulmeyerlaw.com;ppenn@ecf.inforuptcy.com
James KT Hunter    jhunter@pszjlaw.com
Sheri Kanesaka    sheri.kanesaka@fnf.com, Christine.hipp@fnf.com
Isaac Marcushamer
Ashley M McDow    amcdow@foley.com, Khernandez@foley.com;Ffarivar@foley.com
Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
R Gibson Pagter    gibson@ppilawyers.com, ecf@ppilawyers.com;pagterrr51779@notify.bestcase.com
Misty A Perry Isaacson    misty@ppilawyers.com, ecf@ppilawyers.com;perryisaacsonmr51779@notify.bestcase.com
Thomas J Polis    tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com
Robert M Saunders    rsaunders@pszjlaw.com, rsaunders@pszjlaw.com
James R Selth    jim@wsrlaw.net, jselth@yahoo.com;brian@wsrlaw.net;vinnet@ecf.inforuptcy.com
Najah J Shariff    najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov
David H Stein    dstein@wilentz.com
Michael K Symons    mike@symonsmarkwith.com, mike@symonsmarkwith.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov