1 **Sara L.Chenetz - SBN 206936**
**Amir Gamliel - SBN 268121**
2 **PERKINS COIE LLP**
**1888 Century Park East, Suite 1700**
3 **Los Angeles, CA 90067**
**Telephone: (310) 788-9900**
4 **Facsimile: (310) 788-3399**
**Schenetz@perkinscoie.com**
5
**Daniel J. Weintraub - SBN 132111**
6 **James R. Selth - SBN 123420**
**WEINTRAUB & SELTH, APC**
7 **11766 Wilshire Boulevard, Suite 1170**
**Los Angeles, CA 90025**
8 **Telephone: (310) 207-1494**
**Facsimile: (310) 442-0660**
9 **jim@wsrlaw.net**

10 Attorneys for Judgment Creditor,
JASON FRANK LAW, PLC
11

12                    UNITED STATES BANKRUPTCY COURT

13          CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

14

15 In re                              )  Chapter 11
                                      )
16 EAGAN AVENATTI, LLP,               )  Bankruptcy No. 8:17-bk-11961-CB
                                      )
17              Debtor.               )  **NOTICE OF SUBPOENA TO TESTIFY AT**
                                      )  **A DEPOSITION IN A BANKRUPTCY**
18                                    )  **CASE**
                                      )
19                                    )  Date:  September 21, 2018
                                      )  Time:  10:00 a.m.
20                                    )  Place: U.S. Legal Support
                                      )         44 Montgomery St. Ste 550
21 _____)         San Francisco, CA 94104

22

23      **TO THE HONORABLE CATHERINE BAUER, UNITED STATES BANKRUPTCY**

24 **JUDGE, AND TO ALL PARTIES IN INTEREST:**

25      **PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil

26 Procedure 45(a)(4), made applicable in bankruptcy proceedings by

27 Federal Rule of Bankruptcy Procedure 9016, the undersigned counsel

28 of record for Judgment Creditor, Jason Frank Law, PLC, has issued

1 | the attached Subpoena to Testify at a Deposition in a Bankruptcy

2 | Case (or Adversary Proceeding).

3

4 |                              WEINTRAUB & SELTH, APC

5 | Dated: August 23 , 2018        By

6 |                              Daniel J. Weintraub
       James R. Selth
7 |    Attorneys for Judgment Creditor,
       JASON FRANK LAW, PLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

CENTRAL _____ District of  CALIFORNIA _____

In re  EAGAN AVENATTI, LLP
_____
                    Debtor

Case No.  8:17-bk-11961-CB _____

*(Complete if issued in an adversary proceeding)*

Chapter  11 _____

_____
                    Plaintiff
                       v.

Adv. Proc. No. _____

_____
                    Defendant

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  MICHAEL Q. EAGAN
_____
                    *(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE   U.S. Legal Support                                         | DATE AND TIME                    |
|--------------------------------------------------------------------|----------------------------------|
|         44 Montgomery St., Suite 550, San Francisco, CA 94104       | September 21, 2018; 10:00 a.m.   |

The deposition will be recorded by this method:  Stenographic

[X] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
SEE ATTACHMENT - DOCUMENTS TO BE PRODUCED

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  AUG. 23, 2018
_____

        CLERK OF COURT

                                                    OR

_____                _____
*Signature of Clerk or Deputy Clerk*                   *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Jason Frank Law, PLC
_____ , who issues or requests this subpoena, are:
 James R. Selth, Weintraub & Selth, APC, 11766 Wilshire Blvd., Suite 1170, Los Angeles, CA 90025; jim@wsrlaw.net; (310) 207-1494

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

The documents described below are to be produced pursuant to this Subpoena.

Pursuant to Federal Rule of Civil Procedure 45(e)(2)(A), made applicable in bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9016, if you object to the production of any document on the ground of the attorney-client privilege, work product doctrine or any other privilege or doctrine, you are required to prepare and provide a privilege log that identifies each document for which the privilege or doctrine is claimed and which gives the following information:

a) The name(s) of the writes, sender or initiator of each copy of the document;
b) The name(s) of the recipient, addressee, or party to whom any copy of the document was sent;
c) The date of each copy of the document, if any, or an estimate of its date;
d) A non-privileged description of the contents of the document;
e) A statement of the basis for the claim of privilege.

The term "you" refers to you, Michael Q. Eagan, as an individual, and any legal entity you own or control.

The term "EA" refers to Eagan Avenatti, LLP.

## DOCUMENTS

1.   All EA financial statements prepared by EA or on its behalf, that you received from January 1, 2013 to the present, including but not limited to financial statements, profit and loss statements, balance sheets and ledgers.

2.   All EA partnership agreements and amendments thereto.

3.   All documents relating to the termination of you, Michael Q. Eagan, as a partner of EA, including all correspondence and agreements.

4.   All agreements between you and EA.

5.   All agreements between you and Michael Avenatti, or any entity owned or controlled by Michael Avenatti, including but not limited to Avenatti & Associates, APC.

**PAGE 1**

6.   All K-1 Schedules that you received from EA for the 2103, 2014, 2015, 2016 and 2017 tax years.

7.   Any loan or financing agreements entered into by EA or on behalf of EA from January 1, 2013 to the present.

8.   Documents evidencing all payments over $1,000.00 from January 1, 2013 to the present made to you by EA.

9.   Documents evidencing all payments over $1,000.00 from January 1, 2013 to the present made to you by Michael Avenatti, or any entity owned and controlled by Michael Avenatti, including but not limited to Avenatti & Associates, APC.

10.   All loan agreements made by you to EA.

11.   All documents reflecting any contribution of capital to EA by you.

12.   All agreements between EA and Michael Avenatti, or any entity owned and controlled by Michael Avenatti, including but not limited to Avenatti & Associates, APC.  This request includes but is not limited to loan agreements, financing agreements, fee sharing agreements, employment agreements and any other agreements of any kind.

13.   All non-privileged documents and communications concerning or relating to the Independent Contractor Agreement entered into between EA, Jason Frank Law, PLC and Jason Frank dated November 1, 2013 (the "Independent Contractor Agreement").

14.   All non-privileged documents and communications concerning or relating to the payment or failure to pay money that Jason Frank Law, PLC claimed it was owed under the Independent Contractor Agreement from 2013 to the present.

15.   All non-privileged documents and communications concerning or relating to the arbitration initiated by Jason Frank Law, PCL against EA for breach of the Independent Contractor Agreement.

16.   All non-privileged documents and communications concerning EA's decision to file for bankruptcy.

**PAGE  2**

17.   All non-privileged documents and communications concerning or
      relating to the Settlement Agreement and Releases, dated
      December 12, 2017, between you, EA, Michael Avenatti and
      Avenatti & Associates, APC, on the one hand, and Jason Frank
      Law, PCL, Jason Frank, Scott Sims, Andrew Stolper and Frank
      Sims & Stolper LLP, on the other hand.

18.   All complaints or claims filed against you personally
      concerning EA.

19.   All agreements entered into between you and any third party
      which released any claims asserted against you concerning EA.

20.   All agreements entered between you and John C. O'Malley that
      released claims against you.

21.   All indemnification agreements that indemnify you for any
      claims relating to EA.

**PAGE  3**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

11766 Wilshire Blvd., Suite 1170, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled **NOTICE OF SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On August 23, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On August 23, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Eagan Avenatti LLP
520 Newport Center Dr., Suite 1400
Newport Beach, CA 92660

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **N/A**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 23, 2018 | Sondra Solish | /s/ *Sondra Solish* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Michael Avenatti     mavenatti@eaganavenatti.com, jregnier@eaganavenatti.com
Mikel R Bistrow     mikel.bistrow@dinsmore.com, caron.burke@dinsmore.com
Peter W Bowie     peter.bowie@dinsmore.com, caron.burke@dinsmore.com
Jeffrey W Broker     jbroker@brokerlaw.biz
Christopher Celentino     chris.celentino@dinsmore.com, caron.burke@dinsmore.com;
    SDCMLFiles@DINSMORE.COM
Sara Chenetz     schenetz@perkinscoie.com, dlax@perkinscoie.com;cmallahi@perkinscoie.com;
    mduncan@perkinscoie.com
Fahim Farivar     ffarivar@foley.com, amcdow@foley.com;khernandez@foley.com
Amir Gamliel     amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com;
    JDerosier@perkinscoie.com
David B Golubchik     dbg@lnbyb.com, dbg@ecf.inforuptcy.com
Michael J Hauser     michael.hauser@usdoj.gov
Mark S Horoupian     mhoroupian@sulmeyerlaw.com, ppenn@sulmeyerlaw.com;mhoroupian@ecf.inforuptcy.com;
    dperez@sulmeyerlaw.com;ppenn@ecf.inforuptcy.com
James KT Hunter     jhunter@pszjlaw.com
Sheri Kanesaka     sheri.kanesaka@fnf.com, Christine.hipp@fnf.com
Isaac Marcushamer
Ashley M McDow     amcdow@foley.com, Khernandez@foley.com;Ffarivar@foley.com
Malhar S Pagay     mpagay@pszjlaw.com, mpagay@pszjlaw.com
R Gibson Pagter     gibson@ppilawyers.com, ecf@ppilawyers.com;pagterrr51779@notify.bestcase.com
Misty A Perry Isaacson     misty@ppilawyers.com, ecf@ppilawyers.com;perryisaacsonmr51779@notify.bestcase.com
Thomas J Polis     tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
Hamid R Rafatjoo     hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com
Robert M Saunders     rsaunders@pszjlaw.com, rsaunders@pszjlaw.com
James R Selth     jim@wsrlaw.net, jselth@yahoo.com;brian@wsrlaw.net;vinnet@ecf.inforuptcy.com
Najah J Shariff     najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov
David H Stein     dstein@wilentz.com
Michael K Symons     mike@symonsmarkwith.com, mike@symonsmarkwith.com
United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov